Docket No.: 1:18-cv-11336-FDS

COMMONWEALTH OF MASSACHUSETTS
*ex rel.* MYKEL POWELL, COMMONWEALTH
SECOND AMENDMENT, INC. and BRENT
CARLTON; and MYKEL POWELL,

      Plaintiffs,

      v.

BRIAN HOLMES, in his Individual and his
Official Capacity as the Sergeant of the Stoughton
Police Department; JAMES O'CONNOR, in his
Individual and his Official Capacity as Deputy
Chief of the Stoughton Police Department;
DONNA M. McNAMARA, in her Individual and
his Official Capacity as Chief of the Stoughton
Police Department; VILLAGE GUN SHOP, INC.
d/b/a VILLAGE VAULT; and PETER DOWD.

      Defendants

## DEFENDANTS BRIAN HOLMES, JAMES O'CONNOR AND DONNA M. McNAMARA'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Brian Holmes, James O'Connor and Donna M. McNamara ("Defendants") hereby respond to the Plaintiffs' Amended Complaint.

1.    This paragraph of the Plaintiffs' Amended Complaint does not require a response as it is introductory only and contains conclusions of law.

2.    This paragraph of the Plaintiffs' Amended Complaint does not require a response as it is introductory only and contains conclusions of law.

3.    This paragraph of the Plaintiffs' Amended Complaint does not require a response as it is introductory only and contains conclusions of law.

4.      This paragraph of the Plaintiffs' Amended Complaint does not require a response as it contains conclusions of law.

5.      This paragraph of the Plaintiffs' Amended Complaint does not require a response as it contains conclusions of law.

6.      This paragraph of the Plaintiffs' Amended Complaint does not require a response as it contains conclusions of law.

7.      This paragraph of the Plaintiffs' Amended Complaint does not require a response as it contains conclusions of law.

**PARTIES**

8.      The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

9.      The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

10.     The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

11.     The Defendants admit that Brian Holmes is a member of the Stoughton Police Department.  The Defendants deny the remaining allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

12. The Defendants admit that James O'Connor is a member of the Stoughton Police Department. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

13. The Defendants admit the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

14. The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

15. The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

**STATUTORY PROVISIONS GOVERNING THE SEIZURE, STORAGE AND SALE OF FIREARMS**

16. This paragraph of the Plaintiffs' Amended Complaint does not require a response as it contains conclusions of law.

17. This paragraph of the Plaintiffs' Amended Complaint does not require a response as it contains conclusions of law.

18. This paragraph of the Plaintiffs' Amended Complaint does not require a response as it contains conclusions of law.

19. This paragraph of the Plaintiffs' Amended Complaint does not require a response as it contains conclusions of law.

20. This paragraph of the Plaintiffs' Amended Complaint does not require a response as it contains conclusions of law.

21.    The Defendants admit the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

22.    The Defendants admit the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

23.    (a.-d.) The Defendants admit that the Stoughton Police Department suspended the Plaintiff's LTC in light of his arrest and pending charges, Sergeant Holmes went to the Plaintiff's home, provided a letter advising of the suspension, and took custody of the Plaintiff's (a) Smith and Wesson SD9 VE 9 MM pistol, Serial: HFN6346; (b) Bushmaster Rifle, model XM15-ES2, Serial: BFI643914; (c) empty magazines; and (d) bag.

24.    The Defendants admit the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

25.    The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

26.    The Defendants deny the allegations as contained in this paragraph of the Plaintiffs' Amended Complaint.

27.    The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

28.    The Defendants admit that Defendant Holmes referred the Plaintiff to Defendant O'Connor.

29.     The Defendants admit that Defendant O'Connor told the Plaintiff that the firearms had been disposed.  The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

30.     The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

31.     The Defendants state that no response is required to this paragraph of the Plaintiffs' Amended Complaint because the referenced document speaks for itself.

## VILLAGE VAULT'S "CREDIT" ARRANGEMENT

32.     The Defendants deny the allegations as contained in this paragraph of the Plaintiffs' Amended Complaint.

33.     The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

34.     The Defendants deny the allegations as contained in this paragraph of the Plaintiffs' Amended Complaint.

35.     The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

36.     The Defendants deny the allegations as contained in this paragraph of the Plaintiffs' Amended Complaint.

37.     The Defendants admit the allegations as contained in this paragraph of the Plaintiffs' Amended Complaint.

38.     The Defendants state that no response is required to this paragraph of the Plaintiffs' Amended Complaint because the referenced document speaks for itself.

39.     The Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Amended Complaint.

40.     The Defendants admit the allegations as contained in this paragraph of the Plaintiffs' Amended Complaint.

## COUNT I
### 42 U.S.C. §1983
*Mykel Powell -v.- Sergeant Holmes, Deputy Chief [sic] O'Connor & Chief McNamara*

41.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

42.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

43.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

44.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

45.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

46.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

47.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

48.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

### <u>COUNT II</u>
### False Claims Act, M.G.L. c. 12 §§ 5A-5O
### *Mykel Powell, Commonwealth Second Amendment &. Brent Carlton ex rel.*
### *Commonwealth of Massachusetts-v.-Deputy Chief [sic] O'Connor & Chief McNamara*

49.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

50.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

51.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

52.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

53.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

54.     This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

## COUNT III
### Civil Conspiracy
### *Mykel Powell, Commonwealth Second Amendment &. Brent Carlton ex rel.*
### *Commonwealth of Massachusetts-v.-Deputy Chief [sic] O'Connor, Chief McNamara*
### *& Village Vault*

55. This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

56. This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

57. This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

58. (a.-c.) This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

59. This paragraph of the Plaintiff's Amended Complaint does not require a response as it contains conclusions of law.

## COUNT IV
### Civil Conspiracy
### *Mykel Powell-v.-Peter Dowd*

60. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

61. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

62. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

63. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

64. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

65. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

66. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

67. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

68. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

69. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

70. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

71. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

72. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

73. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

74. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

75. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

76. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

77. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

78. The Defendants do not respond to this paragraph of the Plaintiffs' Amended Complaint as the count and paragraph are not directed toward them.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to any relief or judgment in the Plaintiffs' favor, including: (1) compensatory damages; (2) punitive damages; (3) interest, costs and/or attorneys' fees and costs; (4) monetary damages; (5) declaratory judgment; (6) civil penalties and/or any award of treble damages; (7) injunctive relief; or (8) any other type of relief. Rather, the Defendants state that they are each entitled to judgment in their favor against the Plaintiffs. The Defendants therefore request that this Honorable Court dismiss the Plaintiffs' Amended Complaint, with prejudice, and award interest, costs and attorneys' fees for the Defendants and against the Plaintiffs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiffs' Amended Complaint fails to state a cause of action or claim for which relief can be granted.

### Second Affirmative Defense

The Defendants are entitled to qualified immunity, absolute immunity and common law immunity.

### Third Affirmative Defense

The Defendants were privileged in conduct and acts, and, therefore, the Plaintiffs cannot recover.

### Fourth Affirmative Defense

The Defendants were justified in all acts and/or conduct, and, therefore, the Plaintiffs cannot recover.

### Fifth Affirmative Defense

The Defendants' acts and conduct were performed according to and protected by law and/or legal process, and, therefore, the Plaintiffs cannot recover.

### Sixth Affirmative Defense

The Defendants cannot be held liable for punitive damages, attorneys' fees, interest and/or costs.

### Seventh Affirmative Defense

The Plaintiffs cannot recover because of the provisions of M.G.L. c. 258.

### Eighth Affirmative Defense

Any alleged damages were caused by the Plaintiffs' own conduct or by person(s) or an entity over which the Defendants have no responsibility or control.

### Ninth Affirmative Defense

The Plaintiff's arrest and apprehension and any damages were caused by the Plaintiff's own conduct and acts.

### Tenth Affirmative Defense

The Plaintiffs cannot recover because they lack standing.

### Eleventh Affirmative Defense

The Plaintiffs cannot recover because of the provisions of M.G.L. c. 140.

### Twelfth Affirmative Defense

The Plaintiffs cannot recover because of the provisions of M.G.L. c. 12.

### Thirteenth Affirmative Defense

The Plaintiffs cannot recover because they are not proper relators under the False Claims Act.

### Fourteenth Affirmative Defense

The Plaintiffs cannot recover because they have not suffered any damages.

### Fifteenth Affirmative Defense

The Plaintiffs' claims are barred by the statute of limitations.

### Sixteenth Affirmative Defense

The Plaintiffs cannot recover because at all times the Defendants were acting in good faith.

### JURY CLAIM

THE DEFENDANTS CLAIM A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

[*Signatures on the next page*]

Respectfully submitted,
The Defendants,
Brian Holmes, James O'Connor, and Donna A. McNamara,
By their attorneys,

*/s/ Thomas R. Donohue*
Thomas R. Donohue, BBO# 643483
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
tdonohue@bhpklaw.com

DATED: July 22, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

*/s/ Thomas R. Donohue*
Thomas R. Donohue, BBO# 643483

DATED: July 22, 2019