## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **COMMONWEALTH OF** | : | |
| **MASSACHUSETTS EX REL.** | : | |
| **MYKEL POWELL,** | : | |
| **COMMONWEALTH SECOND** | : | |
| **AMENDMENT and MYKEL** | : | |
| **POWELL,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **C.A. No.: 18-11336-FDS** |
| | : | |
| **SGT. BRIAN HOLMES in his** | : | |
| **official capacity as Sergeant of the** | : | |
| **Stoughton Police Department,** | : | |
| **JAMES O'CONNOR in his** | : | |
| **individual and official capacity as** | : | |
| **Deputy Chief of the Stoughton** | : | |
| **Police Department, DONNA M.** | : | |
| **McNAMARA, in her individual** | : | |
| **and official capacity as Chief of** | : | |
| **the Stoughton Police Department,** | : | |
| **VILLAGE GUN SHOP, INC.** | : | |
| **d/b/a VILLAGE VAULT and** | : | |
| **PETER DOWD,** | : | |
| **Defendants.** | : | |

## DEFENDANTS VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT AND PETER DOWD'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Now come defendants Village Gun Ship, Inc. d/b/a Village Vault and Peter Dowd

(collectively "the defendants"), who respond to the plaintiffs' amended complaint as follows:

## I.     AS TO UNTITLED INTRODUCTORY REMARKS

1.      Concerning the prefatory remarks in an unnumbered paragraph preceding paragraph one

of the amended complaint as well as the comments describing generally the plaintiffs' perceived

grievances in paragraph one of the amended complaint, to the extent that the content asserts,

suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content

asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

2.      Regarding the procedural and other machinations described within paragraph two of the amended complaint, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph two of the amended complaint and therefore leave the plaintiffs to prove the same.  To the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

3.      Regarding the procedural and other machinations described within paragraph three of the amended complaint, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph three of the amended complaint and therefore leave the plaintiffs to prove the same.  To the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

## II.      AS TO JURISDICTION AND VENUE

4.      The defendants need not respond to paragraph four of the amended complaint, as that content provides only the claimed jurisdictional predicate for the plaintiffs' action.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

5.      To the extent that paragraph five of the amended complaint provides only a claimed personal jurisdictional predicate for the plaintiffs' action, the defendants need not respond to that legal claim.  While the defendants' relevant activities have occurred within the geographic confines of the Commonwealth of Massachusetts, the allegation in paragraph five that the defendants "acted under the color of laws, policies, customs, and/or practices of the Commonwealth of Massachusetts" is denied.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

6.      The defendants need not respond to the content of paragraph six of the amended complaint, as that content provides only the claimed foundation for venue in this matter. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

7.      The defendants need not respond to the content of paragraph seven of the amended complaint, as that content provides only the claimed foundation for venue in this matter. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

## III.     AS TO PARTIES

8.      The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph eight of the amended complaint and therefore leave the plaintiffs to prove the same.

9.      The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph nine of the amended complaint and therefore leave the plaintiffs to prove the same.

10.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within the first and third sentences of paragraph ten of the amended complaint, as well as so much of the second sentence that alleges Carlton is the president of Comm2A.  As to the assertion in the second sentence of paragraph ten that claims are advanced by Carlton to the extent that Comm2A lacks standing, the defendants deny the existence of standing on the part of either Carlton or Comm2A.

11.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph eleven of the amended complaint and therefore leave the plaintiffs to prove the same.

12.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twelve of the amended complaint and therefore leave the plaintiffs to prove the same.

13.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirteen of the amended complaint and therefore leave the plaintiffs to prove the same.

14.     Admitted.

15.     The defendants admit that Dowd is an individual and that he has been an owner of Village Vault; the defendants deny that Dowd resides in Northborough.

## IV.    AS TO "STATUTORY PROVISIONS GOVERNING THE SEIZURE, STORAGE AND SALE OF FIREARMS"

16.     Paragraph sixteen of the amended complaint purports to state the requirements or

meaning of certain Massachusetts statutory provisions.  To the extent that the plaintiffs'
recitation misstates the relevant law, that content is denied.  Responding further, to the extent
that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the
extent that the content asserts, suggests or implies the existence of any basis for the defendants'
liability to the plaintiffs, that content is denied.

17.     Paragraph seventeen of the amended complaint purports to state the requirements or
meaning of certain Massachusetts statutory provisions.  To the extent that the plaintiffs'
recitation misstates the relevant law, that content is denied.  Responding further, to the extent
that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the
extent that the content asserts, suggests or implies the existence of any basis for the defendants'
liability to the plaintiffs, that content is denied.

18.     Paragraph eighteen of the amended complaint purports to state the requirements or
meaning of certain Massachusetts statutory provisions and interprets a prior judicial opinion
from this Court.  To the extent that the plaintiffs' recitation misstates the relevant law, that
content is denied.  Responding further, to the extent that the content asserts, suggests or
implies wrongdoing of any sort by the defendants, or to the extent that the content asserts,
suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that
content is denied.

19.     Paragraph nineteen of the amended complaint purports to state the requirements or
meaning of a certain Massachusetts statutory provision.  To the extent that the plaintiffs'
quotation is in error or the recitation misstates the relevant law, that content is denied.
Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any

sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

20.     Paragraph twenty of the amended complaint purports to state the requirements or meaning of a certain Massachusetts statutory provision.  To the extent that the plaintiffs' quotation is in error or the recitation misstates the relevant law, that content is denied. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

## V.     AS TO "THE SEIZURE OF PLAINTIFF MYKEL POWELL'S PROPERTY"

21.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-one of the amended complaint and therefore leave the plaintiffs to prove the same.

22.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-two of the amended complaint and therefore leave the plaintiffs to prove the same.

23.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-three, including its subparts, of the amended complaint and therefore leave the plaintiffs to prove the same.

24.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-four of the amended complaint and therefore leave the plaintiffs to prove the same.

25.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-five of the amended complaint and therefore leave the plaintiffs to prove the same.

26.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-six of the amended complaint and therefore leave the plaintiffs to prove the same.

27.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-seven of the amended complaint and therefore leave the plaintiffs to prove the same.  To the extent that the second sentence of paragraph twenty-seven purports to identify the state of Rhode Island law, no response from the defendants is needed and any misstating of the law of Rhode Island is denied.

28.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-eight of the amended complaint and therefore leave the plaintiffs to prove the same.

29.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-nine of the amended complaint and therefore leave the plaintiffs to prove the same.

30.     The defendants admit only that the Stoughton Police Department transferred to it certain items on October 3, 2016 as depicted on the receipt appended to the amended complaint.  The defendants are without sufficient knowledge either to admit or to deny the remaining facts, allegations or content contained within paragraph thirty of the amended complaint and therefore leave the plaintiffs to prove the same.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content

asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

31.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirty-one of the amended complaint and therefore leave the plaintiffs to prove the same.

## VI.     AS TO "VILLAGE VAULT'S 'CREDIT' ARRANGEMENT"

32.     The defendants are without sufficient knowledge either to admit or to deny the assertion in paragraph thirty-two of the amended complaint concerning the year that any interactions with the Stoughton Police Department began.  To the extent that the content of paragraph thirty-two of the amended complaint purports to articulate the state of Massachusetts law, any misinterpretation or misapplication of the relevant legal authorities is denied.  The defendants admit only that, consistent with the law, Village Vault has obtained ownership from the Stoughton Police Department of certain items and that Village Vault has provided a monetary credit to the Stoughton Police Department in consideration for that transfer of ownership and that the details of the transfer and consideration supporting the transfer are identified on a receipt. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

33.     The defendants admit paragraph thirty-three of the amended complaint, while stating that, as to the second sentence, the remitting referenced is not required by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

34.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirty-four of the amended complaint as to the Stoughton Police Department and therefore leave the plaintiffs to prove the same.

35.     Admitted, as this so-called "basic arrangement" is one that is allowed by law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

## VII.    AS TO "VILLAGE VAULT'S ACTIONS HERE"

36.     The defendants admit only that, on October 3, 2016, ownership of twenty-one items were transferred to Village Vault by the Stoughton Police Department in a transaction permitted by law.  The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirty-six of the amended complaint concerning where the items had been stored or any prior owner of any of the items and therefore leave the plaintiffs to prove the same.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

37.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirty-seven of the amended complaint and therefore leave the plaintiffs to prove the same.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

38.     Admitted.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

39.     Admitted.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

40.     Admitted.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

## VIII.  AS TO CAUSES OF ACTION

### A.     As To Count I (42 U.S.C. § 1983)
###        Mykel Powell v. Sergeant Holmes, Deputy Chief O'Connor and Chief
###        McNamara

41.     The defendants need not respond to paragraph forty-one of the amended complaint, as that content is directed solely toward other named defendants and as the paragraph simply recites portions of a constitutional provision as to which no response is required.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

42.     The defendants need not respond to paragraph forty-two of the amended complaint, as that content is directed solely toward other named defendants.  Responding further, to the extent

that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

43.     The defendants need not respond to paragraph forty-three of the amended complaint, as that content is directed solely toward other named defendants.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

44.     The defendants need not respond to paragraph forty-four of the amended complaint, as that content is directed solely toward other named defendants.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

45.     The defendants need not respond to paragraph forty-five of the amended complaint, as that content is directed solely toward other named defendants.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

46.     The defendants need not respond to paragraph forty-six of the amended complaint, as that content is directed solely toward other named defendants.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

47.     The defendants need not respond to paragraph forty-seven of the amended complaint, as that content is directed solely toward other named defendants.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

48.     The defendants need not respond to paragraph forty-eight of the amended complaint, as that content is directed solely toward other named defendants.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

     **B.     As To Count II (False Claims Act, G.L. c. 12, §§ 5A-5O)**
            **Mykel Powell, Commonwealth Second Amendment and Brent Carlton ex. rel. Commonwealth of Massachusetts v. Deputy Chief O'Connor, Chief McNamara and Village Vault**

49.     Denied.  Paragraph forty-nine misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

50.     Denied.  Paragraph fifty misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

51.     Denied that such transfers to Village Vault are in contravention of legal obligations as paragraph fifty-one misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content

asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

52.     Denied that such transfers to Village Vault are in contravention of legal obligations as paragraph fifty-two misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

53.     Denied that Village Vault at any time has acted in contravention of legal obligations given that paragraph fifty-three misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

54.     Denied.

>       **C.      As To Count III (Civil Conspiracy)**
>               **Mykel Powell, Commonwealth Second Amendment and Brent Carlton ex.**
>               **rel. Commonwealth of Massachusetts v. Deputy Chief O'Connor, Chief**
>               **McNamara and Village Vault**

55.     Denied.  The transfer of ownership was in compliance with the law and paragraph fifty-five misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

56.     Denied.  The transfer of ownership was in compliance with the law and paragraph fifty-six misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts,

suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

57.     Denied.  The transfer of ownership was in compliance with the law and paragraph fifty-seven misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

58.     Denied.  The transfer of ownership was in compliance with the law and paragraph fifty-eight misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

59.     Denied.  The transfer of ownership was in compliance with the law and paragraph fifty-nine misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

> **D.     As To Count IV (Civil RICO, 18 U.S.C. § 1964 (c))**
> **Mykel Powell v. Peter Dowd**

60.     As paragraph sixty recites legal assertions deriving from statutory authority or Supreme Court precedent, the defendants need not respond to those legal propositions.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

a.      As To Asserted "Conduct"

61.    Admitted.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

62.    The defendants are without sufficient knowledge either to admit or to deny whether any ownership transfers occurred with the Stoughton Police Department after October 3, 3016.  The defendants deny that any "officers" have received credits; rather, police departments would receive credits.  Otherwise, the content of paragraph sixty-two of the amended complaint is admitted.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

b.      As To Asserted "Enterprise"

63.    Denied as alleged.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

64.    Denied as alleged.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

      c.      As To Asserted "Racketeering Activity"

65.      Denied, as paragraph sixty-five of the amended complaint misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

66.      Denied, as paragraph sixty-six of the amended complaint misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

67.      Denied, as paragraph sixty-seven of the amended complaint misstates the law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

68.      To the extent that paragraph sixty-eight of the amended complaint contains legal assertions, the defendants need not respond to that content.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

      d.      As To Asserted "Pattern"

69.      Denied, as paragraph sixty-nine of the amended complaint misstates the law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

70.     Denied, as paragraph seventy of the amended complaint misstates the law.  Responding

further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the

defendants, or to the extent that the content asserts, suggests or implies the existence of any basis

for the defendants' liability to the plaintiffs, that content is denied.

71.     As to the first sentence of paragraph seventy-one of the amended complaint, the

defendants admit only that a transfer to Village Vault occurred on October 3, 2016.  As to the

second sentence of paragraph seventy-one of the amended complaint, admitted.  The third

sentence of paragraph seventy-one of the amended complaint is denied.  Responding further, to

the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants,

or to the extent that the content asserts, suggests or implies the existence of any basis for the

defendants' liability to the plaintiffs, that content is denied.

72.     As to the first sentence of paragraph seventy-two of the amended complaint, the

defendants are without sufficient knowledge either to admit or to deny the allegations concerning

a year or multiplicity of transactions other than a transaction on October 3, 2016.  The second

sentence of paragraph seventy-two is denied as it misstates the law.  As to the third sentence of

paragraph seventy-two of the amended complaint, the defendants admit only that the general

terms of transfer of ownership have been used as authorized by law, although the defendants are

without sufficient knowledge either to admit or to deny the remaining content of the third

sentence.  The defendants are without sufficient knowledge either to admit or to deny the content

of the fourth and fifth sentences of paragraph seventy-two.  The sixth sentence of paragraph

seventy-two is denied.  Responding further, to the extent that the content asserts, suggests or

implies wrongdoing of any sort by the defendants, or to the extent that the content asserts,

suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that

content is denied.

73.     As to the first sentence of paragraph seventy-three of the amended complaint, the

defendants admit only that Village Vault has received ownership of guns on multiple occasions

as authorized by law and the defendants deny as a misstatement of law the notion that there

existed a legal obligation for a transfer elsewhere.  The second and third sentences of paragraph

seventy-three are admitted, as the practice is authorized by law.  The defendants are without

sufficient knowledge either to admit or to deny the content of the fourth and fifth sentences of

paragraph seventy-three.  The sixth sentence of paragraph seventy-three is denied.  Responding

further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the

defendants, or to the extent that the content asserts, suggests or implies the existence of any basis

for the defendants' liability to the plaintiffs, that content is denied.

74.     Denied.  Responding further, to the extent that the content asserts, suggests or implies

wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or

implies the existence of any basis for the defendants' liability to the plaintiffs, that content is

denied.

75.     Denied.  Responding further, to the extent that the content asserts, suggests or implies

wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or

implies the existence of any basis for the defendants' liability to the plaintiffs, that content is

denied.

76.     Denied.  Responding further, to the extent that the content asserts, suggests or implies

wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or

implies the existence of any basis for the defendants' liability to the plaintiffs, that content is

denied.

e.     As To Asserted "Causation & Damages"

77.   Denied.

78.   Denied.

## IX.   AS TO PRAYERS FOR RELIEF

As to the relief requested in the section entitled "Prayer for Relief" following paragraph seventy-eight of the amended complaint, the defendants deny that the plaintiffs, whether individually or in any form of collective, is or are entitled to any relief whatsoever, including any judgment entered in his/its/their favor, any declaratory judgment entered in his/its/their favor or any other declarative relief, any injunctive relief, any award of compensatory or punitive damages, any multiplication of any damages, any interest award, any costs, any expenses, any attorneys' fees, any interest or any other form of legal or equitable relief whatsoever.

## THE DEFENDANTS' AFFIRMATIVE DEFENSES

First Affirmative Defense

The amended complaint, in each of its claims, fails to state a claim upon which relief may be granted.

Second Affirmative Defense

The defendants are qualifiedly immune from suit and from liability or otherwise were privileged and are immunized in his/its actions and the plaintiffs' claims therefore are barred.

Third Affirmative Defense

The plaintiffs are barred from recovery, particularly as the amended complaint seeks equitable relief, by the doctrine of unclean hands.

Fourth Affirmative Defense

The plaintiffs' claims are barred or precluded by the doctrine of laches.

Fifth Affirmative Defense

The plaintiffs' claims are barred by the jurisdictional doctrines of collateral estoppel, res judicata and preclusion.

Sixth Affirmative Defense

The plaintiffs' claims are barred insofar as the plaintiffs consented to the actions of the defendants and others.

Seventh Affirmative Defense

The defendants' actions, at all times, were justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

Eighth Affirmative Defense

The plaintiffs have failed to commence this action within the appropriate statutes of limitation periods for the various claims.

Ninth Affirmative Defense

At all times, the defendants acted in good faith reliance on constitutional, statutory, judicial or other legal authority.

Tenth Affirmative Defense

The injuries and damage claimed by the plaintiffs were caused, in whole or in part, by the plaintiffs' own negligence, such that any recovery must be reduced in a manner proportional to that degree of negligence.

Eleventh Affirmative Defense

The injuries and damage claimed by the plaintiffs were caused, in whole or in part, by the

plaintiffs' own negligence, and that negligence of the plaintiffs was equal or greater than any

negligence allegedly caused by the defendants such that any recovery for the plaintiffs is barred.

Twelfth Affirmative Defense

The defendants' actions, at all times, were reasonable and undertaken with a good faith

belief that his/its actions were lawful and not in violation of any federal or state constitutional,

statutory or other right.

Thirteenth Affirmative Defense

The injuries and damage claimed by the plaintiffs were caused by the acts of a third party

or the plaintiffs himself or themselves, individually or collectively, which acts the defendants

had no reason to anticipate and as to which person or persons the defendants had no control and

are not responsible for as a matter of law.

Fourteenth Affirmative Defense

The injuries and damages claimed by the plaintiffs were the result of superseding,

supervening and intervening causes unrelated to the conduct of the defendants, and the

defendants therefore are not liable.

Fifteenth Affirmative Defense

The plaintiffs have failed to mitigate any claimed injury or damage, as required by law.

Sixteenth Affirmative Defense

The plaintiffs' recovery is barred pursuant to the provisions of G.L. c. 258, § 10.

Seventeenth Affirmative Defense

The plaintiffs' claimed injuries or damages were caused, in whole or in part, by the

plaintiffs' violation of the various statutes, ordinances, regulations, policies or other legal authority governing the conduct of the parties at the time that said injuries or damages were sustained and the claims therefore are barred.

Eighteenth Affirmative Defense

The plaintiffs were not deprived of any right secured by either the federal or state constitutions, or by the laws and other legal authority of the Commonwealth of Massachusetts or the United States.

Nineteenth Affirmative Defense

The plaintiffs, by his, its or their own conduct or by the conduct of his, its or their agents or servants, has waived or have waived any and all rights he may have had against the defendants.

Twentieth Affirmative Defense

No act or omission of the defendants was an actual, proximate or legal cause of damage allegedly sustained by the plaintiffs.

Twenty-First Affirmative Defense

The defendants are immune from liability pursuant to the so-called "public duty rule" as codified in Massachusetts General Laws c. 258.

Twenty-Second Affirmative Defense

The plaintiffs' claims and theories are precluded by the doctrine of impossibility.

Twenty-Third Affirmative Defense

At the time of the alleged incident, the plaintiff(s) was/were guilty of a violation of the law that caused the incident and the plaintiff's or plaintiffs' claims therefore are barred.

Twenty-Fourth Affirmative Defense

The plaintiffs' claims are false, frivolous and not made in good faith, and the defendants therefore demands his costs and attorneys' fees, including pursuant to Fed.R.Civ.P. 11, G.L. c. 231, § 6F and the inherent authority of this Court.

Twenty-Fifth Affirmative Defense

The plaintiffs' claims fail because the discretionary function exemption precludes liability of the defendants.

Twenty-Sixth Affirmative Defense

The defendants engaged in no conduct directed to or impacting the plaintiff or plaintiffs such that it could be said that the defendants are liable to the plaintiff or plaintiffs under any cognizable theory.

Twenty-Seventh Affirmative Defense

The plaintiffs' claims must be dismissed as the plaintiffs lack the authority to commence or maintain his/its/their claims.

Twenty-Eighth Affirmative Defense

The plaintiffs' claims against the defendants Wilson must fail because they are not based on active unconstitutional or illegal behavior.

Twenty-Ninth Affirmative Defense

The plaintiffs have failed to articulate the deprivation of, or impact upon, a right for which a claim may be sustained pursuant to any cognizable theory.

Thirtieth Affirmative Defense

The defendants state that his/its/their actions and conduct were performed according to and are protected by law and legal process such that the plaintiffs cannot recover.

Thirty-First Affirmative Defense

The defendants state that the plaintiffs' claims must fail since his/its/their actions, at all times, were required for the protection of the public interest, his/its/their actions were reasonably necessary to achieve that purpose and his/its/their actions were not unduly burdensome for the plaintiff.

Thirty-Second Affirmative Defense

The defendants state that the plaintiffs' claims must fail since the plaintiffs were not deprived by his/its/their actions of any constitutionally-protected or other protected interest.

Thirty-Third Affirmative Defense

The plaintiffs' claims must fail because any injuries allegedly sustained by the plaintiffs resulted from dangers the risk of which the plaintiffs assumed.

Thirty-Fourth Affirmative Defense

The plaintiffs have failed to meet the pleading requirements, including pleading particularity as well as factual and legal plausibility, associated with their RICO and other claims.

Thirty-Fifth Affirmative Defense

The defendants were not deliberately indifferent to any right or need of the plaintiffs, and the plaintiffs have failed to plead sufficiently to the contrary.

Thirty-Sixth Affirmative Defense

There was no substantial or serious risk of harm of any degree disregarded by the defendants such that he/it/they could be liable.

Thirty-Seventh Affirmative Defense

The plaintiffs have failed to allege adequately that the defendants' actions, or actions for which the defendants may be responsible, violated any right of the plaintiffs or were improper.

Thirty-Eight Affirmative Defense

The plaintiffs have failed to allege adequately the existence of any damages, such that the plaintiffs' claims fail.

Thirty-Ninth Affirmative Defense

The plaintiffs have failed to allege adequately any facts or assertions to support a claim of conspiracy, including failure to allege the existence of a conspiratorial agreement or improper conduct related and in furtherance thereto.

Fortieth Affirmative Defense

The plaintiff has failed to allege adequately any facts or assertions to support a claim of a False Claims Act violation.

Forty-First Affirmative Defense

The plaintiffs lack standing to pursue this action.

Forty-Second Affirmative Defense

The plaintiffs' claims pursuant to G.L. c. 12 fail as improper, unauthorized and without factual or legal merit, including with respect to the conditions precedent for a False Claims Act theory, the requirements as to appropriate relators and the statutory scheme's subject matter and other limitations.

## **RESERVATION OF RIGHTS**

The defendants hereby reserve the right to advance such other and further affirmative defenses as may be identified during the pendency of this litigation.

**WHEREFORE**, the defendants, individually and in the collective, respectfully request that this Court enter judgment in his, its and their favor as follows:

1.      that the plaintiffs' amended complaint and action be dismissed with prejudice;

2.      that the plaintiffs, or any plaintiff, take nothing by his, its or their amended complaint or his, its or their action;

3.      for such other and further relief as this Court deems appropriate, including the award of costs and reasonable attorneys' fees to the defendants.

The defendants demand a trial by jury on all claims and issues so triable.

THE DEFENDANTS,
By their attorney,

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini
Reardon, Joyce & Akerson, P.C
4 Lancaster Terrace
Worcester, MA 01609
508.754.7285
BBO #:  654690
agambaccini@rja-law.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on August 1, 2019.

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini