UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS *ex rel.* MYKEL POWELL and COMMONWEALTH SECOND AMENDMENT, INC.; and MYKEL POWELL,<br><br>Plaintiffs,<br><br>-against-<br><br>SGT. BRIAN HOLMES, in his Individual and Official Capacity as Sergeant of the Stoughton Police Department; JAMES O'CONNOR, in his Individual and Official Capacity as Deputy Chief of the Stoughton Police Department; DONNA M. McNAMARA, in her Individual and Official Capacity as Chief of the Stoughton Police Department; VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and PETER DOWD,<br><br>Defendants. | CIVIL ACTION NO.<br>1:18-cv-11336-FDS |

**PLAINTIFFS' INTERROGATORIES**
**TO DEFENDANT JAMES O'CONNOR**

To:    Defendant James O'Connor
       c/o Thomas R. Donohue
       Brody, Hardoon, Perkins & Kesten, LLP
       699 Boylston Street, 12th Floor
       Boston, Massachusetts 02116

Plaintiffs submit these Interrogatories to Defendant James O'Connor pursuant to Rule 33 of the Federal Rules of Civil Procedure. Plaintiffs demand responses within thirty (30) days of the date of these Interrogatories.

## DEFINITIONS

The following definitions supplement those set forth in Local Rule 26.5:

1. The term **you** [including without limitation **your**] refers to Defendant James O'Connor.

2. The term **Accessories** [including without limitation **Accessory**] refers to items related to Guns (defined below), such as but not limited to ammunition and ammunition components, magazines, other gun parts, cases, magazines and scopes.

3. The term **Entity** [including without limitation **Entities**] refers to anything recognized as a person or otherwise having standing under the law other than an individual natural person.

4. The term **Gun** [including without limitation **Guns**] refers to any type of rifle, shotgun, handgun or other projectile weapon, and also includes the frame or receiver of same.

5. The term **Individual** [including without limitation **Individuals**] refers to an individual natural person.

6. The term **One-Year Guns** refers to Guns and Accessories that the Police Department (defined below) held under M.G.L. c. 140, § 129D for at least one year.

7. The term **Police Department** refers to the Stoughton Police Department.

8. The term **Relevant Period** refers to the period from June 27, 2012 to the present.

9. The term **Village Vault** refers to Defendant Village Gun Shop, Inc. d/b/a Village Vault.

10. Local Rule 26.5 defines additional terms, including but not limited to **Communication**, **Document**, and **Identify**.

## ADDITIONAL INSTRUCTIONS

Plaintiffs supplement (but do not supplant) the Rules of Civil Procedure and the Local Rules of this Court with the following additional instructions:

1. You must disclose all responsive information that is within your possession, custody or control.

2. You have a continuing obligation to supplement or revise your responses to these Interrogatories in the event: (a) additional information comes within your possession, custody, or control in the future; (b) you learn that additional information exists or is within your possession, custody, or control; or (c) you otherwise learn that your previous responses are in any way incomplete or inaccurate.

3. In the event you assert that a privilege and/or the work product doctrine shields the disclosure of otherwise responsive information, you must comply with Rule 26(b)(5) and LR 33.1(e).

4. These additional instructions are asserted without prejudice to, or waiver of, the Federal Rules of Civil Procedure and the Local Rules of this Court.

## INTERROGATORIES

1. Identify each and every Individual and Entity involved in the Police Department's storage and disposition of Guns and Accessories during the Relevant Period, but excluding items held only as evidence and the Police Department's own service and training weapons and equipment.

2. Identify each and every Gun that the Police Department transferred to Village Vault during the Relevant Period by providing:

    a. identifying information for the Gun, such as but not limited to its make, model, serial number and caliber;

    b. any inventory number;

    c. the reason(s) the Police Department had possession, custody or control of the Gun;

    d. all dates that possession, custody or control of the Gun changed, with a description of the change;

    e. each and every Individual or Entity known to have previously or subsequently had possession, custody or control of the Gun; and

    f. a description of all consideration received in respect of the Gun.

3. Identify each and every Accessory that the Police Department transferred to Village Vault during the Relevant Period by providing:

    a. a description of the Accessory sufficient to distinguish it from other items, such as (for example) "10-round magazine for Smith & Wesson SD9 handgun" or "Nikon Monarch 3x9 scope" or "50 round box of Remington 9mm Luger ammunition";

    b. any inventory number;

    c. identification of any particular Gun or Guns the Accessory related to;

Case 1:18-cv-11336-FDS   Document 39-4   Filed 02/18/20   Page 4 of 6

    d. the reason(s) the Police Department had possession, custody or control of the Accessory;

    e. all dates that possession, custody or control of the Accessory changed, with a description of the change;

    f. any Individual or Entity known to have previously had possession, custody or control of the Accessory; and

    g. a description of all consideration received in respect of the Accessory.

4. Identify each and every Individual and Entity that was involved in providing any consideration in respect of any Gun or Accessory identified in response to Interrogatory nos. 2 and 3 above, including a description of the consideration such Individual or Entity provided, the date(s) it was provided, and its amount or other value.

5. Identify each and every Individual involved in deciding how to use any consideration provided in respect of any Gun or Accessory identified in response to Interrogatory nos. 2 and 3 above.

6. Identify each and every Individual and Entity that has or had possession, custody or control of any records related to any consideration provided in respect of any Gun or Accessory identified in response to Interrogatory nos. 2 and 3 above.

7. State the total amount of consideration that Village Vault made available to the Police Department during the Relevant Period, including but not limited to the amount of "credits" that could be used for purchases and the value of the property, services and other things ultimately obtained.

8. If any part of the "credits" (and any other consideration) identified in response to Interrogatory no. 7 above were not in respect of One-Year Guns, then identify: a) all Guns and Accessories that were not One-Year Guns; and b) all parts of "credits" (and any other consideration) that were not in respect of One-Year Guns.

9. Identify all property, services and other things obtained in exchange for the "credits" (and any other consideration) identified in response to Interrogatory no. 7 above by providing as to each:

    a. a description of it;

    b. the date it was obtained;

    c. each and every Individual and Entity involved in providing it;

    d. its current location and/or the location it was or is to be performed;

    e. each and every Individual and Entity that currently has possession, custody or control of it (if capable of possession, custody or control); and

-4-

      f.  its value.

10. Identify each and every Individual and Entity that the Police Department has transferred any Gun or Accessory to during the Relevant Period other than Defendant Village Vault or the original owner of the Gun or Accessory, but excluding items held only as evidence and the Police Department's own service and training weapons and Equipment.

11. If any part of the discovery responses you previously provided in the *Powell v. Holmes, et al.* action (no. 1:17-cv-10776) is inaccurate or requires further explanation in the context of the present action, then identify each such response and provide the correction or explanation.

12. Identify any other law enforcement agencies that you know or have reason to believe transferred Guns or Accessories to Village Vault during the Relevant Period.

Dated: December 17, 2019

                                  By:  /s/ David D. Jensen
                                        David D. Jensen
                                  DAVID JENSEN PLLC
                                  111 John Street, Suite 420
                                  New York, New York 10038
                                  Tel:  212.380.6615
                                  Fax: 917.591.1318
                                  david@djensenpllc.com

                                  Margarita Smirnova
                                  7 Greenbriar Drive, Unit 109
                                  North Reading, Massachusetts 01864
                                  617.875.8663
                                  margarita.smirnova@gmail.com

-6-

## CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2019, I served the within document [Plaintiffs' Interrogatories to Defendant James O'Connor] by emailing a copy thereof to each of the following:

Thomas R. Donohue
Brody, Hardoon, Perkins & Kesten, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
**tdonohue@bhpklaw.com**

Andrew J. Gambaccini
Reardon, Joyce & Akerson, P.C
4 Lancaster Terrace
Worcester, MA 01609
**agambaccini@rja-law.com**

    /s/ David D. Jensen
David D. Jensen