UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS *ex rel.* MYKEL POWELL and COMMONWEALTH SECOND AMENDMENT, INC.; and MYKEL POWELL,<br><br>Plaintiffs,<br><br>-against-<br><br>SGT. BRIAN HOLMES, in his Individual and Official Capacity as Sergeant of the Stoughton Police Department; JAMES O'CONNOR, in his Individual and Official Capacity as Deputy Chief of the Stoughton Police Department; DONNA M. McNAMARA, in her Individual and Official Capacity as Chief of the Stoughton Police Department; VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and PETER DOWD,<br><br>Defendants. | CIVIL ACTION NO.<br>1:18-cv-11336-FDS |

**PLAINTIFFS' REQUEST FOR PRODUCTION
TO DEFENDANT JAMES O'CONNOR**

To:   Defendant James O'Connor
<u>c/o</u> Thomas R. Donohue
Brody, Hardoon, Perkins & Kesten, LLP
699 Boylston Street, 12th Floor
Boston, Massachusetts 02116

Plaintiffs submit this Request for Production to Defendant James O'Connor pursuant to Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs demand that said Defendant make all documents, electronically stored information and tangible things that are within this Request available for Plaintiffs' inspection and copying within thirty (30) days.

## DEFINITIONS

The following definitions supplement those set forth in Local Rule 26.5:

1. The term **you** [including without limitation **your**] refers to Defendant James O'Connor.

2. The term **Accessories** [including without limitation **Accessory**] refers to items related to Guns (defined below), such as but not limited to ammunition and ammunition components, magazines, other gun parts, cases, magazines and scopes.

3. The term **Entity** [including without limitation **Entities**] refers to anything recognized as a person or otherwise having standing under the law other than an individual natural person.

4. The term **Gun** [including without limitation **Guns**] refers to any type of rifle, shotgun, handgun or other projectile weapon, and also includes the frame or receiver of same.

5. The term **Individual** [including without limitation **Individuals**] refers to an individual natural person.

6. The term **Interrogatories** refers to both Plaintiffs' Interrogatories to Defendant James O'Connor, served herewith, and Plaintiffs' First Interrogatories to Each and Every Defendant, served previously.

7. The term **Relevant Period** refers to the period from June 27, 2012 to the present.

8. The term **Village Vault** refers to Defendant Village Gun Shop, Inc. d/b/a Village Vault.

9. Local Rule 26.5 defines additional terms, including but not limited to **Communication**, **Document** and **Identify**.


## ADDITIONAL INSTRUCTIONS

Plaintiffs supplement (but do not supplant) the Rules of Civil Procedure and the Local Rules of this Court with the following additional instructions:

1. You must produce any information that is within the scope of this request regardless of whether it is in paper form or is stored electronically.

2. You must disclose all responsive information that is within your possession, custody or control.

3. You have a continuing obligation to supplement or revise your responses to these Requests for Production in the event: (a) additional information comes within your possession, custody, or control in the future; (b) you learn that additional information

exists or is within your possession, custody, or control; or (c) you otherwise learn that your previous responses are in any way incomplete or inaccurate.

4. In the event you assert that a privilege and/or the work product doctrine shields the disclosure of otherwise responsive information, you must comply with Rule 26(b)(5) and LR 34.1(e).

5. These additional instructions are asserted without prejudice to, or waiver of, the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUESTS FOR PRODUCTION

1. All Documents and electronically stored information that you identify or otherwise reference in response to any of the Interrogatories.

2. All policies or procedures for taking custody of, holding or transferring Guns or Accessories from any point during the Relevant Period.

3. All policies or procedures related to transacting business with Individuals and Entities outside the Police Department from any point during the Relevant Period, including but not limited to bidding or notice requirements, review or audit requirements, performance standards and conflict of interest policies.

4. All Documents and electronically stored information that concern your entitlement to indemnification, defense or contribution in respect of any judgment that may be entered against you in this action, but excluding responsive information that is within the attorney-client privilege.

5. All Documents and electronically stored information that relate to Plaintiff Mykel Powell, including but not limited to receipts, statements, incident reports, inventory records, call log entries, emails, written correspondence, pictures, notes and reports.

6. All Documents and electronically stored information that relate to Defendant Village Vault, including but not limited to receipts, statements, incident reports, inventory records, call log entries, emails, written correspondence, pictures, notes and reports.

7. All Documents and electronically stored information that relate to Defendant Peter Dowd, including but not limited to receipts, statements, incident reports, inventory records, call log entries, emails, written correspondence, pictures, notes and reports.

8. All Documents and electronically stored information that relate to any consideration ("credit" or otherwise) that Defendants Village Vault and/or Peter Dowd made available to the Stoughton Police Department (including to any associated Individual or Entity) during the Relevant Period, including but not limited to:

    a. receipts indicating the amount of "credit" (or other consideration) that was to be made available;

    b. statements or other tabulations of the balance of "credit" (or other consideration);

    c. receipts, statements and invoices for good, services or other things provided in exchange for "credit" (or other consideration); and

    d. communications and agreements that relate to goods, services or other things provided in exchange for "credit" (or other consideration).

9. Each and every Inventory Tracking Report that concerns Guns or Accessories transferred to Defendants Village Vault and/or Peter Dowd during the Relevant Period, including but not limited to each and every Inventory Tracking Report that contains the terms "Village Vault" or "Dowd" in any entry, as well as each such record that reflects a change in status or storage location.

10. All other Documents and electronically stored information that otherwise contain any details of any Guns or Accessories that the Stoughton Police Department transferred to Defendants Village Vault and/or Peter Dowd during the Relevant Period, such as but not limited to other inventory records and receipts.

Dated: December 17, 2019

                                              By: /s/ David D. Jensen
                                                  David D. Jensen
                                          DAVID JENSEN PLLC
                                          111 John Street, Suite 420
                                          New York, New York 10038
                                          Tel: 212.380.6615
                                          Fax: 917.591.1318
                                          david@djensenpllc.com

                                          Margarita Smirnova
                                          7 Greenbriar Drive, Unit 109
                                          North Reading, Massachusetts 01864
                                          617.875.8663
                                          margarita.smirnova@gmail.com

-5-

## CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2019, I served the within document [Plaintiffs' Request for Production to Defendant James O'Connor] by emailing a copy thereof to each of the following:

>Thomas R. Donohue
>Brody, Hardoon, Perkins & Kesten, LLP
>699 Boylston Street, 12th Floor
>Boston, MA 02116
>**tdonohue@bhpklaw.com**
>
>Andrew J. Gambaccini
>Reardon, Joyce & Akerson, P.C
>4 Lancaster Terrace
>Worcester, MA 01609
>**agambaccini@rja-law.com**

       /s/ David D. Jensen
       David D. Jensen