UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS *ex rel.* MYKEL POWELL and COMMONWEALTH SECOND AMENDMENT, INC.; and MYKEL POWELL,<br><br>Plaintiffs,<br><br>-against-<br><br>SGT. BRIAN HOLMES, in his Individual and Official Capacity as Sergeant of the Stoughton Police Department; JAMES O'CONNOR, in his Individual and Official Capacity as Deputy Chief of the Stoughton Police Department; DONNA M. McNAMARA, in her Individual and Official Capacity as Chief of the Stoughton Police Department; VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and PETER DOWD,<br><br>Defendants. | CIVIL ACTION NO. 1:18-cv-11336-FDS |

**PLAINTIFFS' INTERROGATORIES
TO DEFENDANT BRIAN HOLMES**

To:    Defendant Brian Holmes
       c/o Thomas R. Donohue
       Brody, Hardoon, Perkins & Kesten, LLP
       699 Boylston Street, 12th Floor
       Boston, Massachusetts 02116

Plaintiffs submit these Interrogatories to Defendant Brian Holmes pursuant to Rule 33 of the Federal Rules of Civil Procedure. Plaintiffs demand responses within thirty (30) days of the date of these Interrogatories.

## DEFINITIONS

The following definitions supplement those set forth in Local Rule 26.5:

1. The term **you** [including without limitation **your**] refers to Defendant Brian Holmes.

2. The term **Accessories** [including without limitation **Accessory**] refers to items related to Guns (defined below), such as but not limited to ammunition and ammunition components, magazines, other gun parts, cases, magazines and scopes.

3. The term **Entity** [including without limitation **Entities**] refers to anything recognized as a person or otherwise having standing under the law other than an individual natural person.

4. The term **Gun** [including without limitation **Guns**] refers to any type of rifle, shotgun, handgun or other projectile weapon, and also includes the frame or receiver of same.

5. The term **Individual** [including without limitation **Individuals**] refers to an individual natural person.

6. The term **Police Department** refers to the Stoughton Police Department.

7. The term **Relevant Period** refers to the period from June 27, 2012 to the present.

8. The term **Village Vault** refers to Defendant Village Gun Shop, Inc. d/b/a Village Vault.

9. Local Rule 26.5 defines additional terms, including but not limited to **Communication**, **Document**, and **Identify**.

## ADDITIONAL INSTRUCTIONS

Plaintiffs supplement (but do not supplant) the Rules of Civil Procedure and the Local Rules of this Court with the following additional instructions:

1. You must disclose all responsive information that is within your possession, custody or control.

2. You have a continuing obligation to supplement or revise your responses to these Interrogatories in the event: (a) additional information comes within your possession, custody, or control in the future; (b) you learn that additional information exists or is within your possession, custody, or control; or (c) you otherwise learn that your previous responses are in any way incomplete or inaccurate.

3. In the event you assert that a privilege and/or the work product doctrine shields the disclosure of otherwise responsive information, you must comply with Rule 26(b)(5) and LR 33.1(e).

4. These additional instructions are asserted without prejudice to, or waiver of, the Federal Rules of Civil Procedure and the Local Rules of this Court.

## INTERROGATORIES

1. Identify each and every Individual and Entity involved in the Police Department's storage and disposition of Guns and Accessories during the Relevant Period, but excluding items held only as evidence and the Police Department's own service and training weapons and equipment.

2. Identify each and every Individual involved in deciding how to use any consideration provided in respect of any Gun or Accessory that the Police Department transferred to Defendants Village Vault and/or Peter Dowd.

3. Identify each and every Individual and Entity that the Police Department has transferred any Gun or Accessory to during the Relevant Period other than Defendant Village Vault or the original owner of the Gun or Accessory, but excluding items held only as evidence and the Police Department's own service and training weapons and Equipment.

4. If any part of the discovery responses you previously provided in the *Powell v. Holmes, et al.* action (no. 1:17-cv-10776) is inaccurate or requires further explanation in the context of the present action, then identify each such response and provide the correction or explanation.

5. Identify any other law enforcement agencies that you know or have reason to believe transferred Guns or Accessories to Village Vault during the Relevant Period.

Dated: December 17, 2019

By: /s/ David D. Jensen
 David D. Jensen, Esq.
DAVID JENSEN PLLC
111 John Street, Suite 420
New York, New York 10038
Tel: 212.380.6615
Fax: 917.591.1318
david@djensenpllc.com

Margarita Smirnova
7 Greenbriar Drive, Unit 109
North Reading, Massachusetts 01864
617.875.8663
margarita.smirnova@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2019, I served the within document [Plaintiffs' Interrogatories to Defendant Brian Holmes] by emailing a copy thereof to each of the following:

Thomas R. Donohue
Brody, Hardoon, Perkins & Kesten, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
**tdonohue@bhpklaw.com**

Andrew J. Gambaccini
Reardon, Joyce & Akerson, P.C
4 Lancaster Terrace
Worcester, MA 01609
**agambaccini@rja-law.com**

  /s/ David D. Jensen
David D. Jensen