UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS *ex rel.* MYKEL POWELL, COMMONWEALTH SECOND AMENDMENT, INC. and BRENT CARLTON; and MYKEL POWELL,<br><br>Plaintiffs,<br><br>-against-<br><br>SGT. BRIAN HOLMES, in his Individual and Official Capacity as Sergeant of the Stoughton Police Department; JAMES O'CONNOR, in his Individual and Official Capacity as Deputy Chief of the Stoughton Police Department; DONNA M. McNAMARA, in her Individual and Official Capacity as Chief of the Stoughton Police Department; VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and PETER DOWD,<br><br>Defendants. | CIVIL ACTION NO. 1:18-cv-11336-FDS<br><br>**PLAINTIFFS' MOTION TO COMPEL THE STOUGHTON DEFENDANTS TO PROVIDE COURT-ORDERED DISCOVERY** |

Defendants Brian Holmes, James O'Connor and Donna McNamara (the "Stoughton Defendants") refuse to produce the inventory records that this Court ordered them to produce on March 5, 2020. The Plaintiffs have repeatedly demanded that they comply with the Court's order, but they have refused, making this motion necessary.

**I)      Factual Background**

This case arises out of a Massachusetts law that requires police departments to take custody of people's guns and ammunition under certain circumstances, such as the suspension or revocation of their gun licenses. *See* M.G.L. c. 140, § 129D. Police departments must store this property for the owner's benefit for a period of one year. *See id.* After that, any unclaimed

property "shall be sold at public auction by the colonel of the state police to the highest bidding person . . . and the proceeds shall be remitted to the state treasurer." *Id.*

The Defendants did not do this. Instead, the Stoughton Defendants gave their "one year guns" to the Village Vault Defendants[1] in exchange for dollar-denominated "credits" that they then used to purchase equipment, services and other valuable consideration. The Village Vault Defendants, in turn, sold the guns and kept the remaining proceeds—which were actually the beneficial property of the Commonwealth. Plaintiffs learned of this scheme in the prior related matter *Powell v. Holmes, et al.*, no. 1:17-cv-10776-FDS (D. Mass. filed May 3, 2017).

**II)       Procedural Background**

At the March 5 conference, the Court ordered the Defendants to respond to discovery as follows:

> MR. JENSEN: Well, there are still a couple of categories of records that would go to this, and they are, <u>first of all, the receipts that were issued to the police department in respect of the guns, assuming those still exist, and, secondly, the inventory records from within the police department, which would reflect transfers out to that company</u>.
> THE COURT: So the receipts would be in the normal course, the gun shop would have the receipts, and the inventory records would be the police department records?
> MR. JENSEN: Well, presumably, the police department would also have copies of the receipts since they received them.
> THE COURT: All right. Mr. Donohue.
> MR. DONOHUE: I think for some limited time frame, it may make sense. I can look and see what the police department has for receipts from Village Vault.
> THE COURT: All right. <u>I'm going to expand my order to include then any receipts or inventory records that reflect the transfer to or from the Village Vault or Village Gun Shop, Inc., whether it's in the custody of Mr. Dowd or the gun shop or the police department, and we'll limit it to that.</u>
> <u>And, of course, it has to have been specifically requested.</u> In other words, I'm not trying to trump a discovery request, but whatever the time frame or other

---

[1] The "Village Vault Defendants" are Village Gun Shop, Inc. and Peter Dowd.

limitation is and that's it, so to that extent, I will grant the motion to amend the schedule, and it's otherwise denied.

Ex. 1 at 6:23-7:23 (emphasis added).

### III)   The Stoughton Defendants Refuse to Provide the Inventory Records

Following the Court's order to a T, the Plaintiffs sent the Defendants a letter the next day that demanded production of the receipts and inventory records and quoted the discovery requests that sought these items. Ex. 2.

Counsel for the Stoughton Defendants responded two days later that "[his] understanding of the Court's order is that (to the extent previously requested) my clients are only to produce copies of receipts from Village Vault." Plaintiffs' counsel immediately responded that the Court had also ordered the production of inventory records. Ex. 3. In a series of emails exchanged between March 8, 2020 and March 30, 2020, the Stoughton Defendants refused to produce the inventory records, insisting that by producing the receipts they still had on file, they "ha[d] produced documents pursuant to the Court's order." (They also claimed that they could ignore a deposition notice issued to Defendant James O'Connor on the ground that he provided a deposition in a previous case.) On March 30, 2020, the Plaintiffs advised the Stoughton Defendants that they would raise the matter with the Court. On April 3, 2020 all parties agreed that further conferencing the ongoing discovery disputes by telephone would not add to the emails already exchanged. The Stoughton Defendants advised that they would seek a protective order (although they have not).[2]

---

[2] For their part, the Village Vault Defendants contend that they have destroyed all of their records.

### IV) Compliance with LR 37.1

The Plaintiffs tried diligently to persuade the Defendants to provide the discovery that the Court had ordered without the necessity of filing this motion. The Plaintiffs raised the issue with the Stoughton Defendants in emails sent on: March 9, 2020; March 13, 2020; March 30, 2020; and April 1, 2020. On March 30, 2020, the Stoughton Defendants (who were then threatening a protective order) asked whether the Plaintiffs wished to "discuss this further or do[es] the [email] correspondences suffice for a LR 7.1 [*sic*] conference?" On April 3, 2020, the Plaintiffs advised all Defendants that "we don't think it would serve much of a purpose to have a telephone conference."

### V) The Court Should Order the Stoughton Defendants to Comply with its March 5, 2020 Ruling and Award Fees and Costs to the Plaintiffs

There is simply no excuse for the Stoughton Defendants' failure to comply with the Court's March 5 Order. *See* Fed. R. Civ. P. 37(d)(2) (a failure to provide discovery responses "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)"). The Court's order was not complicated—to produce receipts from Village Vault and the Defendants' own records. Moreover, the relevance of these items is clear, given the importance of reconstructing the property that was diverted from the Commonwealth. (This is particularly the case in light of the Village Vault Defendants' destruction of their records.) Because the Plaintiffs have been forced to bring this motion in order to obtain discovery, the Court should also order the Stoughton Defendants to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also Day v. Gracy*, no. 1:18-cv-10396-FDS, Doc. No. 100 at *4 (D. Mass. Aug. 8, 2019) (where "defendants failed to timely respond to

plaintiff's written discovery requests, necessitating a motion to compel . . . [the movant] is permitted to recover 'reasonable expenses' related to that motion").

Dated: April 9, 2020

        Respectfully submitted,

        THE PLAINTIFFS,
        By their attorneys,


        /s/ David D. Jensen
        David D. Jensen
        David Jensen PLLC
        111 John Street, Suite 420
        New York, New York 10038
        Tel:  212.380.6615
        Fax:  917.591.1318
        david@djensenpllc.com

        Margarita Smirnova, Esq.
        BBO No. 680429
        7 Greenbriar Drive, Unit 109
        North Reading, Massachusetts 01864
        Telephone: (617) 875-8663
        margarita.smirnova@gmail.com


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 9, 2020.

        /s/ David D. Jensen
        David D. Jensen