UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:18-cv-11336-FDS

COMMONWEALTH OF MASSACHUSETTS *ex rel.* MYKEL POWELL, COMMONWEALTH SECOND AMENDMENT, INC. and BRENT CARLTON; and MYKEL POWELL,

    Plaintiffs,

v.

BRIAN HOLMES, in his Individual and his Official Capacity as the Sergeant of the Stoughton Police Department; JAMES O'CONNOR, in his Individual and his Official Capacity as Deputy Chief of the Stoughton Police Department; DONNA M. McNAMARA, in her Individual and his Official Capacity as Chief of the Stoughton Police Department; VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and PETER DOWD.[1]

    Defendants

## STOUGHTON DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Brian Holmes, James O'Connor and Donna M. McNamara ("Stoughton Defendants") respectfully request that this Honorable Court deny the Plaintiffs' motion to compel [Document 46]. Throughout, the Stoughton Defendants have acted reasonably and complied with the Court's order. In addition, the Plaintiffs' motion makes incorrect factual assertions.

---

[1] As previously reported by the Stoughton Defendants, Brian Holmes is the deputy chief, while James O'Connor is a sergeant.

In support of their opposition, the Stoughton Defendants state as follows:

1. At a hearing on March 5, 2020, the Court issued an oral order limiting discovery sought by the Plaintiffs due to their failure to follow the Court's previous discovery order. **Exhibit 1 – Transcript of Status Conference.**

2. Without a transcript of the hearing, the Stoughton Defendants' position that they only had to produce receipts from Village Vault was reasonable because the Court initially ordered that it would "permit the late discovery requests that ask for the acquisition and disposition of the log book of Village Vault, and I'm going to leave it at that." Exhibit 1, p. 5.

3. After it was made clear that Village Vault is not in the possession of such records, the Plaintiffs' attorney later asked for copies of Village Vault receipts. Exhibit 1, pp. 6-7.

4. Counsel for the Stoughton Defendants responded that he would try to obtain such receipts. Exhibit 1, p. 7.

5. The exact colloquy is as follows:

    MR. JENSEN: Well, presumably, the police department would also have copies of the receipts since they received them.

    THE COURT: All right. Mr. Donohue.

    MR. DONOHUE: I think for some limited time frame, it may make sense. I can look and see what the police department has for receipts from Village Vault.

    Exhibit 1, p. 7.

6. The following day, March 6, 2020, the Plaintiffs sent the Stoughton Defendants a letter that clearly exceeded the scope of the Court's order. **Exhibit 2, Correspondence from David Jensen dated March 6, 2020; Exhibit 1.**

7. Counsel for the Stoughton Defendants responded, "My understanding of the Court's order is that (to the extent previously requested) my clients are only to produce copies of receipts from Village Vault." **Exhibit 3, Email correspondence dated March 8, 2020**. At this point, the Stoughton Defendants did not have the benefit of the transcript of the Court's order.

8. The parties could not agree on the scope of the Court's discovery order.

9. The Stoughton Defendants wanted to make sure that they followed the Court's order so they ordered the transcript of the conference. **Exhibit 4 – Email correspondence dated March 16, 2020.**

10. The Stoughton Defendants ordered the transcript on March 16, 2020. **Exhibit 4.**

11. On March 17, 2020, the Stoughton Defendants again informed the Plaintiffs that their discovery letter was beyond the scope of the Court's order of March 5, 2020. **Exhibit 5, Email correspondence dated March 17, 2020.**

12. The Plaintiffs were informed, "In compliance with that order, the Defendants will disclose receipts from Village Vault in the possession of the police department. While our office remains closed, we hope to make such disclosures this week." **Exhibit 5.**

13. The Stoughton Defendants understood the Court's order to pertain to Village Vault's "inventory records."

14. On March 19, 2020, the Stoughton Defendants provided the Plaintiffs with 213 pages of receipts and other materials pertaining to Village Vault. These documents were Bates stamped POWELL 000214 – POWELL 000280 and disclosed via email. **Exhibit 6, Email correspondence dated March 19, 2020.**

15. On April 8, 2020, the transcript of the hearing ordered by the Stoughton Defendants was made available and filed with the Court. Document 44.

16. On April 9, 2020, the Plaintiffs filed their motion to compel without further discussion.

17. In their motion, the Plaintiffs did not inform the Court that the Stoughton Defendants had previously produced receipts and other documents regarding Village Vault.

18. The transcript of the hearing reads that the Court expanded its "order to include then any receipts or inventory records that reflect the transfer to or from the Village Vault or Village Gun Shop, Inc., whether it's in the custody of Mr. Dowd or the gun shop or the police department, and we'll limit it to that." **Exhibit 1, p. 7.**

19. On April 21, 2020, the Stoughton Defendants supplemented their previous production of documents with 239 pages of Inventory Tracking Reports, Bates stamped as POWELL 000281 – POWELL 000519.

20. As a result, the Plaintiffs' motion should be denied as moot, and the Plaintiffs' request for fees should be denied based on the reasonable interpretation of the Court's order and initial production of documents on March 19, 2020.

21. After the Stoughton Defendants ordered and reviewed the transcript, they produced additional materials.

**Incorrect Assertions in the Plaintiffs' Motion to Compel**

22. In their motion, the Plaintiffs assert, "([the Stoughton Defendants] also claimed that they could ignore a deposition notice issued to Defendant James O'Connor on

the ground that he provided a deposition in a previous case.) On March 30, 2020, the Plaintiffs advised the Stoughton Defendants that they would raise the matter with the Court. On April 3, 2020 all parties agreed that further conferencing the ongoing discovery disputes by telephone would not add to the emails already exchanged. The Stoughton Defendants advised that they would seek a protective order (although they have not)." Plaintiffs' motion, Document 46, p. 3.

23. These assertions by the Plaintiffs are disingenuous.

24. First, the Stoughton Defendants never claimed that they "could ignore a deposition notice."

25. In reality, the Stoughton Defendants wrote that they would file a motion seeking a protective order as to the Plaintiffs' attempt to depose Sergeant O'Connor for a second time. **Exhibit 7, Email correspondence dated March 30, 2020.**

26. Second, the Plaintiffs' motion incorrectly suggests that the Stoughton Defendants stated that they would seek a protective order based on the "ongoing discovery disputes," which includes the scope of the Court's March 5th discovery order.

27. In fact, the issue of seeking a protective order pertained to the Plaintiffs' notice seeking a second deposition of Sergeant O'Connor, and not the scope of the Court's discovery order of March 5, 2020. **Exhibit 7**. Sergeant O'Connor's motion seeking protection from a second deposition on all of the same issues is forthcoming. Sergeant O'Connor is still being sued for the same claims as in the initial complaint, among other reasons.

28. The Plaintiffs leave the false impression that the Stoughton Defendants "threatened" to file a motion seeking a protective order regarding the scope of

        document disclosures or that the question regarding a conference pertained to the Rule 34 discovery issues.

29.    The Plaintiffs assert "On March 30, 2020, the Stoughton Defendants (who were then threatening a protective order) asked whether the Plaintiffs wished to "discuss this further or do[es] the [email] correspondences suffice for a LR 7.1 [*sic*] conference?" Plaintiffs' motion, Document 46, p. 3.

30.    Any reading of the Stoughton Defendants' email clearly shows that the motion for a protective order and conference were in the context of O'Connor's second deposition. **Exhibit 7.**

**Plaintiffs' Demand for Materials Exceeding the Scope of the Court's Discovery Order**

31.    By their March 6, 2020 letter and continuing, the Plaintiffs have insisted that the Stoughton Defendants produce materials beyond the scope of the Court's discovery order of March 5. **Exhibits 2 and 5.**

32.    As it pertains to the Stoughton Defendants, the Plaintiffs' letter demands the following:

> 8. *All Documents and electronically stored information that relate to any consideration ("credit" or otherwise) that Defendants Village Vault and/or Peter Dowd made available to the Stoughton Police Department (including to any associated Individual or Entity) during the Relevant Period, including but not limited to:*
>
>     a. *receipts indicating the amount of "credit" (or other consideration) that was to be made available;*
>     b. *statements or other tabulations of the balance of "credit" (or other consideration);*
>     c. *receipts, statements and invoices for good, services or other things provided in exchange for "credit" (or other consideration); and*
>     d. *communications and agreements that relate to goods, services or other things provided in exchange for "credit" (or other consideration).*

> 9. *Each and every Inventory Tracking Report that concerns Guns or Accessories transferred to Defendants Village Vault and/or Peter Dowd during the Relevant Period, including but not limited to each and every Inventory Tracking Report that contains the terms "Village Vault" or "Dowd" in any entry, as well as each such record that reflects a change in status or storage location.*
>
> 10. *All other Documents and electronically stored information that otherwise contain any details of any Guns or Accessories that the Stoughton Police Department transferred to Defendants Village Vault and/or Peter Dowd during the Relevant Period, such as but not limited to other inventory records and receipts.*

**Exhibit 2.**

33. The Plaintiffs are clearly demanding materials beyond the scope of the Court's order that "include[s] then any receipts or inventory records that reflect the transfer to or from the Village Vault or Village Gun Shop, Inc., whether it's in the custody of Mr. Dowd or the gun shop or the police department, and we'll limit it to that." **Exhibit 1, p. 7.**

34. In comparing the Plaintiffs' March 6, 2020 demand with the Court's March 5, 2020 order, it is obvious that the Plaintiffs' requests are beyond the bounds of the Court's Order. **Exhibits 1 and 2.**

35. First, while the Court allowed for receipts that reflect the transfer to or from Village Vault, the Plaintiffs additionally requested "all statements or other tabulations of the balance of "credit" (or other consideration)" and "communications and agreements that relate to goods, services or other things provided in exchange for "credit" (or other consideration)."

36. Second, while the Court allowed for inventory records that reflect the transfer to or from Village Vault, the Plaintiffs additionally demand "each and every Inventory Tracking Report that contains the terms "Village Vault" or "Dowd" in

7

any entry, *as well as each such record that reflects a change in status or storage location*." **Exhibits 1 and 2.** (emphasis added)

37. Finally, while the Court's order specified only receipts and inventory records, the Plaintiffs demand "[a]ll other Documents and electronically stored information that otherwise contain any details of any Guns or Accessories that the Stoughton Police Department transferred to Defendants Village Vault and/or Peter Dowd during the Relevant Period, *such as but not limited to other inventory records and receipts*." **Exhibits 1 and 2.** (emphasis added)

## CONCLUSION

WHEREFORE, the Stoughton Defendants respectfully request that this Honorable Court deny the Plaintiffs' motion to compel because the Stoughton Defendants have acted in accordance with the Court's motion.

>
> Respectfully submitted,
> The Defendants,
> Brian Holmes, James O'Connor and Donna M. McNamara,
> By their attorneys,
>
> /s/ *Thomas R. Donohue*
> Leonard H. Kesten, BBO# 542042
> Thomas R. Donohue, BBO# 643483
> BRODY, HARDOON, PERKINS & KESTEN, LLP
> 699 Boylston Street, 12th Floor
> Boston, MA 02116
> (617) 880-7100
> lkesten@bhpklaw.com
> tdonohue@bhpklaw.com

DATED: April 23, 2020

**CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

                                                          /s/ *Thomas R. Donohue*
                                                 Thomas R. Donohue, BBO# 643483

DATED: April 23, 2020