UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH *ex rel.* POWELL, *et. al.*, | )<br>)<br>) CIVIL ACTION NO. |
| Plaintiffs, | ) 1:18-cv-11336-FDS |
| -against- | )<br>)<br>) **DECLARATION OF** |
| HOLMES, *et al.*, | ) **DAVID D. JENSEN, ESQ.** |
| Defendants. | )<br>) |

I, David D. Jensen, declare as follows:

1. I am counsel for Plaintiffs in the above-captioned matter. I submit this declaration to authenticate various documents and procedural cited in Plaintiffs' motion to extend the pleading amendment date (Doc. No. 63). I am over 18 years of age and am competent to testify on my own behalf.

2. The Plaintiff-Relators first learned of the gun diversion scheme at issue in this case when they took the deposition of James O'Connor in the prior matter *Powell v. Holmes, et al.*, no. 1:17-cv-10776-FDS (D. Mass. filed May 3, 2017).

3. After learning of the arrangement, the Plaintiff-Relators took a deposition from a representative of Village Gun Shop, Inc. d/b/a Village Vault. In that deposition, the Plaintiff-Relators sought to learn more about the diversion, but were also very concerned about not asking questions that would alert the Village Vault Defendants to the claim we had become aware of. Our concern was that these defendants would destroy records if they became aware of our intentions. This meant that we did not ask questions that were not directly relevant to the issues

in the prior case. Thus, we only learned of one other police department that had been involved (Springfield).

4. Exhibit 1 to the referenced motion is a copy of a page from Village Vault's acquisition and disposition log book. It was provided at the referenced Village Vault deposition.

5. Exhibit 2 to the referenced motion is a list of Village Vault's police department references, which was included in the Springfield Police Department's response to a subpoena we served in March 2020.

6. Exhibit 3 consists of four separate pages that list police department customers of Village Vault. The first page came from the Southbridge Police Department and was received on April 14, 2020. The second page came from the Brockton Police Department and was received on April 16, 2020. The third and fourth pages both came from the Chicopee Police Department and were received on June 10, 2020.

7. The Plaintiff-Relators served subpoenas duces taceum on 28 police departments between April 7, 2020 and April 9, 2020. We learned of 14 of these police departments from the Springfield Police Department's subpoena response, and we learned of an additional 14 police departments by searching for references in articles posted on the internet.

8. Although the April subpoenas required responses by April 13, 2020, many police departments did not respond until much later. Many responded only after counsel for the Plaintiff-Relators threatened contempt of court proceedings. Some departments did not provide responses for, literally, over two months.

9. One specific example is the Chicopee Police Department. After being served in early April, their counsel contacted me on April 14, 2020 and requested an extension to April 27, 2020. We agreed to the extension request, but they did not respond as agreed. On May 15, 2020,

we contacted their attorney to enquire about the town's response and were told that Covid-19 had delayed things more than anticipated. On May 20, 2020, their counsel promised a response "next week." We never received it. On June 8, 2020, I again contacted their attorney to demand a response. Finally, on June 10, 2020, their attorney provided responsive records. Notably, those records indicated that the City of Chicopee had liability under the False Claims Act. We amended our draft amended complaint to include Chicopee <u>that same day</u> and mailed it to all of the new defendants just before 5:00 p.m. <u>that same day</u>, June 10, 2020 (the date falling 14 days before the prior deadline for amended pleadings, June 24, 2020).

10. Another specific example is North Andover, Massachusetts. After they received the subpoena, the North Andover Town Counsel contacted me and stated (on April 14, 2020) that "due to the coronavirus pandemic all of the North Andover municipal offices are closed and therefore the town is unable to respond to your subpoena." We responded, immediately, by telling them that we understood it might take more time than usual, but that we did need to receive their response. When they still failed to respond, we began calling, and on May 19, 2020 we sent the Town Counsel a letter stating, among other things:

> If we do not receive Chief Gray's response within the next week, we will have no choice but to file a motion for contempt. We would prefer not to have to do this. Please advise.

Finally, on May 21, 2020, the Town responded.

11. Aside from these specific examples, there were multiple other police departments that responded to the subpoenas very late. Other police departments claimed to not have received the subpoenas, or that the subpoenas were illegible. (We have copies, and they are legible.) Notwithstanding our efforts, we did not receive the final response to the April subpoenas until over two months later, on June 15, 2020, and we were only able to obtain this because of following up over and over again.

12. We served 56 additional subpoenas duces tacuem on police departments at the beginning of June 2020. These subpoenas were based on the information we had obtained in response to the April subpoenas, including (most notably) some of the documents attached to the motion as Exhibit 3. (The last two pages, from Chicopee, were not produced until June 10, 2020, after we had sent out the new subpoenas.) The subpoenas required responses by June 19, 2020.

13. As of today's date, we have received responses from 51 of these 56 police departments, and we are actively pursuing the remaining five police departments so that we will be able to obtain their responses without (hopefully) having to file contempt motions with the Court.

14. It should be noted that no extension of the pleading amendment deadline would have been needed if the police departments had responded to the subpoenas on time.

> I affirm all of the foregoing statements under the penalty of perjury under the laws of the United States of America.

Dated: June 9, 2020

         /s/ David D. Jensen
David D. Jensen, Esq.


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2020.

         /s/ David D. Jensen
David D. Jensen, Esq.