## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **COMMONWEALTH OF** | : | |
| **MASSACHUSETTS EX REL. MYKEL** | : | |
| **POWELL; COMMONWEALTH** | : | |
| **SECOND AMENDMENT and MYKEL** | : | |
| **POWELL,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **C.A. No.: 18-11336-FDS** |
| **SGT. BRIAN HOLMES, in his individual** | : | |
| **and official capacity as Deputy Chief of** | : | |
| **the Stoughton Police Department;** | : | |
| **JAMES O'CONNOR, in his individual** | : | |
| **and official capacity as sergeant of the** | : | |
| **Stoughton Police Department; DONNA** | : | |
| **M. McNAMARA, in her individual and** | : | |
| **official capacity as Chief of the Stoughton** | : | |
| **Police Department; VILLAGE GUN** | : | |
| **SHOP, INC. d/b/a VILLAGE VAULT;** | : | |
| **PETER DOWD; CITY OF** | : | |
| **SPRINGFIELD; TOWN OF** | : | |
| **PLYMOUTH; TOWN OF** | : | |
| **WINCHESTER; CITY OF CHICOPEE;** | : | |
| **TOWN OF DEDHAM; CITY OF** | : | |
| **MEDFORD; TOWN OF READING;** | : | |
| **TOWN OF WAKEFIELD; TOWN OF** | : | |
| **WILMINGTON; TOWN OF** | : | |
| **ANDOVER; TOWN OF** | : | |
| **FOXBOROUGH; CITY OF GARDNER;** | : | |
| **TOWN OF HUDSON and TOWN OF** | : | |
| **SAUGUS,** | : | |
| **Defendants.** | : | |
| _____ | : | |

## DEFENDANTS VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT AND PETER DOWD'S ANSWER TO THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES <u>AND JURY DEMAND</u>

Now come defendants Village Gun Ship, Inc. d/b/a Village Vault and Peter Dowd

(collectively "the defendants"), who respond to the plaintiffs' third amended complaint as

follows:

## I.      AS TO UNTITLED INTRODUCTORY REMARKS

1.      Concerning the prefatory remarks in an unnumbered paragraph preceding paragraph one

of the third amended complaint as well as the comments describing generally the plaintiffs'

perceived grievances in paragraph one of the third amended complaint, the defendants deny that

they acted improperly or in violation of any federal or state constitutional or statutory provisions;

rather, the defendants' actions at all times were authorized by applicable law.  Responding

further, to the extent that the content otherwise asserts, suggests or implies wrongdoing of any

sort by the defendants, or to the extent that the content asserts, suggests or implies the existence

of any basis for the defendants' liability to the plaintiffs, that content is denied.

2.      Regarding the procedural and other machinations described within paragraph two of the

third amended complaint, the defendants are without sufficient knowledge either to admit or to

deny the facts, allegations or content contained within paragraph two of the third amended

complaint and therefore leave the plaintiffs to prove the same.  To the extent that the content

asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the

content asserts, suggests or implies the existence of any basis for the defendants' liability to the

plaintiffs, that content is denied.

3.      Regarding the procedural and other machinations described within paragraph three of the

third amended complaint, the defendants are without sufficient knowledge either to admit or to

deny the facts, allegations or content contained within paragraph three of the third amended

complaint and therefore leave the plaintiffs to prove the same.  To the extent that the content

asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the

content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

## II.  AS TO JURISDICTION AND VENUE

4.      The defendants need not respond to paragraph four of the third amended complaint, as that content provides only the claimed jurisdictional predicate for the plaintiffs' action. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

5.      To the extent that paragraph five of the third amended complaint provides only a claimed personal jurisdictional predicate for the plaintiffs' action, the defendants need not respond to that legal claim other than to admit that the defendants' relevant activities occurred within the geographic confines of Massachusetts.  Responding further, the defendants' activities, at all times, have been in conformity with federal and state law and any claim to the contrary is denied. Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

6.      The defendants need not respond to the content of paragraph six of the third amended complaint, as that content provides only the claimed foundation for venue in this matter. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

7.      The defendants need not respond to the content of paragraph seven of the third amended complaint, as that content provides only the claimed foundation for venue in this matter.

Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any

sort by the defendants, or to the extent that the content asserts, suggests or implies the existence

of any basis for the defendants' liability to the plaintiffs, that content is denied.

## III.   AS TO PARTIES

8.      The defendants are without sufficient knowledge either to admit or to deny the facts,

allegations or content contained within paragraph eight of the third amended complaint and

therefore leave the plaintiffs to prove the same.

9.      The defendants are without sufficient knowledge either to admit or to deny the facts,

allegations or content contained within paragraph nine of the third amended complaint and

therefore leave the plaintiffs to prove the same.

10.     The defendants are without sufficient knowledge either to admit or to deny the facts,

allegations or content contained within the first and third sentences of paragraph ten of the third

amended complaint, as well as so much of the second sentence that alleges Carlton is the

president of Comm2A.  As to the assertion in the second sentence of paragraph ten that claims

are advanced by Carlton to the extent that Comm2A lacks standing, the defendants deny the

existence of standing on the part of either Carlton or Comm2A.

11.     The defendants need not respond to paragraph eleven of the third amended complaint, as

the content of that paragraph is directed solely toward another named defendant.  To the extent

that a response is required, the defendants are without sufficient knowledge either to admit or to

deny the facts, allegations or content contained within paragraph eleven of the third amended

complaint and therefore leave the plaintiffs to prove the same.

12.     The defendants need not respond to paragraph twelve of the third amended complaint, as

the content of that paragraph is directed solely toward another named defendant.  To the extent

that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twelve of the third amended complaint and therefore leave the plaintiffs to prove the same.

13.     The defendants need not respond to paragraph thirteen of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant.  To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirteen of the third amended complaint and therefore leave the plaintiffs to prove the same.

14.     Admitted.

15.     The defendants admit that Dowd is an individual and that he has been an owner of Village Vault; the defendants deny that Dowd resides in Northborough.

16.     The defendants need not respond to paragraph sixteen of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant.  To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph sixteen of the third amended complaint and therefore leave the plaintiffs to prove the same.

17.     The defendants need not respond to paragraph seventeen of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant.  To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph seventeen of the third amended complaint and therefore leave the plaintiffs to prove the same.

18.     The defendants need not respond to paragraph eighteen of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant.  To the

extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph eighteen of the third amended complaint and therefore leave the plaintiffs to prove the same.

19.     The defendants need not respond to paragraph nineteen of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant.  To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph nineteen of the third amended complaint and therefore leave the plaintiffs to prove the same.

20.     The defendants need not respond to paragraph twenty of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant.  To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty of the third amended complaint and therefore leave the plaintiffs to prove the same.

21.     The defendants need not respond to paragraph twenty-one of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant. To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-one of the third amended complaint and therefore leave the plaintiffs to prove the same.

22.     The defendants need not respond to paragraph twenty-two of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant. To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-two of the third amended complaint and therefore leave the plaintiffs to prove the same.

23.     The defendants need not respond to paragraph twenty-three of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant. To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-three of the third amended complaint and therefore leave the plaintiffs to prove the same.

24.     The defendants need not respond to paragraph twenty-four of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant. To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-four of the third amended complaint and therefore leave the plaintiffs to prove the same.

25.     The defendants need not respond to paragraph twenty-five of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant. To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-five of the third amended complaint and therefore leave the plaintiffs to prove the same.

26.     The defendants need not respond to paragraph twenty-six of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant. To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-six of the third amended complaint and therefore leave the plaintiffs to prove the same.

27.     The defendants need not respond to paragraph twenty-seven of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant. To the extent that a response is required, the defendants are without sufficient knowledge either

to admit or to deny the facts, allegations or content contained within paragraph twenty-seven of the third amended complaint and therefore leave the plaintiffs to prove the same.

28.     The defendants need not respond to paragraph twenty-eight of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant. To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-eight of the third amended complaint and therefore leave the plaintiffs to prove the same.

29.     The defendants need not respond to paragraph twenty-nine of the third amended complaint, as the content of that paragraph is directed solely toward another named defendant. To the extent that a response is required, the defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph twenty-nine of the third amended complaint and therefore leave the plaintiffs to prove the same.

## IV.     AS TO "STATUTORY PROVISIONS GOVERNING THE SEIZURE, STORAGE AND SALE OF FIREARMS"

30.     Paragraph thirty of the third amended complaint purports to state the requirements or meaning of certain Massachusetts statutory provisions, which speak for themselves.  To the extent that the plaintiffs' recitation misstates the relevant law, that content is denied.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

31.     Paragraph thirty-one of the third amended complaint purports to state the requirements or meaning of certain Massachusetts statutory provisions, which speak for themselves.  To the extent that the plaintiffs' recitation misstates the relevant law, that content is denied.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the

defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

32.     Paragraph thirty-two of the third amended complaint purports to state the requirements or meaning of certain Massachusetts statutory provisions and interprets a prior judicial opinion from this Court, all of which speak for themselves.  To the extent that the plaintiffs' recitation misstates the relevant law, that content is denied.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

33.     Paragraph thirty-three of the third amended complaint purports to state the requirements or meaning of a certain Massachusetts statutory provision, which speaks for itself.  To the extent that the plaintiffs' quotation is in error or the recitation misstates the relevant law, that content is denied.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

34.     Paragraph thirty-four of the third amended complaint purports to state the requirements or meaning of a certain Massachusetts statutory provision, which speaks for itself.  To the extent that the plaintiffs' quotation is in error or the recitation misstates the relevant law, that content is denied.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

## V.       AS TO "THE SEIZURE OF PLAINTIFF MYKEL POWELL'S PROPERTY"

35.       The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirty-five of the third amended complaint and therefore leave the plaintiffs to prove the same.

36.       The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirty-six of the third amended complaint and therefore leave the plaintiffs to prove the same.

37.       The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirty-seven, including its subparts, of the third amended complaint and therefore leave the plaintiffs to prove the same.

38.       The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirty-eight of the third amended complaint and therefore leave the plaintiffs to prove the same.

39.       The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph thirty-nine of the third amended complaint and therefore leave the plaintiffs to prove the same.

40.       The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph forty of the third amended complaint and therefore leave the plaintiffs to prove the same.

41.       The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph forty-one of the third amended complaint and therefore leave the plaintiffs to prove the same.  To the extent that the second and third sentences of paragraph forty-one purports to explain the state of the law in Rhode Island, no response from

the defendants is needed and any misstating of the law of Rhode Island is denied.

42.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph forty-two of the third amended complaint and therefore leave the plaintiffs to prove the same.

43.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph forty-three of the third amended complaint and therefore leave the plaintiffs to prove the same.

44.     The defendants admit only that the Stoughton Police Department transferred ownership of certain items on October 3, 2016 as depicted on a receipt appended to a previous iteration of the plaintiffs' complaint.  The defendants are without sufficient knowledge either to admit or to deny the remaining facts, allegations or content contained within paragraph forty-four of the third amended complaint and therefore leave the plaintiffs to prove the same.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

45.     The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within paragraph forty-five of the third amended complaint and therefore leave the plaintiffs to prove the same.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

## VI.    AS TO "VILLAGE VAULT'S 'CREDIT' ARRANGEMENT"

46.     The defendants admit only that, in a practice entirely consistent with the law, Village

Vault, among other business activities, would take ownership of pieces of property from various police departments and would provide those departments either with a monetary credit to be used by the department in the future or otherwise would provide payment to the department for the value of the property.  The defendants also admit that a receipt would be issued listing identifying information for the property received and the compensation paid.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

47.     The defendants admit the content of paragraph forty-seven of the third amended complaint, while further stating that, concerning the content of the second sentence, the remittance of proceeds to the State Treasurer is not required by law in the transactions which involved Village Vault.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

48.     The defendants admit the first sentence of paragraph forty-eight of the third amended complaint and are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within the second sentence of paragraph forty-eight and therefore leave the plaintiffs to prove the same.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

49.     Admitted, as this so-called "basic arrangement" is one that is allowed by law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

## VII.    AS TO "VILLAGE VAULT'S ACTIONS HERE"

### As To Stoughton Police Department

50.     The first sentence of paragraph fifty of the third amended complaint is based upon written documentation that speaks for itself.  To the extent that the content of paragraph fifty is inconsistent with that documentation, the content is denied.  The second sentence of paragraph fifty is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

51.     The content of paragraph fifty-one of the third amended complaint is based upon written documentation that speaks for itself.  To the extent that the content of paragraph fifty-one is inconsistent with that documentation, the content is denied.  Responding further, the defendants state that the transaction referenced in paragraph fifty-one of the third amended complaint was one authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

52.     The first sentence of paragraph fifty-two of the third amended complaint is based upon written documentation that speaks for itself.  To the extent that the content of paragraph fifty-two

is inconsistent with that documentation, the content is denied.  The second sentence of paragraph fifty-two is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

53.     The content of paragraph fifty-three of the third amended complaint is based upon written documentation that speaks for itself.  To the extent that the content of paragraph fifty-three is inconsistent with that documentation, the content is denied.  Responding further, the defendants state that the transaction referenced in paragraph fifty-three of the third amended complaint was one authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

54.     The defendants admit only that, as to the first sentence of paragraph fifty-four of the third amended complaint, on October 3, 2016, ownership of twenty-one items were transferred to Village Vault by the Stoughton Police Department in a transaction permitted by law.  The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within the second sentence of paragraph fifty-four of the third amended complaint and therefore leave the plaintiffs to prove the same.  The third sentence of paragraph fifty-four of the third amended complaint is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content

asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

55.     Admitted.  Responding further, the defendants state that the transaction referenced in paragraph fifty-five of the third amended complaint was one authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

56.     Admitted.  Responding further, the defendants state that the transaction referenced in paragraph fifty-six of the third amended complaint was one authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

57.     The defendants admit that the rifle was transferred back to the Stoughton Police Department at some point, but are without sufficient information to admit or to deny the timeframes involved in its transfers to and from Village Vault.  The defendants are without sufficient knowledge either to admit or to deny the facts, allegations or content contained within the second sentence of paragraph fifty-seven of the third amended complaint and therefore leave the plaintiffs to prove the same.

58.     The defendants admit only that some of Stoughton's legally-authorized credit was used for purchases and, when Village Vault ceased its operations, existing credits were satisfied by check payments.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or

implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

### As To Springfield Police Department

59.     The content of paragraph fifty-nine of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  As to the third sentence's implication and assertion, the arrangement between Village Vault and the City of Springfield was one authorized by law and the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

60.     The content of the first and third sentences of paragraph sixty of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph sixty is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

61.     The content of paragraph sixty-one of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  As to the third sentence's implication and assertion, the arrangement between Village Vault and the City of Springfield was one authorized by law and the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the

content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

62.     The content of the first and third sentences of paragraph sixty-two of the third amended complaint is based upon written documentation, which speaks for itself. Any content inconsistent with that documentation is denied. The second sentence of paragraph sixty-two is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Plymouth Police Department**

63.     The content of paragraph sixty-three of the third amended complaint is based upon written documentation, which speaks for itself. Any content inconsistent with that documentation is denied. As to the paragraph's implication and assertion, the arrangement between Village Vault and the Town of Plymouth was one authorized by law and the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

64.     The content of the first sentence of paragraph sixty-four of the third amended complaint is based upon written documentation, which speaks for itself. Any content inconsistent with that documentation is denied. The second sentence of paragraph sixty-four is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further,

to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

65.     The content of the first sentence of paragraph sixty-five of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph sixty-five is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

66.     The content of paragraph sixty-six of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the transaction referenced in paragraph sixty-six of the third amended complaint was one authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Winchester Police Department**

67.     The content of the first sentence of paragraph sixty-seven of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph sixty-seven is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the

defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

68.     The content of paragraph sixty-eight of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Winchester Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

69.     The content of the first sentence of paragraph sixty-nine of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph sixty-nine is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

70.     The content of paragraph seventy of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Winchester Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Chicopee Police Department**

71.     The content of the first sentence of paragraph seventy-one of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph seventy-one is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

72.     The content of paragraph seventy-two of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Chicopee Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

73.     The content of paragraph seventy-three of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Chicopee Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Dedham Police Department**

74.     The content of the first sentence of paragraph seventy-four of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph seventy-four is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

75.     The content of paragraph seventy-five of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Dedham Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

76.     The content of the first sentence of paragraph seventy-six of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph seventy-six is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Medford Police Department**

77.     The content of the first sentence of paragraph seventy-seven of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph seventy-seven is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

78.     The content of paragraph seventy-eight of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Medford Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Reading Police Department**

79.     The content of the first sentence of paragraph seventy-nine of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph seventy-nine is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

80.     The content of paragraph eighty of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Reading Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

### As To Wakefield Police Department

81.     The content of the first sentence of paragraph eighty-one of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph eighty-one is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

82.     The content of paragraph eighty-two of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Wakefield Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

83.     The content of the first sentence of paragraph eighty-three of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph eighty-three is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

84.     The content of paragraph eighty-four of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Wakefield Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

85.     The content of the first sentence of paragraph eighty-five of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph eighty-five is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

86.     The content of paragraph eighty-six of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is

denied.  Responding further, the defendants state that the arrangement with the Wakefield Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

87.     The content of the first sentence of paragraph eighty-seven of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph eighty-seven is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

88.     The content of paragraph eighty-eight of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Wakefield Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Wilmington Police Department**

89.     The content of the first sentence of paragraph eighty-nine of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph eighty-nine is denied, as the

defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

90.     The content of paragraph ninety of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Wilmington Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

91.     The content of the first sentence of paragraph ninety-one of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph ninety-one is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

92.     The content of paragraph ninety-two of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Wilmington Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the

extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

93.     The content of the first sentence of paragraph ninety-three of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph ninety-three is denied, as the defendants' actions and activities were consistent with the applicable law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Andover Police Department**

94.     The content of the first sentence of paragraph ninety-four of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph ninety-four is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

95.     The content of paragraph ninety-five of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Andover Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent

that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

96.     The content of the first sentence of paragraph ninety-six of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph ninety-six is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

97.     The content of the first sentence of paragraph ninety-seven of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph ninety-seven is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

98.     The content of paragraph ninety-eight of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Andover Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Foxborough Police Department**

99.     The content of the first sentence of paragraph ninety-nine of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph ninety-nine is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

100.     The content of paragraph 100 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Foxborough Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

101.     The content of the first sentence of paragraph 101 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph 101 is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, the defendants state that the arrangement with the Foxborough Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or

implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Gardner Police Department**

102.    The content of the first sentence of paragraph 102 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph 102 is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

103.    The content of paragraph 103 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Gardner Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Hudson Police Department**

104.    The content of the first sentence of paragraph 104 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph 104 is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the

extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

105.    The content of paragraph 105 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Hudson Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

106.    The content of the first sentence of paragraph 106 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph 106 is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

107.    The content of paragraph 107 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Hudson Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

108.    The content of the first sentence of paragraph 108 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph 108 is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

109.    The content of paragraph 109 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Hudson Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**As To Saugus Police Department**

110.    The content of the first sentence of paragraph 110 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The second sentence of paragraph 110 is denied, as the defendants' actions and activities were consistent with the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

111.    The content of paragraph 111 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Saugus Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

112.    The content of paragraph 112 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  Responding further, the defendants state that the arrangement with the Saugus Police Department was authorized by law.  Responding still further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

## VIII.   AS TO CAUSES OF ACTION

### A.    As To Count I (42 U.S.C. § 1983) Mykel Powell v. Sergeant Holmes, Deputy Chief O'Connor and Chief McNamara

113.    The defendants need not respond to paragraph 113 of the third amended complaint, as that content is directed solely toward other named defendants and as the paragraph simply recites portions of a constitutional provision as to which no response is required.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

114.    Denied, including because paragraph 114 of the third amended complaint is a misstatement of the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

115.    The defendants need not respond to paragraph 115 of the third amended complaint, as that content is directed solely toward other named defendants.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

116.    The defendants need not respond to paragraph 116 of the third amended complaint, as that content is directed solely toward other named defendants.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

117.    Denied, including because all of the defendants' transactions were authorized by law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

118.    The defendants need not respond to paragraph 118 of the third amended complaint, as that content is directed solely toward other named defendants and otherwise purports to articulate the state of the law on a particular topic.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the

34

content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

119.    The defendants need not respond to paragraph 119 of the third amended complaint, as that content is directed solely toward other named defendants and otherwise purports to articulate the state of the law on a particular topic.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

120.    The defendants need not respond to paragraph 120 of the third amended complaint, as that content is directed solely toward other named defendants. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

**B.     As To Count II (False Claims Act, G.L. c. 12, §§ 5A-5O) Commonwealth of Massachusetts ex rel. Mykel Powell, Commonwealth Second Amendment and Brent Carlton v. Deputy Chief O'Connor, Chief McNamara, Village Vault, City of Springfield, Town of Plymouth, Town of Winchester, City of Chicopee, Town of Dedham, City of Medford, Town of Reading, Town of Wakefield, Town of Wilmington, Town of Andover, Town of Foxborough, City of Gardner, Town of Hudson and Town of Saugus**

121.    Denied.  Paragraph 121 misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

122.    Denied.  Paragraph 122 misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent

that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

123.    Denied that such transfers to Village Vault are in contravention of legal obligations as paragraph 123 and the plaintiffs' associated claims misstate the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

124.    Denied that such transfers to Village Vault are in contravention of legal obligations as paragraph 124 and the plaintiffs' associated claims misstate the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

125.    Denied that Village Vault at any time has acted in contravention of legal obligations given that paragraph 125 and the plaintiffs' associated claims misstate the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

126.    Denied.

      **C.**      **As To Count III (Civil Conspiracy) Commonwealth of Massachusetts ex. rel. Mykel Powell, Commonwealth Second Amendment and Brent Carlton v. Deputy Chief O'Connor, Chief McNamara and Village Vault**

127.    Denied.  The transfer of ownership was in compliance with the law and paragraph 127 misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or

implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

128.    Denied.  The transfer of ownership was in compliance with the law and paragraph 128 misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts,  suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

129.    Denied.  The transfer of ownership was in compliance with the law and paragraph 129 misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

130.    Denied.  The transfer of ownership was in compliance with the law and paragraph 130 misstates the law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

131.    Denied.  The transfer of ownership was in compliance with the law and paragraph 131 misstates the law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

### D.   As To Count IV (Civil RICO, 18 U.S.C. § 1964 (c)) Mykel Powell v. Peter Dowd

132.   As paragraph 132 recites legal assertions deriving from statutory authority or Supreme Court precedent, the defendants need not respond to those legal propositions.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

### a.   As To Asserted "Conduct"

133.   Admitted to the extent that Paragraph 133 alleges that Dowd was associated with Village Vault as an owner; as to tense, Village Vault no longer operates its business.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

134.   Admitted to the extent that Paragraph 134 alleges that Dowd was involved in the management and operation of Village Vault; as to tense, Village Vault no longer operates its business.  The defendants deny that any "officers" have received credits; rather, police departments would receive credits as permitted by law.  Otherwise, the content of paragraph 134 of the third amended complaint is admitted, as the transactions referenced were and are permitted by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

### b.   As To Asserted "Enterprise"

135.   Denied as alleged.  Responding further, to the extent that the content asserts, suggests or

implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

136.    Denied as alleged.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

      **c.**      **As To Asserted "Racketeering Activity"**

137.    Denied, including because paragraph 137 of the third amended complaint misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

138.    Denied, including because paragraph 138 of the third amended complaint misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

139.    Denied, including because paragraph 139 of the third amended complaint misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

140.    To the extent that paragraph 140 of the third amended complaint simply contains legal assertions, the defendants need not respond to that content.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent

that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

> **d.   As To Asserted "Pattern"**

141.   Denied, including because paragraph 141 of the third amended complaint misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

142.   Denied, including because paragraph 142 of the third amended complaint misstates the law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

143.   The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 143 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 143 is denied.  The transaction with the Stoughton Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

144.   The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 144 of the third amended complaint is based upon written documentation, which speaks for itself.  Any

content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 144 is denied.  The transaction with the Andover Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

145.     The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 145 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 145 is denied.  The transaction with the Hudson Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

146.     The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 146 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 146 is denied.  The transaction with the Hudson Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

147.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 147 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 147 is denied.  The transaction with the Wakefield Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

148.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 148 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 148 is denied.  The transaction with the Hudson Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

149.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 149 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 149 is denied.  The transaction with the Chicopee Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies

wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

150.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 150 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 150 is denied.  The transaction with the Gardner Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

151.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 151 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 151 is denied.  The transaction with the Stoughton Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

152.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 152 of the third amended complaint is based upon written documentation, which speaks for itself.  Any

content inconsistent with that documentation is denied. The third substantive sentence of paragraph 152 is denied. The transaction with the Wilmington Police Department was authorized by law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

153.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct." The content of the first and second substantive sentences of paragraph 153 of the third amended complaint is based upon written documentation, which speaks for itself. Any content inconsistent with that documentation is denied. The third substantive sentence of paragraph 153 is denied. The transaction with the Wilmington Police Department was authorized by law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

154.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct." The content of the first and second substantive sentences of paragraph 154 of the third amended complaint is based upon written documentation, which speaks for itself. Any content inconsistent with that documentation is denied. The third substantive sentence of paragraph 154 is denied. The transaction with the Wakefield Police Department was authorized by law. Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or

implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

155.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 155 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 155 is denied.  The transaction with the Foxborough Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

156.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 156 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 156 is denied.  The transaction with the Dedham Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

157.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 157 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of

paragraph 157 is denied.  The transaction with the Reading Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

158.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 158 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 158 is denied.  The transaction with the Saugus Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

159.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 159 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 159 is denied.  The transaction with the Andover Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

160.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 160 of

the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 160 is denied.  The transaction with the Stoughton Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

161.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 161 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 161 is denied.  The transaction with the Wakefield Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

162.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 162 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 162 is denied.  The transaction with the Plymouth Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or

implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

163.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 163 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 163 is denied.  The transaction with the Winchester Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

164.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 164 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 164 is denied.  The transaction with the Winchester Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

165.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 165 of the third amended complaint is based upon written documentation, which speaks for itself.  Any

content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 165 is denied.  The transaction with the Plymouth Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

166.     The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 166 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 166 is denied.  The transaction with the Medford Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

167.     The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 167 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 167 is denied.  The transaction with the Wakefield Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or

implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

168.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 168 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 168 is denied.  The transaction with the Springfield Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

169.    The defendants deny the description of their activities or actions as constituting a "[p]redicate [a]ct."  The content of the first and second substantive sentences of paragraph 169 of the third amended complaint is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied.  The third substantive sentence of paragraph 169 is denied.  The transaction with the Springfield Police Department was authorized by law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

170.    The defendants deny the description of their activities or actions as constituting "[p]redicate [a]cts."  As to the first substantive sentence of paragraph 170 of the third amended complaint, the defendants admit only that Village Vault has received ownership of guns on

multiple occasions as authorized by law and the defendants deny as a misstatement of law the notion that there existed a legal obligation for a transfer elsewhere.  The second and third substantive sentences of paragraph 170 are admitted, as the practice is authorized by law.  The defendants are without sufficient knowledge either to admit or to deny the content of the fourth and fifth substantive sentences of paragraph 170.  The sixth substantive sentence of paragraph seventy-three is denied, including because the activities or actions of the defendants were authorized by the applicable law.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

171.    Denied.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

172.    Denied.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

173.    Denied.  Responding further, to the extent that the content asserts, suggests or implies wrongdoing of any sort by the defendants, or to the extent that the content asserts, suggests or implies the existence of any basis for the defendants' liability to the plaintiffs, that content is denied.

### e.     As To Asserted "Causation & Damages"

174.   Denied.

175.   Denied.

## IX.   AS TO PRAYERS FOR RELIEF

As to the relief requested in the section entitled "Prayer for Relief" following paragraph 175 of the third amended complaint, the defendants deny that the plaintiffs, whether individually or in any form of collective, is or are entitled to any relief whatsoever, including any judgment entered in his/its/their favor, any declaratory judgment entered in his/its/their favor or any other declarative relief, any injunctive relief, any award of compensatory or punitive damages, any civil penalty or statutory award, any multiplication of any damages, any interest award, any costs, any expenses, any attorneys' fees, any interest or any other form of legal or equitable relief whatsoever.

## THE DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

The third amended complaint, in each of its claims, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The defendants are qualifiedly immune from suit and from liability or otherwise were privileged and are immunized in his/its actions and the plaintiffs' claims therefore are barred.

### Third Affirmative Defense

The plaintiffs are barred from recovery, particularly as the third amended complaint seeks equitable relief, by the doctrine of unclean hands.

**Fourth Affirmative Defense**

The plaintiffs' claims are barred or precluded by the doctrine of laches.

**Fifth Affirmative Defense**

The plaintiffs' claims are barred by the jurisdictional doctrines of collateral estoppel, res judicata and preclusion.

**Sixth Affirmative Defense**

The plaintiffs' claims are barred insofar as the plaintiffs consented to the actions of the defendants and others.

**Seventh Affirmative Defense**

The defendants' actions, at all times, were justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

**Eighth Affirmative Defense**

The plaintiffs have failed to commence this action within the appropriate statutes of limitation periods for the various claims.

**Ninth Affirmative Defense**

At all times, the defendants acted in good faith reliance on constitutional, statutory, judicial or other legal authority.

**Tenth Affirmative Defense**

The injuries and damage claimed by the plaintiffs were caused, in whole or in part, by the plaintiffs' own negligence, such that any recovery must be reduced in a manner proportional to that degree of negligence.

**Eleventh Affirmative Defense**

The injuries and damage claimed by the plaintiffs were caused, in whole or in part, by the plaintiffs' own negligence, and that negligence of the plaintiffs was equal or greater than any negligence allegedly caused by the defendants such that any recovery for the plaintiffs is barred.

**Twelfth Affirmative Defense**

The defendants' actions, at all times, were reasonable and undertaken with a good faith belief that his/its actions were lawful and not in violation of any federal or state constitutional, statutory or other right.

**Thirteenth Affirmative Defense**

The injuries and damage claimed by the plaintiffs were caused by the acts of a third party or the plaintiffs himself or themselves, individually or collectively, which acts the defendants had no reason to anticipate and as to which person or persons the defendants had no control and are not responsible for as a matter of law.

**Fourteenth Affirmative Defense**

The injuries and damages claimed by the plaintiffs were the result of superseding, supervening and intervening causes unrelated to the conduct of the defendants, and the defendants therefore are not liable.

**Fifteenth Affirmative Defense**

The plaintiffs have failed to mitigate any claimed injury or damage, as required by law.

**Sixteenth Affirmative Defense**

The plaintiffs' recovery is barred pursuant to the provisions of G.L. c. 258, § 10.

**Seventeenth Affirmative Defense**

The plaintiffs' claimed injuries or damages were caused, in whole or in part, by the

54

plaintiffs' violation of the various statutes, ordinances, regulations, policies or other legal authority governing the conduct of the parties at the time that said injuries or damages were sustained and the claims therefore are barred.

**Eighteenth Affirmative Defense**

The plaintiffs were not deprived of any right secured by either the federal or state constitutions, or by the laws and other legal authority of the Commonwealth of Massachusetts or the United States.

**Nineteenth Affirmative Defense**

The plaintiffs, by his, its or their own conduct or by the conduct of his, its or their agents or servants, has waived or have waived any and all rights he may have had against the defendants.

**Twentieth Affirmative Defense**

No act or omission of the defendants was an actual, proximate or legal cause of damage allegedly sustained by the plaintiffs.

**Twenty-First Affirmative Defense**

The defendants are immune from liability pursuant to the so-called "public duty rule" as codified in Massachusetts General Laws c. 258.

**Twenty-Second Affirmative Defense**

The plaintiffs' claims and theories are precluded by the doctrine of impossibility.

**Twenty-Third Affirmative Defense**

At the time of the alleged incident, the plaintiff(s) was/were guilty of a violation of the law that caused the incident and the plaintiff's or plaintiffs' claims therefore are barred.

**Twenty-Fourth Affirmative Defense**

The plaintiffs' claims are false, frivolous and not made in good faith, and the defendants therefore demands his costs and attorneys' fees, including pursuant to Fed.R.Civ.P. 11, G.L. c. 231, § 6F and the inherent authority of this Court.

**Twenty-Fifth Affirmative Defense**

The plaintiffs' claims fail because the discretionary function exemption precludes liability of the defendants.

**Twenty-Sixth Affirmative Defense**

The defendants engaged in no conduct directed to or impacting the plaintiff or plaintiffs such that it could be said that the defendants are liable to the plaintiff or plaintiffs under any cognizable theory.

**Twenty-Seventh Affirmative Defense**

The plaintiffs' claims must be dismissed as the plaintiffs lack the authority to commence or maintain his/its/their claims.

**Twenty-Eighth Affirmative Defense**

The plaintiffs' claims against the defendants must fail because they are not based on active unconstitutional or illegal behavior.

**Twenty-Ninth Affirmative Defense**

The plaintiffs have failed to articulate the deprivation of, or impact upon, a right for which a claim may be sustained pursuant to any cognizable theory.

**Thirtieth Affirmative Defense**

The defendants state that his/its/their actions and conduct were performed according to, and are protected by, law and legal process such that the plaintiffs cannot recover.

**Thirty-First Affirmative Defense**

The defendants state that the plaintiffs' claims must fail since his/its/their actions, at all times, were required for the protection of the public interest, his/its/their actions were reasonably necessary to achieve that purpose and his/its/their actions were not unduly burdensome for the plaintiff.

**Thirty-Second Affirmative Defense**

The defendants state that the plaintiffs' claims must fail since the plaintiffs were not deprived by his/its/their actions of any constitutionally-protected or other protected interest.

**Thirty-Third Affirmative Defense**

The plaintiffs' claims must fail because any injuries allegedly sustained by the plaintiffs resulted from dangers the risk of which the plaintiffs assumed.

**Thirty-Fourth Affirmative Defense**

The plaintiffs have failed to meet the pleading requirements, including pleading particularity as well as factual and legal plausibility, associated with their RICO and other claims.

**Thirty-Fifth Affirmative Defense**

The defendants were not deliberately indifferent to any right or need of the plaintiffs, and the plaintiffs have failed to plead sufficiently to the contrary.

**Thirty-Sixth Affirmative Defense**

There was no substantial or serious risk of harm of any degree disregarded by the defendants such that he/it/they could be liable.

**Thirty-Seventh Affirmative Defense**

The plaintiffs have failed to allege adequately that the defendants' actions, or actions for which the defendants may be responsible, violated any right of the plaintiffs or were improper.

**Thirty-Eighth Affirmative Defense**

The plaintiffs have failed to allege adequately the existence of any damages, such that the plaintiffs' claims fail.

**Thirty-Ninth Affirmative Defense**

The plaintiffs have failed to allege adequately any facts or assertions to support a claim of conspiracy, including failure to allege the existence of a conspiratorial agreement or improper conduct related and in furtherance thereto.

**Fortieth Affirmative Defense**

The plaintiff has failed to allege adequately any facts or assertions to support a claim of a False Claims Act violation.

**Forty-First Affirmative Defense**

The plaintiffs lack standing to pursue this action.

**Forty-Second Affirmative Defense**

The plaintiffs' claims pursuant to G.L. c. 12 fail as improper, unauthorized and without factual or legal merit, including with respect to the conditions precedent for a False Claims Act theory, the requirements as to appropriate relators and the statutory scheme's subject matter and other limitations.

**Forty-Third Affirmative Defense**

The plaintiffs' claims improperly seek damages not available to him/it/them pursuant to their theories of liability.

## <u>RESERVATION OF RIGHTS</u>

The defendants hereby reserve the right to advance such other and further affirmative defenses as may be identified during the pendency of this litigation.

WHEREFORE, the defendants, individually and in the collective, respectfully request that this Court enter judgment in his, its and their favor as follows:

1. that the plaintiffs' third amended complaint and action be dismissed with prejudice;

2. that the plaintiffs, or any plaintiff, take nothing by his, its or their third amended complaint or his, its or their action;

3. for such other and further relief as this Court deems appropriate, including the award of costs and reasonable attorneys' fees to the defendants.

**The defendants demand a trial by jury on all claims and issues so triable.**

THE DEFENDANTS,
By their attorney,

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini
Reardon, Joyce & Akerson, P.C
4 Lancaster Terrace
Worcester, MA 01609
508.754.7285
BBO #: 654690
agambaccini@rja-law.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on September 8, 2020.

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini