UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:18-cv-11336-FDS

COMMONWEALTH OF MASSACHUSETTS *ex rel.*
MYKEL POWELL, COMMONWEALTH SECOND AMENDMENT, INC.
and BRENT CARLTON; and MYKEL POWELL,

Plaintiffs,

v.

SGT. BRIAN HOLMES, in his Individual and his Official Capacity as
the Deputy Chief of the Stoughton Police Department; JAMES O'CONNOR,
in his individual and official capacity as sergeant of the Stoughton Police
Department; DONNA M. McNAMARA, in her individual and official capacity as Chief
of the Stoughton Police Department; VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT; PETER DOWD; CITY OF SPRINGFIELD;
TOWN OF PLYMOUTH; TOWN OF WINCHESTER; CITY OF CHICOPEE;
TOWN OF DEDHAM; CITY OF MEDFORD; TOWN OF READING;
TOWN OF WAKEFIELD; TOWN OF WILMINGTON; TOWN OF
ANDOVER; TOWN OF FOXBOROUGH; CITY OF GARDNER;
TOWN OF HUDSON and TOWN OF SAUGUS,

Defendants.

**ANSWER OF THE DEFENDANT, CITY OF CHICOPEE,
WITH REQUEST FOR A JURY TRIAL**

The City of Chicopee, a defendant in this matter ("the defendant), hereby responds to

the Third Amended Complaint of the plaintiffs, pursuant to Fed. R. Civ. P. 8, as follows:

*A.   Response to Allegations.*

1.       In response to the allegations of paragraph 1, the defendant denies that it acted

improperly or in violation of any federal or state constitutional or statutory law and, to the

extent that the allegations of paragraph 1 assert, suggest or imply wrongdoing of any sort by

the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

2.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 concerning the plaintiffs' knowledge or intent and, to the extent that the allegations of paragraph 2 assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

3.      The defendant admits the allegations of paragraph 3.

4.      The defendant denies the allegations of paragraph 4.

5.      The defendant admits the allegations of paragraph 5.

6.      The defendant admits the allegations of paragraph 6.

7.      The defendant admits the allegations of paragraph 7.

8.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.     The defendant admits the allegations of paragraph 16.

17.     The defendant admits the allegations of paragraph 17.

18.     The defendant admits the allegations of paragraph 18.

19.     The defendant admits the allegations of paragraph 19.

20.     The defendant admits the allegations of paragraph 20.

21.     The defendant admits the allegations of paragraph 21.

22.     The defendant admits the allegations of paragraph 22.

23.     The defendant admits the allegations of paragraph 23.

24.     The defendant admits the allegations of paragraph 24.

25.     The defendant admits the allegations of paragraph 25.

26.     The defendant admits the allegations of paragraph 26.

27.     The defendant admits the allegations of paragraph 27.

28.     The defendant admits the allegations of paragraph 28.

29.     The defendant admits the allegations of paragraph 29.

30.     In response to the allegations of paragraph 30, the defendant states that the

requirements or meaning of the referenced Massachusetts statutory provisions speak for themselves. To the extent that the plaintiffs' recitation of those provisions misstates the relevant law, the allegations are denied.

31.     In response to the allegations of paragraph 31, the defendant states that the requirements or meaning of the referenced Massachusetts statutory provisions speak for themselves. To the extent that the plaintiffs' recitation of those provisions misstates the relevant law, the allegations are denied.

32.     In response to the allegations of paragraph 32, the defendant states that the requirements or meaning of the referenced Massachusetts statutory provisions or common law speak for themselves. To the extent that the plaintiffs' recitation of those provisions misstates the relevant law, the allegations are denied.

33.     In response to the allegations of paragraph 33, the defendant states that the requirements or meaning of the referenced Massachusetts statutory provisions speak for themselves. To the extent that the plaintiffs' recitation of those provisions misstates the relevant law, the allegations are denied.

34.     In response to the allegations of paragraph 34, the defendant states that the requirements or meaning of the referenced Massachusetts statutory provisions speak for themselves. To the extent that the plaintiffs' recitation of those provisions misstates the relevant law, the allegations are denied.

35.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 concerning the other defendants.  In further

response, and except for the 2001 date reference, the defendant admits the allegations of paragraph 46, except to the extent that the allegations of paragraph 46 assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

47.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50 - 58.   The allegations of paragraph 50 through and including 58 are directed solely to and against the Stoughton Police Department and no response is required of the defendant. To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

59 - 62.   The allegations of paragraph 59 through and including 62 are directed solely to and against the Springfield Police Department and no response is required of the defendant. To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the

defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

63 - 66.   The allegations of paragraph 63 through and including 66 are directed solely to and against the Plymouth Police Department and no response is required of the defendant. To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

67 - 70.   The allegations of paragraph 67 through and including 70 are directed solely to and against the Winchester Police Department and no response is required of the defendant. To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

71.      In response to the allegations of paragraph 71, the defendant admits transferring 250 guns and other items to Village Vault, denies the remaining allegations of paragraph 71 and specifically states that to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

.

72.     In response to the allegations of paragraph 72, the defendant admits those allegations, except to the extent that the allegations of paragraph 72 assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are specifically denied.

73.     In response to the allegations of paragraph 73, the defendant admits those allegations, except to the extent that the allegations of paragraph 73 assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are specifically denied.

74 - 76.   The allegations of paragraph 74 through and including 76 are directed solely to and against the Dedham Police Department and no response is required of the defendant. To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

77 - 78.   The allegations of paragraph 77 through and including 78 are directed solely to and against the Medford Police Department and no response is required of the defendant. To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

79 - 80.   The allegations of paragraph 79 through and including 80 are directed solely to and against the Reading Police Department and no response is required of the defendant. To the extent that a response to these allegations is required, the defendant is without

knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

81 - 88.   The allegations of paragraph 81 through and including 88 are directed solely to and against the Wakefield Police Department and no response is required of the defendant. To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

89 - 93.   The allegations of paragraph 89 through and including 93 are directed solely to and against the Wilmington Police Department and no response is required of the defendant.  To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

99 - 101.   The allegations of paragraph 99 through and including 101 are directed solely to and against the Foxborough Police Department and no response is required of the defendant.  To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

102 - 103.   The allegations of paragraph 102 through and including 103 are directed solely to and against the Gardner Police Department and no response is required of the defendant.  To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

104 - 109.   The allegations of paragraph 104 through and including 109 are directed solely to and against the Hudson Police Department and no response is required of the defendant.  To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

110 - 112.   The allegations of paragraph 110 through and including 112 are directed solely to and against the Sagus Police Department and no response is required of the defendant.  To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of

any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

113 - 120.   The allegations of paragraph 113 through and including 120 are directed solely to and against Sargent Holmes, Deputy Chief O'Conner and Chief McNamara and no response is required of the defendant.  To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

121.    The defendant denies the allegations of paragraph 121.

122.    The defendant denies the allegations of paragraph 122.

123.    The defendant admits that it transferred guns and other items to Village Vault, denies the remaining allegations of paragraph 123 and specifically states that to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

124.    The defendant admits that it retained proceeds or credits, denies the remaining allegations of paragraph 124 and specifically states that to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

125.    In response to the allegations of paragraph 125, the defendant admits those allegations, except to the extent that the allegations of paragraph 125 assert, suggest or imply

wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are specifically denied.

126.    The defendant denies the allegations of paragraph 126.

127 - 131.   The allegations of paragraph 127 through and including 131 are directed solely to and against Deputy Chief O'Conner, Chief McNamara and Village Vault and no response is required of the defendant.  To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

132 - 175.   The allegations of paragraph 132 through and including 148 and 150 through and including 176 are directed solely to and against Peter Dowd and no response is required of the defendant.  To the extent that a response to these allegations is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, except to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

In response to the allegations of paragraph 149, the defendant denies the description of its activities or actions as constituting a "[p]redicate [a]ct." The content of the first and second substantive sentences of paragraph 149 is based upon written documentation, which speaks for itself.  Any content inconsistent with that documentation is denied. The third substantive sentence of paragraph 149 is denied. The referenced transaction was authorized by law.

12

Further, to the extent that the allegations assert, suggest or imply wrongdoing of any sort by the defendant, or the existence of any basis for the defendant's liability to the plaintiffs, these allegations are denied.

176.     The defendant specifically denies that the plaintiffs are entitled to any of the relief they have requested.

*B.   Affirmative Defenses.*

## FIRST AFFIRMATIVE DEFENSE

The third amended complaint, in each of its claims, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The defendant is immune from suit and from liability or otherwise was privileged and is immunized in its actions and the plaintiffs' claims therefore are barred.

## THIRD AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery, particularly as the third amended complaint seeks equitable relief, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred or precluded by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the jurisdictional doctrines of collateral estoppel, res judicata and preclusion.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred insofar as the plaintiffs consented to the actions of the defendant and others.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant's actions, at all times, were justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to commence this action within the appropriate statutes of limitation periods for the various claims.

## NINTH AFFIRMATIVE DEFENSE

At all times, the defendant acted in good faith reliance on constitutional statutory, judicial or other legal authority.

## TENTH AFFIRMATIVE DEFENSE

The injuries and damage claimed by the plaintiffs were caused, in whole or in part, by the plaintiffs' own negligence, such that any recovery must be reduced or barred in a manner proportional to that degree of negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

The injuries and damage claimed by the plaintiffs were caused, in whole or in part, by the actions of a third-party for whose conduct the defendant is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant's actions, at all times, were reasonable and undertaken with a good faith belief that its actions were lawful and not in violation of any federal or state constitutional, statutory or other right.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiffs failed to timely and properly present their claims in accordance with the provisions of General Laws, Ch. 258 and have failed in this condition precedent and jurisdictional prerequisite.

## FOURTEENTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by the plaintiffs were the result of superseding, supervening and intervening causes unrelated to the conduct of the defendants, and the defendants therefore are not liable.

## FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to mitigate any claimed injury or damage, as required by law.

## SIXTEENTH AFFIRMATIVE DEFENSE

The defendant is entitled to sovereign immunity because the he plaintiffs' claims are barred pursuant by the provisions of General Laws,  258, § 10(a), (b), (c), (e) and (h).

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' claimed injuries or damages were caused, in whole or in part, by the plaintiffs' violation of the various statues, ordinances, regulations, policies or other

legal authority governing the conduct of the parties at the time that said injuries or damages were sustained and the claims therefore are barred.

### EIGHTEENTH AFFIRAMTIVE DEFENSE

The plaintiffs were not deprived of any right secured by either the federal or state constitutions, or by the laws and other legal authority of the Commonwealth of Massachusetts or the United States.

### NINETEENTH AFFIRMATIVE DEFENSE

The plaintiffs, by their own conduct or by the conduct of  their agents or servants, has waived or have waived any and all rights they may have had against the defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

No act or omission of the defendants was an actual, proximate or legal cause of damage allegedly sustained by the plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The defendants are immune from liability pursuant to the so-called "public duty rule" as codified in Massachusetts General Laws c. 258.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims and theories are precluded by the doctrine of impossibility.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

At the time of the alleged incident, the plaintiff were guilty of a violation of the law that caused the incident and the plaintiffs' claims therefore are barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are false, frivolous and not made in good faith, and the defendant therefore demands its costs and attorney's fees, including pursuant to Fed. R. Civ. P. 11 and the inherent authority of this Court.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiffs do not have standing to bring *qui tam* action on behalf of the Commonwealth a under the Massachusetts False Claims Act

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The defendant engaged in no conduct directed to or impacting the plaintiff or plaintiffs such that it could be said that the defendant is liable to the plaintiff or plaintiffs under any cognizable theory.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims must be dismissed as the plaintiffs lack the authority to commence or maintain their claims.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against the defendant must fail because they are not based on active unconstitutional or illegal behavior.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to articulate the deprivation of, or impact upon, a right for which a claim may be sustained pursuant to any cognizable theory.

## THIRTIETH AFFIRMATIVE DEFENSE

The defendant states that its actions and conduct were performed according to, and are protected by, law and legal process such that the plaintiffs cannot recover.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs' claims must fail since its actions, at all times, were required for the protection of the public interest, its actions were reasonable necessary to achieve that purpose and its actions were not unduly burdensome for the plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The defendants state that the plaintiffs' claims must fail since the plaintiffs were not deprived by its actions of any constitutionally protected or other protected interest

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims must fail because any injuries allegedly sustained by the plaintiffs resulted from dangers the risk of which the plaintiffs assumed.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to meet the pleading requirements, including pleading particularity as well as factual and legal plausibility, associated with their RICO and other claims.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The defendant was not deliberately indifferent to any right or need of the plaintiffs, and the plaintiffs have failed to plead sufficiently to the contrary.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

There was no substantial or serious risk of harm of any degree disregarded by the defendant such that it could be liable.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to allege adequately that the defendant's actions, or actions for which the defendant may be responsible, violated any right of the plaintiffs or were improper.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to allege adequately the existence of any damages, such that the plaintiffs' claims fail.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to allege adequately any facts or assertions to support a claim of conspiracy, including failure to allege the existence of a conspiratorial agreement or improper conduct related and in furtherance thereto.

## FORTIETH AFFIRMATIVE DEFENSE

The plaintiff has failed to allege adequately any facts or assertions to support a claim of a False Claims Act violation.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The Court is without jurisdiction over the subject matter of this action.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims pursuant to General Laws, Ch. 12 fail as improper, unauthorized and without factual or legal merit, including with respect to the conditions

precedent for a False Claims Act action, the requirements as to appropriate relators and the statutory scheme's subject matter and other limitations.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The defendant is not a person or entity against whom liability may be imposed under General Laws, Ch. 12.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims improperly seek damages not available to them pursuant to their theories of liability.

### C.   Jury Request.

Pursuant to Fed. R. Civ. P. 38., the defendant requests a trial by jury on all issues so triable.

Dated:  September 11, 2020

THE DEFENDANT,
CITY OF CHICOPEE,

By:_____
Mark J. Albano, Esq.
Associate City Solicitor
CHICOPEE LAW DEPARTMENT
17 Springfield Street
Chicopee, MA 01013
Tel.: (413) 736-3500
Fax.: (413) 746-9224
B.B.O. No.:  013860
Email: mark@albanolawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


_____
Mark J. Albano, Esq.