UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS *ex rel.* MYKEL POWELL, COMMONWEALTH SECOND AMENDMENT, INC. and BRENT CARLTON; and MYKEL POWELL,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN HOLMES, et al.,<br><br>Defendants. | Docket No. 1:18-cv-11336-FDS |

**JOINT MOTION TO DISMISS**

Defendants the Town of Saugus, the Town of Wilmington, the City of Gardner, the Town of Winchester, the Town of Foxborough, the Town of Andover, the Town of Plymouth, the Town of Reading, the Town of Wakefield, the City of Medford, James O'Connor (in his Individual and Official Capacity as the Chief of the Stoughton Police Department), and Donna McNamara (in her Individual and Official Capacity as the Chief of the Stoughton Police Department) (collectively, the "Town Defendants"), jointly submit this Motion to Dismiss Count II of Plaintiffs' Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiffs' claims against the Town Defendants (Count II of Plaintiffs' Third Amended Complaint) must be dismissed for multiple reasons. First, Plaintiffs fail to allege the necessary facts to support a claim under the Massachusetts False Claims Act (the "MFCA")—indeed, they fail to establish any of the requisite elements, including the necessary "claim" for a "false claim." Second, the alleged acts taken by the Town Defendants were explicitly permitted by the relevant statute, and Plaintiffs fail to allege otherwise. Third, the Town Defendants were the intended

beneficiaries of the MFCA and nothing indicates that the MFCA waived the Town Defendants' sovereign immunity.  Fourth, the Plaintiffs' late-stage amendment to their Complaint fails to meet, and instead constitutes an end-run around, the presentment requirement for claims under the MFCA.  Fifth, none of the Plaintiffs qualify as eligible relators, either because they are not natural persons or because they lack any direct knowledge of the pertinent facts.  Sixth, the material facts of Plaintiffs' claims have all been publicly disclosed prior to Plaintiffs bringing their claims against the Town Defendants, and therefore this Court lacks jurisdiction over those claims.  Finally, Plaintiffs' claims ultimately create an absurdity where the Commonwealth is, essentially, suing itself.

WHEREFORE, for these reasons, detailed in the accompanying Memorandum in Support, the Town Defendants respectfully request that Count II of Plaintiffs' Third Amended Complaint be dismissed with prejudice.

Respectfully submitted,

By Defendants:

| | |
|---|---|
| THE TOWN OF SAUGUS | THE TOWN OF WAKEFIELD, |
| By its attorneys, | By its attorneys, |
| /s/ William F. McGonigle<br>Raymond P. Ausrotas, Esq. (BBO #640315)<br>RAusrotas@arrowoodllp.com<br>William F. McGonigle, Esq. (BBO #569490)<br>wmcgonigle@arrowoodllp.com<br>ARROWOOD LLP<br>10 Post Office Square,<br>7th Floor South<br>Boston, MA 02109<br>T: 617-849-6200 | /s/ Bradford N. Louison<br>Bradford N. Louison (BBO# 305755)<br>blouison@lccplaw.com<br>Douglas I. Louison (BBO# 545191)<br>dlouison@lccplaw.com<br>LOUISON, COSTELLO, CONDON & PFAFF, LLP<br>101 Summer Street, 4th Floor<br>Boston, MA 02110<br>(617) 439-0305 |
| THE TOWN OF WILMINGTON, THE TOWNOF GARDNER, THE TOWN OF WINCHESTER, THE TOWN OF FOXBOROUGH, THE TOWN OF ANDOVER, THE TOWN OF PLYMOUTH, THE TOWN OF READING, JAMES O'CONNOR, and DONNA McNAMARA | THE CITY OF MEDFORD |
| By their attorneys, | By its attorney, |
| /s/ Thomas R. Donohue<br>Thomas R. Donohue (BBO #643483)<br>BRODY, HARDOON, PERKINS & KESTEN<br>699 Boylston Street, 12th Floor<br>Boston, Massachusetts 02116<br>(617) 880-7100 phone<br>(617) 880-7171 fax<br>tdonohue@bhpklaw.com<br>lkesten@bhpklaw.com | /s/ David S. Monastersky<br>David S. Monastersky (BBO #624961)<br>Howd & Ludorf<br>65 Wethersfield Avenue<br>Hartford, CT 06114-1190<br>860-249-1361<br>Email: dmonastersky@hl-law.com |

September 21, 2020

## COMPLIANCE WITH LR 7.1

Pursuant to Local Rule 7.1, the undersigned conferred with counsel for Plaintiffs in advance of filing this motion.  The parties were unable to resolve this matter.  Additionally, leave for this motion was expressly provided by the Court at the September 10, 2020 hearing.  (Dkt. #97.)

/s/ William F. McGonigle

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ William F. McGonigle