UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:18-cv-11336-FDS

COMMONWEALTH OF MASSACHUSETTS *ex rel.*
MYKEL POWELL, COMMONWEALTH SECOND AMENDMENT, INC.
and BRENT CARLTON; and MYKEL POWELL,

Plaintiffs,

v.

SGT. BRIAN HOLMES, in his Individual and his Official Capacity as
the Deputy Chief of the Stoughton Police Department; JAMES O'CONNOR,
in his individual and official capacity as sergeant of the Stoughton Police
Department; DONNA M. McNAMARA, in her individual and official capacity as Chief
of the Stoughton Police Department; VILLAGE GUN SHOP, INC. d/b/a
VILLAGE VAULT; PETER DOWD; CITY OF SPRINGFIELD;
TOWN OF PLYMOUTH; TOWN OF WINCHESTER; CITY OF CHICOPEE;
TOWN OF DEDHAM; CITY OF MEDFORD; TOWN OF READING;
TOWN OF WAKEFIELD; TOWN OF WILMINGTON; TOWN OF
ANDOVER; TOWN OF FOXBOROUGH; CITY OF GARDNER;
TOWN OF HUDSON and TOWN OF SAUGUS,

Defendants.

## MOTION OF THE DEFENDANT, CITY OF CHICOPEE, FOR JUDGMENT ON THE PLEADINGS

The City of Chicopee, a defendant in this matter ("Chicopee"), hereby moves,

pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings, dismissing with prejudice

Count II of the Third Amended Complaint of the plaintiffs, and the related claims of the

plaintiffs against Chicopee.

As grounds for this motion, Chicopee states as follows:

1.   The Third Amended Complaint of the plaintiffs was filed on August 17, 2020

and served upon Chicopee on August 21, 2020.

2. On September 8, 2020, the defendant, City of Springfield, filed a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6).

3. On September 11, 2020, counsel for Chicopee filed his Notice of Appearance and Chicopee timely filed its Answer with Request for a Jury Trial.

4. On September 21, 2020, the remaining municipal defendants, being the Town of Saugus, the Town of Wilmington, the City of Gardner, the Town of Winchester, the Town of Foxborough, the Town of Andover, the Town of Plymouth, the Town of Reading, the Town of Wakefield, the City of Medford, James O'Connor (in his Individual and Official Capacity as the Chief of the Stoughton Police Department), and Donna McNamara (in her Individual and Official Capacity as the Chief of the Stoughton Police Department) (hereinafter collectively the "Town Defendants"), jointly filed their Motion to Dismiss Count II of Plaintiffs' Third Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket No. 100), with an accompanying Memorandum of Law in support of that Motion (Docket No. 100-1) (hereinafter collectively "the Town Defendants' Motion to Dismiss").

5. The factual circumstances surrounding and legal theories supporting the plaintiffs' claims against Chicopee are identical in material respects to those surrounding and supporting the plaintiffs' claims against the Town Defendants.

6. In consequence, the legal arguments made by the Town Defendants in the Town Defendants' Motion to Dismiss are equally applicable to Chicopee and Chicopee therefore incorporates those arguments herein by reference.

7. Because "[a] motion asserting [a defense listed in Rule 12(b) ] must be made before pleading if a responsive pleading is allowed", Fed. R. Civ. P. 12(b), the Answer filed by Chicopee mandates consideration of its dismissal arguments under Rule 12(c). See *Patrick* v. *Rivera-Lopez*, 708 F.3d 15, 18 (1st Cir. 2013).

7. This distinction does not matter for present purposes, since "[a] motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *See Pérez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008).

8. Specifically, the applicable standard of review for a motion under Rule 12(c) "is identical to the standard of review for motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Jardin De Las Catalinas Ltd. P'ship v. Joyner*, 766 F.3d 127, 132 (1st Cir. 2014) ). "A Rule 12(c) motion implicates the pleadings as a whole." *Curran v. Cousins*, 509 F.3d 36, 43 (1st Cir. 2007). "The applicable standard of review for a motion under Rule 12(c) 'is identical to the standard of review for motions to dismiss for failure to state a claim under Rule 12(b)(6).' " *Lopes* v. *Riendeau*, 177 F. Supp. 3d 634, 664 (D. Mass. 2016), quoting *Jardin De Las Catalinas Ltd. P'ship v. Joyner*, 766 F.3d 127, 132 (1st Cir. 2014). "Taking the facts in the complaint as true and drawing reasonable inferences in plaintiff's favor, the 'complaint must contain factual allegations that "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.' " *Lopes*, 177 F. Supp. 3d 634, 664-65 quoting *Perez–Acevedo v. Rivero–Cubano*, 520 F.3d 26, 29 (1st Cir. 2008).

9. The legal arguments made by the Town Defendants in the Town Defendants'

Motion to Dismiss, which are properly incorporated here, establish that Chicopee is entitled to judgment on the pleadings.

*FOR THESE REASONS,* the defendant, City of Chicopee, respectfully requests, pursuant to Fed. R. Civ. P. 12(c), that judgment on the pleadings be entered, dismissing Count II of the Third Amended Complaint of the plaintiffs, and the related claims of the plaintiffs against Chicopee, all with prejudice.

Dated:  September 11, 2020  THE DEFENDANT,
  CITY OF CHICOPEE,

By:_____
  Mark J. Albano, Esq.
  Associate City Solicitor
  CHICOPEE LAW DEPARTMENT
  17 Springfield Street
  Chicopee, MA 01013
  Tel.: (413) 736-3500
  Fax.: (413) 746-9224
  B.B.O. No.:  013860
  Email: mark@albanolawllc.com

## CERTIFICATE OF COMPLIANCE WITH LR 7.1

Pursuant to Local Rule 7.1, the counsel for the other parties have conferred in advance of filing this motion and the parties were unable to resolve this matter. Additionally, leave for this motion was expressly provided by the Court at the September 9, 2020 conference conducted by the Court. (Dkt. No. 97.)

_____
Mark J. Albano, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

_____
Mark J. Albano, Esq.