## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS *ex rel.* MYKEL POWELL, *et al.*, <br><br> Plaintiffs, <br><br> -against- <br><br> SGT. BRIAN HOLMES, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:18-cv-11336-FDS |

### PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW SUGGESTING CERTIFICATION TO THE SUPREME JUDICIAL COURT

The Plaintiff-Relators have given this matter further thought since oral argument took place on October 23, 2020. In our view, there is a significant chance that the dispositive issue raised by the pending motions to dismiss is the meaning of the term "person" in M.G.L. c. 12, §§ 5A-5B. There does not appear to be any dispute that no Massachusetts court has construed the term, at least in a manner that is pertinent to the question presented here.

Our concern is that the answer to this question will remain uncertain until the Supreme Judicial Court resolves it—which could result in significant inefficiencies for both the parties and the Court. First, no matter what this Court concludes, it is likely that the aggrieved party will want to appeal. In the normal course, absent an interlocutory appeal, that would mean litigating the case to conclusion and then appealing from a final judgment. If the First Circuit then reversed, this could require the entire case to be re-tried. Moreover, the possibility of a reversal might change as things move forward if, for example, the Supreme Judicial Court or the Appeals Court issued a pertinent decision in the interim. And, for that matter, the First Circuit might itself deem it appropriate to certify a question.

Significantly, state appellate courts that have addressed this question—of whether state-level false claims acts apply to governmental entities—have reached different conclusions. Specifically, two California appellate courts concluded that local government entities were "persons" subject to liability, only to have the California Supreme Court reach the opposite conclusion. *See Wells v. One2One Learning Found.*, 116 Cal. App. 4th 515, 537 (Cal. App. Ct. 3d Dist. 2004), *rev'd*, 39 Cal. 4th 1164, 1193 (Cal. 2006); *Levine v. Weis*, 68 Cal. App. 4th 758, 765 (Cal. App. Ct. 2d Dist. 1998). On the other hand, an Illinois appellate court recently concluded that a community college system was a "person" subject to false claims act liability. *See State v. Bd. of Trs. of Ill. E. Cmty. Colleges*, 2019 IL App (5th) 180333, ¶ 13 (Ill. App. Ct. 5th Dist. 2019). We do not consider any of these decisions to be directly on point, but rather, we consider the pertinent point to be that the question has been close, and that the answer has often turned on state-specific rules of statutory construction. *See Wells*, 39 Cal. 4th at 1192; *Bd. of Trs.*, 2019 IL App (5th) 180333 at ¶ 13.

As such, to the extent the Court's resolution of the pending motions turns on the meaning of the term "person," the Plaintiff-Relators respectfully request that the Court consider certifying a question to the Supreme Judicial Court of Massachusetts pursuant to Rule 1:03 of the Rules of that court. *See generally In re Engage*, 544 F.3d 50, 52-53 (1st Cir. 2008) (certification is appropriate where there is "no controlling precedent and where the questions may be determinative"). While this would result in some delay in the short term, it would significantly reduce the possibility of much worse delays in the future. Furthermore, given that depositions have been held up due to Covid-19, there might not be any actual delay imparted.

/   /   /

/   /   /

Dated: November __, 2020

                                    Respectfully submitted,

                                    THE PLAINTIFFS,
                                    By their attorneys,

                                    _____

                                    David D. Jensen
                                    David Jensen PLLC
                                    33 Henry Street
                                    Beacon, New York 12508
                                    Tel: 212.380.6615
                                    Fax: 917.591.1318
                                    david@djensenpllc.com

                                    Margarita Smirnova, Esq.
                                    BBO No. 680429
                                    7 Greenbriar Drive, Unit 109
                                    North Reading, Massachusetts 01864
                                    Telephone: (617) 875-8663
                                    margarita.smirnova@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on Nov. __, 2020.

                                    _____
                                    David D. Jensen