UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS *ex rel.* MYKEL POWELL, COMMONWEALTH SECOND AMENDMENT, INC. and BRENT CARLTON; and MYKEL POWELL,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN HOLMES, et al.,<br><br>Defendants. | Docket No. 1:18-cv-11336-FDS |

## TOWN OF SAUGUS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW SUGGESTING CERTIFICATION TO THE SUPREME JUDICIAL COURT

The Town of Saugus opposes Plaintiffs' "suggestion" that this Court certify a question to the Massachusetts Supreme Judicial Court concerning the meaning of the term "person" as it appears in M.G.L. c. 12 §§ 5A-5B. Federal courts are "generally tasked with making an informed prophecy of how" state courts might rule, and the fact "that a legal issue is close or difficult is not normally enough to warrant certification, since otherwise cases involving state law would regularly require appellate proceedings in two courts." Showtime Entertainment, LLC v. Town of Mendon, 769 F.3d 61, 79 (1st Cir. 2014); In re Engage, Inc., 544 F.3d 50, 57 (1st Cir. 2008).

The issue currently before this Court is one of simple and routine statutory interpretation of a nature regularly conducted by federal courts applying state law. If federal courts created a practice of certifying questions as straightforward as the one currently before this Court, state courts would be inundated with questions. Particularly here, where the statute and record are so

unambiguous, this Court is just as qualified as the Massachusetts Supreme Judicial Court to resolve the issue and certification would only "stop[ the] case in its tracks, multipl[y] the work of the attorneys, and sharply increase[] the costs of litigation."  Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 323 (1st Cir. 2009).  Indeed, this very Court has refrained from certifying much more complex and difficult questions that did not benefit from such a clear and unambiguous record.  E.g., Mulder v. Kohl's Department Stores, Inc., 2016 WL 393215 at *10 (D. Mass. 2016) (Saylor, J.); In re Zofran (Ondansetron Products Liability Litigation, 261 F. Supp. 3d 62, 82-83 (D. Mass. 2017) (Saylor, J.).

Interestingly, the cases cited by the Plaintiffs support the proper resolution of this matter.  In Wells v. One2One Learning Foundation, 39 Cal. 4th 1164, 1190-99 (Cal. Sup. Ct. 2006), the California Supreme Court walked through many of the same arguments made by the Town Defendants to ultimately conclude that school districts were not "persons" under the California False Claims Act.  Included in that analysis was how the definition of "persons" failed to contain words commonly used to signify governmental entities, how governmental entities were instead specifically identified in the definition of "political subdivisions," how other laws indicated that the Legislature knew how to include governmental entities in the definition of "persons" but opted not to for the purpose of the California False Claims Act, how "absent *express* words to the contrary," governmental entities are not included within the general words of a statute, how imposing False Claims Act liability on governmental entities would interfere with the state's plenary power and duty as exercised by those entities, how the finances of the governmental entity at issue (school districts) were intertwined with state finances, thus undermining the purpose of the penalties set by the False Claims Act, and distinguishing the federal False Claims Act from the state False Claims Act for the purpose of the definition of "persons."  Id.  The

ultimate result supports the position of the Town Defendants and demonstrates there is no need to certify the question and delay the dismissal of Plaintiffs' meritless claims.[1]

For these reasons, there is no need to certify a question to the Massachusetts Supreme Judicial Court and Count II of Plaintiffs' Third Amended Complaint should be dismissed.

        Respectfully submitted,

THE TOWN OF SAUGUS

By its attorneys,

/s/ William F. McGonigle_____
Raymond P. Ausrotas, Esq. (BBO #640315)
RAusrotas@arrowoodllp.com
William F. McGonigle, Esq. (BBO #569490)
wmcgonigle@arrowoodllp.com
ARROWOOD LLP
10 Post Office Square,
7th Floor South
Boston, MA 02109
T: 617-849-6200

November 17, 2020

### CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        /s/ William F. McGonigle

---

[1] The other example provided by Plaintiffs, State ex rel. Edmondson v. Board of Trustees of Illinois E. Community Colleges, 436 Ill. Dec. 802, 2019 IL App (5th) 180333 (Il. App. Ct., Aug. 14, 2019) is easily distinguished from the case at hand. There, the Illinois False Claims Act contained no definition of "person," requiring the Court to rely on the general definition of "person" employed in Illinois law. Id. at 634-35. That definition explicitly captured "bodies politic and corporate," which was the same term used by the Illinois Legislature when it passed the act creating the defendant in that case. Id. Here, the Massachusetts FCA specifically defines both "persons" and "political subdivisions" and there is no indication that towns and cities were meant to fall into the definition of "persons."