UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS *ex rel.* MYKEL POWELL, *et al.*,<br><br>                Plaintiffs,<br><br>    -against-<br><br>BRIAN HOLMES, *et al.*,<br><br>                Defendants. | CIVIL ACTION NO.<br>1:18-cv-11336-FDS<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT** |

Plaintiffs respectfully move for leave to file the Fourth Amended Complaint submitted herewith as Exhibit 1. This amended pleading addresses and responds to the Court's Memorandum and Order of June 30, 2021 (Doc. No. 120) by impleading 17 individuals who improperly transferred guns and other items to Village Vault, Inc. and Peter Dowd, as well as providing additional details about their involvement.[1]

The amendment does <u>not</u> expand the claims that the Plaintiffs assert in this action. Rather, the Third Amended Complaint asserts "reverse" False Claims Act claims that concern 30 transfers of guns and other items by representatives of 15 police departments, from between March 2013 to April 2018. *See* Third Amended Complaint (Doc. No. 78) at ¶¶ 46-112. The Fourth Amended Complaint concerns these <u>exact</u> <u>same</u> transfers, expanded only to include additional details that show each individual's involvement. *See* Ex. 1 at ¶¶ 48-114.

There is little or no undue prejudice because the resolution of the case as it presently stands, whether by trial or motion, will require the same essential proof even in the absence of

---

[1] The Fourth Amended Complaint also strikes the claims and parties that the Court dismissed in its Memorandum and Order, and makes other conforming and ministerial changes.

the proposed amendment. That is, in order to establish the liability of Village Vault and Dowd, the Plaintiffs will need to introduce witness testimony, records or other evidence establishing the details of each of the 30 transfers and the value of the transferred property. This is also what Plaintiffs will need to show to establish the liability of the individual police employees who did business with Village Vault and Dowd. If anything, the inclusion of these individuals as parties will likely expedite resolution because it will substantially reduce the need for Rule 45 subpoenas directed at non-parties. Moreover, the underlying municipalities (nearly certain to indemnify the individual police employees) are already on notice of this matter, as the Court only recently dismissed them as Defendants.

At the same time, the denial of leave would severely prejudice the Plaintiffs. As the Plaintiffs have previously shown, the first-to-file bar makes it is impossible for the Plaintiffs (or anyone) to assert claims related to the False Claims Act claim asserted herein in any proceeding other than the present one. Thus, the denial of leave would mean the termination of any ability to recover from the police officials who acted jointly with Village Vault and Dowd and for their joint benefit. Yet, this case would still require the parties to submit the same essential evidence, much of which would concern the actions of the very individuals to be joined.

**I)   Factual and Procedural Background**

As the Court is aware, this case arises out of a Massachusetts law that requires police departments to take custody of people's guns and ammunition under certain circumstances, such as the suspension or revocation of their gun licenses. *See* M.G.L. c. 140, § 129D. Police departments must store this property for the owner's benefit for one year. *See id.* Massachusetts law directs that after this period, any unclaimed property "shall be sold at public auction by the colonel of the state police to the highest bidding person . . . and the proceeds shall be remitted to

the state treasurer." *Id.* This case concerns police officials who did not do this, but instead transferred the property to Village Vault in exchange for consideration, often in the form of dollar-denominated "credits." *See* Third Amended Complaint (Doc. No. 78) ¶¶ 1, 46-49.

The Plaintiffs learned of the existence of this arrangement during discovery in a previous case. *See id.* at ¶ 2. In light of the first-to-file bar, as well as the risks of release and res judicata, Plaintiffs discontinued their prior action, filed the instant action under seal on June 27, 2018, and provided notice to the Massachusetts Attorney General, which ultimately declined to intervene. *See id.* at ¶¶ 2-3. The Court unsealed the case on November 20, 2018. *See* Order (Doc. No. 8). Plaintiffs amended the Complaint to include a RICO claim and served it on the then-named Defendants. *See* Amended Complaint (Doc. No. 11) at ¶¶ 60-78.

From the outset, the Plaintiffs advised both the Court and the other parties that they intended to amend the case to include additional transactions involving additional police departments, once they could identify the transactions. However, Village Vault and Dowd closed down their operations and disposed of many of their records, which significantly impaired the Plaintiffs' ability to identify and learn the details of these other additional diversions. The Plaintiffs resorted to serving subpoenas on a series of police departments, as well as on two banks, in order to obtain pertinent records. On June 24, 2020, the previously scheduled deadline for pleading amendments, the Plaintiffs moved for leave to file a Second Amended Complaint that included transactions involving an additional nine police departments. *See* Motion for Leave (Doc. No. 59). Then, a month later on July 31, 2020, while the motion was still pending, Plaintiffs moved for leave to file the Third Amended Complaint, which also includes transactions involving an additional five police departments. *See* Motion for Leave (Doc. No. 69). At the same time, in support of a related motion to alter the schedule, Plaintiffs made an extensive

showing of their diligence in moving the case forward, which had ultimately included the service of (and follow-up on) subpoenas on a total of 84 police departments throughout Massachusetts during the first few months of the pandemic. *See* Dec. of David D. Jensen (Doc. No. 64). Ultimately, the Court granted leave to file the Third Amended Complaint. *See* Electronic Clerk's Notes (Doc. No. 79).

After the Plaintiffs had filed and served the Third Amended Complaint, various Defendants moved for dismissal and/or for judgment on the pleadings on multiple grounds. In its Memorandum and Order, the Court rejected most of the Defendants' False Claims Act arguments, but did find that municipal corporations are not "persons" subject to liability under the Massachusetts False Claims Act. *See* Memorandum and Order (Doc. No. 120) at pp. 23-26. At the same time, the Court found that the Third Amended Complaint stated a valid "reverse" claim against the individual police officials who had been involved in the diversion transactions. *See id.* at pp. 26-31. Significantly, even though Plaintiffs are currently on their "third" amendment, this Memorandum and Order was the <u>first</u> time that the Court had addressed the legal sufficiency of Plaintiffs' False Claims Act pleading.

**II)     Leave is "Freely Given"**

Rule 15 provides that the "court should freely give leave [to amend] when justice so requires," and Rule 21 likewise directs the Court to add parties "at any time, on just terms." Fed. R. Civ. P. 15(a)(2), 21. In its seminal decision on the issue of pleading amendments, *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court reversed a district court's denial of a plaintiff's motion for leave to amend its complaint. *See id.* at 182. The Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

> allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* "[T]he Supreme Court has emphasized that amendment should normally be permitted." *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28 (2d Cir. 1995). "During the pretrial phase, a court should allow amendments to ensure that all the issues are before the court." 3 James Wm. Moore, Moore's Federal Practice § 15.14[1] (3d ed. 2007). In light of *Foman* and Rule 15(a)'s language, the rule in the First Circuit is that leave cannot be denied "unless there appears to be an adequate reason for the denial (e.g., undue delay, bad faith, dilatory motive on the part of the movant, futility of the amendment)." *Grant v. News Corp.*, 55 F.3d 1, 5 (1st Cir. 1995) ("we will not affirm the denial").

Here, the last scheduled deadline for amending the pleadings has passed. At the same time, the Court authorized the Plaintiffs to file this motion during its August 13, 2021 conference. To the extent Plaintiffs need to, they can readily show good cause to amend the schedule, Fed. R. Civ. P. 16(b)(4), as this consideration "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent," *Somascan, Inc. v. Philips Medical Systems Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (internal quotation marks omitted).

Here, the Plaintiffs have been as diligent as possible. As Plaintiffs have already shown, the unique and unusual circumstances of this case imparted delays that do not normally exist because of the need to file under seal and to then discover the other unlawful transactions. Village Vault's disposal of key records resulted in further delays. The Plaintiffs had to put together the bases for their claims "piecemeal"—by serving subpoenas, analyzing the results, and then serving further subpoenas to follow up. See Dec. of David Jensen (Doc. No. 64). The

proposed amendment takes the "final" claims that Plaintiffs had developed and updates them to reflect the Court's recent decision.

### III) The Proposed Amendment Will Serve Judicial Economy

The proposed amendment will help ensure that the claims are fully and fairly presented—among other things, by making it easier to obtain testimony and records regarding the transactions at issue. Thus, amendment here will serve "the underlying purpose of allowing amendments," which is "to facilitate a decision on the merits." Moore's Federal Practice, *supra*, § 15.14[1]. Indeed, "[a]mendments are generally favored 'to facilitate a proper decision on the merits.'" *Bay Harbour Mgmt. LLC v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 48 (1957)); *accord Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998); *Luv N' Care, Ltd. v. Walgreen Co.*, No. 08 Civ. 4457, 2010 U.S. Dist. LEXIS 11011, *3 (S.D.N.Y. Feb. 4, 2010). The transactions that involve the impleaded individuals are already before the Court, and the conduct of these individuals is already directly relevant to the resolution of this case. Thus, amendment to include these probable witnesses as defendants will facilitate resolution on the merits.

### IV) The Proposed Amendment Will Avoid Undue Hardship and Prejudice

Plaintiffs have previously shown that the False Claims Act bars individuals from "bring[ing] a related action based on the facts underlying" a False Claims Act action that has already been filed. *See* M.G.L. c. 12, § 5C(6); Plaintiffs' Supplemental Memorandum (Doc. No. 73). Thus, the only way that the Plaintiffs can assert the claims at issue is by means of an amendment in the present action. The denial of leave would accordingly amount to an extreme hardship and burden for the Plaintiffs—and, by extension, for the Commonwealth—as they would be left without recourse.

At the same time, there is little or no undue prejudice to other parties because the Plaintiffs have already served the municipalities that employ (or previously employed) the individuals at issue—and who almost certainly will defend and indemnify them—with the Third Amended Complaint. The Third Amended Complaint identifies the exact same transactions as the Fourth Amended Complaint and places the municipalities on notice of the claims asserted.

### V)     Compliance with LR 7.1 and LR 15.1

Plaintiffs raised the issue of amending the current complaint at the conference held on August 13, 2021. Counsel for both the Village Vault Defendants and the Stoughton Defendants stated their opposition. The Court set a deadline of September 24, 2021 for filing this motion.

Furthermore, the Plaintiffs sent a copy of this motion to counsel for all parties that the Fourth Amended Complaint would implead by both e-mail and U.S. Mail on September 10, 2021, the date falling 14 days in advance of this motion. Plaintiffs' counsel sent the motion directly to Defendants Robert Walsh and Timothy Chaffee, as their attorney is unknown.

### VI)    Conclusion

The proposed amendment has little practical downside because the individuals to be impleaded are the same individuals who are already key witnesses. Their inclusion as parties will not increase the number of claims before the Court, but will instead be likely to facilitate the presentation of evidence pertinent to the claims that are already present. Nor will amendment result in the need for a significant amount of additional evidence, as the details related to these individuals' involvement are already directly relevant evidence. The Plaintiffs have worked diligently to dig up and piece together the details needed to plead out the gun-diversion scheme this case concerns, notwithstanding significant obstacles in the form of (among other things) lost records and COVID-19. The Court has now issued its first ruling addressing the substantive merits of the Plaintiffs' claims, and the Plaintiffs should be afforded an opportunity to amend

their operative pleading to address that ruling—particularly given that the ruling turned on an unresolved issue of state law. On the circumstances presented here, it is clear that leave should, as the rule requires, be "freely given." The Court should accordingly grant this motion.

Dated: September 24, 2021

Respectfully submitted,

THE PLAINTIFFS,
By their attorneys,


 /s/ David D. Jensen
David D. Jensen
David Jensen PLLC
33 Henry Street
Beacon, New York 12508
Tel:  212.380.6615
Fax:  917.591.1318
david@djensenpllc.com

Margarita Smirnova, Esq.
BBO No. 680429
7 Greenbriar Drive, Unit 109
North Reading, Massachusetts 01864
Telephone: (617) 875-8663
margarita.smirnova@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on Sept. 24, 2021.

 /s/ David D. Jensen
David D. Jensen
