# EXHIBIT 3

**From:** **David Jensen** david@djensenpllc.com
**Subject:** Re: Powell v. Holmes- state false claims act claim
**Date:** December 9, 2021 at 2:29 PM
**To:** Erica Brody ebrody@bhpklaw.com
**Cc:** Margarita Smirnova margarita.smirnova@gmail.com, Foster, Kathryn KFoster@springfieldcityhall.com, Mark J. Albano mark@albanolawllc.com, David S. Monastersky dmonastersky@hl-law.com, Bradford Louison blouison@lccplaw.com, Tom Donohue tdonohue@bhpklaw.com, Raymond P. Ausrotas RAusrotas@arrowoodllp.com, Deidre Regan dregan@bhpklaw.com , Nicole Romano Silberman nsilberman@bhpklaw.com, Lenny Kesten lkesten@bhpklaw.com, William McGonigle WMcGonigle@arrowoodllp.com, Andrew Gambaccini agambaccini@rja-law.com

Hi Erica,

We reviewed the materials you sent carefully, as well as the pertinent statutes and some caselaw. There are several different issues here. (Among them, without limitation—the language you quote from section 5G(3) omits the requirement that the Commonwealth needs to have been a party to the prior proceeding.) However, the big picture problem is that none of these documents reveal the essential elements of the reverse false claim that has been asserted here. Mirsky's Complaint concerned his claim that the Quincy PD did not comply with s. 129D because they: (1) sold his guns during the one year period that they were required to hold them for his benefit, and even though he had instructed him to transfer the guns to a third party; and (2) seized items (like a flare gun) that were not subject to seizure under s. 129D in the first place. That is what the language you are quoting from Mirsky's complaint refers to. Notably, Mirsky filed an earlier Complaint in 2010 that sought to recover from Quincy PD (and certain individuals) on the ground that they had deprived him of his rights under s. 129D, and the superior court ruled that s. 129D did not give rise to a private cause of action. Very shortly after this, Mirsky filed his second Complaint (the one you attached) in which he contended (inter alia) that the loss of his guns during that one-year period was a deprivation of property actionable under s. 1983. The court dismissed that claim on the ground (inter alia) of res judicata. So, the bottom line is that we do not think that these documents reveal the essential elements of the one-year-gun arrangement with Village Vault.

Moving beyond this, there are two practical issues that need to be addressed. First: Are there any issues with subpoena compliance aside from the asserted "relevance" objection? If Judge Saylor rejects that objection, then will there be anything that prevents the prompt production of responsive documents?

The second: Are all 14 police departments that have been served with subpoenas joining this motion? We received several calls from personnel at the police departments, and each time we reached out to counsel (on this email) and were advised that said counsel would respond to the messages from th departments' personnel. Thus far, we have received no responses, nor have any parties' attorneys asked for extensions—so we need to know who we should be filing contempt motions against. In that connection, I would appreciate it if the recipients on this email would advise whether their clients (and which ones) are joining the proposed motion.

Thank you and best regards,
David Jensen

> On Dec 7, 2021, at 11:54 AM, Erica Brody <ebrody@bhpklaw.com> wrote:
>
> Good morning Attorney Jensen,
>
> In anticipation of our phone call, we write concerning public information related to certain police departments' exchanging firearms for compensation with Village Vault and other firearms brokers. As you know, subsection (3) of section 5G in the Massachusetts False Claims Act constitutes the public disclosure bar, which reads "**No court shall have jurisdiction over an action** pursuant to sections 5B to 50, inclusive, **based upon the public disclosure of allegations or transactions in a ... civil ... hearing... or from the news media, unless the action is brought by the attorney general, or the relator is an original source of the information** (emphasis added)." The attached materials establish that it was public knowledge since at least 2007 that police departments in Massachusetts had an arrangement with Village Vault whereby they received money and/or credits in exchange for firearms seized (unrelated to crimes) (news articles attached); and that, in 2010, Lawrence Minsky brought a claim against Quincy police making the same allegations as your clients now make (see attached complaint, presentment letter to Commonwealth, news article concerning presentment letter). Indeed, paragraph ¶ 57 of that complaint states:
>
> 57. As stipulated by Massachusetts General Law Chapter 140 § 129D Mirsky attempted to have the nearly $11,000 worth of property the Quincy Police seized transferred into the possession of a Federally Licensed Firearms dealer within the one year allowed by law. After several attempts throughout November 2009 by the dealer to get a response from the department, a demand letter from was sent from Mirsky's attorney dated November 25, 2009; Mirsky's attorney office was finally informed by captain Anthony DiBona on November 30, 2009 that the Quincy Police had already disposed of his property, allegedly because defendant Barkas, for whatever reason, filled out routine paperwork incorrectly. Mirsky alleges that given the history of the parties, and what Barkas told him, this was no accident. **Subsequently Mirsky found from speaking to local gun shops the Quincy police have been profiting by the sale of said weapons, and have not been disposing of them in accordance with MGL chapter 140 § 129d. Proper presentment was submitted as required under G.L. c. 258, § 4 on 2/21/2011, as well as on 12/2/2009, 12/28/2009, 01/13/2010, 2/16/2010, and**

~~required under G.L.c. 260, § 4 on 1/23/2008, as well as on 12/2/2009, 12/16/2009, 10/13/2008, 2/04/2008, and~~ **5/24/2010 (**emphasis added).

These documents make it clear that the Plaintiffs cannot proceed with claims under the  state false claims act. We ask that you 1) voluntarily dismiss the false claims act claims and  2) withdraw the subpoenas you sent as they are irrelevant to any viable claim in this case. Please understand that if you force us to litigate these issues, we will seek costs and fees, and we will point out to the court that we brought this to your attention, and that you nonetheless forced us to litigate these issues.

Please let us know how you would like to proceed.

Best wishes,

Erica

 **Evidence_Log_2008_4.pdf**

-------------------
Erica L. Brody
Brody, Hardoon, Perkins & Kesten, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
Office: (617) 880-7100  |  Fax: (617) 880-7171
ebrody@bhpklaw.com
http://www.bhpklaw.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed.  If you have received this email in error, please notify the system manager immediately and delete the email and its contents.  If you are not the named individual, you should not disseminate, distribute, or copy this email, and you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.  Thank you.
<Powell- Tyngsboro chief cleaning o ut dept.'s closets – Lowell Sun.pdf><140254288-Lawrence-Mirsky-RICO-Corruption-Complaint-against-Quincy-MA-PD.pdf><Are Massachusetts Police Illegally Seizing and Selling Privately-Owned Guns for Profit_ - Opposing V.pdf><Complaint Summons & Civil Action Cover 11-29-11.pdf><The gun-warehouse system – Lowell Sun.pdf>