UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *ex rel.* MYKEL POWELL, COMMONWEALTH SECOND AMENDMENT, INC. and BRENT CARLTON; and MYKEL POWELL, Plaintiffs, <br><br> v. <br><br> SGT. BRIAN HOLMES, in his Individual and Official Capacity as Deputy Chief of the Stoughton Police Department; JAMES O'CONNOR, in his Individual and Official Capacity as Sergeant of the Stoughton Police Department; DONNA M. McNAMARA, in her Individual and Official Capacity as Chief of the Stoughton Police Department; VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; PETER DOWD; CITY OF SPRINGFIELD; TOWN OF PLYMOUTH; TOWN OF WINCHESTER; CITY OF CHICOPEE; TOWN OF DEDHAM; CITY OF MEDFORD; TOWN OF READING; TOWN OF WAKEFIELD; TOWN OF WILMINGTON; TOWN OF ANDOVER; TOWN OF FOXBOROUGH; CITY OF GARDNER; TOWN OF HUDSON; and TOWN OF SAUGUS, Defendants. <br>                            Defendants. | CIVIL ACTION NO. 1:18-cv-11336-FDS |

## COMMONWEALTH'S MOTION TO DISMISS COUNT II

The Commonwealth of Massachusetts, by and through its Attorney General Maura

Healey (the "Commonwealth"), hereby moves to dismiss Count II of the Complaint brought by

Relators Mykel Powell and Brent Carlton (collectively "Relators"), consisting of allegations

brought on behalf of the Commonwealth of Massachusetts pursuant to the *qui tam* provisions of Massachusetts False Claims Act ("MFCA"), G. L. c. 12, §§ 5A-5O.

Relators' Count II alleges widespread violations of the MFCA in connection with the confiscation, storage, and disposal of guns – by Massachusetts police and/or defendants Village Vault and Peter Dowd – pursuant to the statutory scheme cofidied at G.L. c. 140, § 129D. (Complaint, ¶¶ 121-26).

The Massachusetts False Claims Act gives the Attorney General statutory authority to dismiss *qui tam* complaints brought in the name of the Commonwealth at any time:

> The attorney general may dismiss the action notwithstanding the objections of the relator if the relator has been notified by the attorney general of the filing of the motion and the court has provided the relator with an opportunity for a hearing on the motion. Upon a showing of good cause, such hearing may be held in camera.

G. L. c. 12, § 5D(2). As discussed in more detail in the accompanying Memorandum of Law, some courts interpret the analogous provision of the federal False Claims Act to give the government unfettered authority to dismiss, while others require the government to state reasons for dismissal. Here, the Commonwealth asserts that it should have unfettered rights to dimiss, but also sets forth as reasons to dismiss the Commonwealth's interest in: (1) preventing a complaint that fails to state an MFCA claim to continue in the Commonwealth's name, and (2) avoiding waste of government resources.

For all of these reasons, and as set forth in full in the attached Memorandum of Law, Count II of Relators' Complaint should be dismissed with prejudice as to Relators and without prejudice as to the Commonwealth.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

Dated: January 19, 2022

_____/s/ *Jeff Walker*_____
Jeffrey Walker, BBO # 673328
Assistant Attorney General
Office of Attorney General Maura Healey
One Ashburton Place
Boston, MA 02108
(617) 727-2200
jeffrey.walker@mass.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jeff Walker*
Jeff Walker
Assistant Attorney Gen

3