UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:18-cv-11336-FDS

COMMONWEALTH OF MASSACHUSETTS
*ex rel.* MYKEL POWELL, COMMONWEALTH
SECOND AMENDMENT, INC. and BRENT
CARLTON; and MYKEL POWELL,

    Plaintiffs,

v.

BRIAN HOLMES, in his Individual and his
Official Capacity as the Sergeant of the Stoughton
Police Department; JAMES O'CONNOR, in his
Individual and his Official Capacity as Deputy
Chief of the Stoughton Police Department;
DONNA M. McNAMARA, in her Individual and
his Official Capacity as Chief of the Stoughton
Police Department; VILLAGE GUN SHOP, INC.
d/b/a VILLAGE VAULT; and PETER DOWD,

    Defendants

## DEFENDANTS DONNA MCNAMARA, BRIAN HOLMES, AND JAMES O'CONNOR'S ASSENTED TO MOTION TO EXTEND DISCOVERY BY SIXTY DAYS

The Defendants, Stoughton Police Chief Donna McNamara, Deputy Chief Brian Holmes, and Detective Sergeant James O'Connor ("Defendants"), hereby move this Honorable Court for an extension of the fact discovery deadline by (60) days, with all subsequent deadlines extended accordingly.

As grounds therefor, the Defendants state that in May 2017, Mykell Powell filed a claim alleging certain due process violations against Detective Sergeant O'Connor and Deputy Chief Holmes, arising out of Stoughton Police Department's seizure and transfer of the Plaintiff's firearms following the suspension of the Plaintiff's firearms license. (See Powell v. Holmes, et al., Case No. 1:17-cv-10776-FDS ("*Powell I*")). Discovery was conducted, including the deposition

of Detective Sergeant James O'Connor. The Plaintiff chose not to take Chief McNamara's deposition. Following the conclusion of discovery, the Plaintiff voluntarily dismissed the case. The purpose of this voluntary dismissal was for the Plaintiff to reformulate his claims and target additional defendants, adding a state false claims act claim. He then filed the instant action in June 2018. (Dkt. #10 ("Powell II")).

The Plaintiff noticed Sergeant Detective O'Connor's deposition for February 3 and Chief McNamara's deposition for February 10. The February 3rd and February 10th dates were dates that the parties had discussed and agreed upon. In the interim, the Commonwealth recently intervened in this case and filed a motion to dismiss the false claims act claim. The plaintiffs agreed to adjourn the February 3rd deposition to Feb. 10 so that the court could provide input on the issue at the Feb. 4 hearing. The court's decision on that pending motion will affect the scope of both pending depositions. First, with respect to Sergeant Detective O'Connor: he was already deposed about the seizure and transfer of the Plaintiff's firearms; thus, the Defendants would seek to limit the February 3 deposition to questions concerning the state false claims act claims—claims that might be dismissed by the court. Second, with respect to Chief McNamara: the Plaintiff decided *not* to depose her in *Powell I* with regard to the seizure of his firearms. If the court dismisses the false claims act claims, the Defendants would potentially file a protective order to prevent her deposition from being taken altogether, as the Plaintiff is arguably foreclosed from re-opening discovery on the previous matter.

In short, the requested time is necessary to complete the preparation of this case and will not substantially delay the proceedings. Counsel for the Plaintiffs do not oppose the allowance of this Motion. No party will be prejudiced by the allowance of this Motion.

WHEREFORE, Defendants, Brian Holmes, James O'Connor, and Donna McNamara, hereby requests an extension of the fact discovery deadline by sixty (60) days, with all subsequent deadlines extended accordingly.

Respectfully submitted,
The Defendants,
Brian Holmes, James O'Connor, and Donna A. McNamara,
By their attorneys,

*/s/ Erica L. Brody*
Thomas R. Donohue, BBO# 643483
Erica L. Brody, BBO# 681572
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
tdonohue@bhpklaw.com
ebrody@bhpklaw.com

DATED: January 28, 2022

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Now comes counsel for the defendant in the above-captioned matter and certifies that he has conferred with counsel for the plaintiff regarding this motion in a good faith attempt to resolve or narrow the issues raised in said motion.

*/s/ Erica L. Brody*
Erica L. Brody, BBO# 681572

Dated: January 28, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

*/s/ Erica L. Brody*
Erica L. Brody, BBO# 681572

DATED: January 28, 2022