UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *ex rel.* MYKEL POWELL, COMMONWEALTH SECOND AMENDMENT, INC. and BRENT CARLTON; and MYKEL POWELL,<br><br>Plaintiffs,<br><br>v.<br><br>SGT. BRIAN HOLMES, in his Individual and Official Capacity as Deputy Chief of the Stoughton Police Department; JAMES O'CONNOR, in his Individual and Official Capacity as Sergeant of the Stoughton Police Department; DONNA M. McNAMARA, in her Individual and Official Capacity as Chief of the Stoughton Police Department; VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; PETER DOWD; CITY OF SPRINGFIELD; TOWN OF PLYMOUTH; TOWN OF WINCHESTER; CITY OF CHICOPEE; TOWN OF DEDHAM; CITY OF MEDFORD; TOWN OF READING; TOWN OF WAKEFIELD; TOWN OF WILMINGTON; TOWN OF ANDOVER; TOWN OF FOXBOROUGH; CITY OF GARDNER; TOWN OF HUDSON; and TOWN OF SAUGUS,<br>Defendants.<br>                Defendants. | CIVIL ACTION NO.<br>1:18-cv-11336-FDS |

**COMMONWEALTH'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Commonwealth of Massachusetts, by and through its Attorney General Maura Healey (the "Commonwealth"), hereby notifies the Court of supplemental authority[1] relevant to the standard of review for its recently-filed Motion to Dismiss Count II (the "Motion)(Dkt. # 139).  On January 21, 2022, the First Circuit issued a decision ruling on the standard of review for courts considering governmental motions to dismiss *qui tam* false claims lawsuits over the relator's objections made pursuant to 31 U.S.C. § 3730(c)(2)(A).[2] *See U.S. ex rel. Borzilleri v, Bayer Healthcare Pharma, Inc., et al.*, No. 20-1066 (1st Cir. Jan. 21, 2022), attached hereto as Exhibit A.

The First Circuit declined to adopt "wholesale" any of the approaches to this standard of review previously taken by other circuits, including those discussed in the Motion. *Id.* at 18. Instead, the First Circuit held that, while the government must state reasons for dismissing a *qui tam*, those reasons serve the limited purpose of allowing the relator to argue for withdrawal of the motion, whereas courts should deny a governmental motion to dismiss only on grounds of fraud or unconstitutionality, as follows:

> [W]e reject placing an initial burden on the government to justify its motion because the statutory language does not support the imposition of such a burden. That said, the government is not obligation-free when it moves to dismiss a qui tam suit – it must provide its reasons for its decision. The need for an explanation is implicit in the statute's requirement that, before dismissal is granted, the relator be given an "opportunity" for a hearing on the motion. See 31 U.S.C. § 3730(c)(2)(A). We agree with the D.C. Circuit that one purpose of the hearing is to provide the relator a "formal opportunity to convince the government not to end the case." [*Swift v. United States*, 318 F.3d 250, 253 (D.C. Cir.

---

[1] "Nothing in the Federal Rules of Civil Procedure or the local rules of this Court directly regulates the filing and content of notices of supplemental authorities. Nevertheless, they are "commonly used in the federal court system" to alert courts to subsequent decisions relevant to a pending motion." *Legal Sea Foods, LLC v. Strathmore Ins.Co.*517 F.Supp.3d 32, 33 (D.Mass 2021)(citing *Sisk v. Abbott Labs*, 2012 WL1164559, at * 1 (W.D.N.C Apr. 9, 2012)).

[2] As explained in the Motion, the federal False Claims Act's dismissal provisions in 31 U.S.C. § 3730(c)(2)(A) are identical to those of the Massachusetts False Claims Act, at G.L. c. 12 § 5D(2).

2003)]. That purpose cannot be achieved if the relator is unaware of the government's reasons for dismissal and, thus, is unable to challenge them. Therefore, we conclude that the government must always provide its reasons for seeking dismissal when it so moves.

The question then becomes, what is the role of the court at a § 3730(c)(2)(A) hearing if the relator fails to convince the government to withdraw its motion? Congress's silence on this issue, and the absence of analogous contexts from which to draw guidance, lead us to conclude that the court's role is to apply commonly recognized principles for assessing government conduct – the well-established "background constraints on executive action." (citation omitted). That is, the district court at a § 3730(c)(2)(A) hearing should grant the government's motion to dismiss unless the relator, having failed to persuade the government to withdraw its motion, can show that the government's decision to seek dismissal of the qui tam action transgresses constitutional limitations or that, in moving to dismiss, the government is perpetrating a fraud on the court.

*Borzilleri,* at 19-20.

Accordingly, the Commonwealth notifies the Court of the opinion attached as Exhibit A because, for the first time, the First Circuit has articulated the standard of review applicable to the Commonwealth's Motion to Dismiss Count II.

                                      Respectfully submitted,

                                      MAURA HEALEY
                                      ATTORNEY GENERAL

                                      _____/s/_____

Dated: February 1, 2022                Jeffrey Walker, BBO # 673328
                                      Assistant Attorney General
                                      Office of Attorney General Maura Healey
                                      One Ashburton Place
                                      Boston, MA 02108
                                      (617) 727-2200
                                      jeffrey.walker@mass.gov

## CERTIFICATE OF SERVICE

   I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                 /s/
                 Jeff Walker
                 Assistant Attorney General