Lawrence N. Mirsky



April 22, 2013

Andrea J. Cabral
Executive Office of Public Safety& Security
One Ashburton Place, Room 2133
Boston, Massachusetts 02108

**RE: RICO complaint/Civil Rights Violation/corruption Quincy Police department**

Dear Ms. Cabral

See attached receipts. This is in relation to my earlier correspondence to your office. I hear by allege:

1) The Quincy police have been systematically, and corruptly violating the civil rights of firearms owners in order to profit from the illicit sale of their property.
2) When firearms are seized due to a license revocation, the owner is given one year to transfer their property into the hands of one who is permitted under law to possess it. If they do not do so within that time the police may dispose of said property.
3) The exception to this rule is that if the firearms are placed for storage in a bonded Federally licensed warehouse for storage and the property owner falls 90 days behind in storage fees. This of course would obligate the department or dealer to inform the property holder of the disposition of their property and what the storage charges are to retain ownership.
4) Officers of the Quincy police have stated that it is their departmental policy never to return firearms. This appears to be what they tell firearms owners in order to dissuade them from seeking the return of their property. When mine were seized their firearms officer even joked about more money for their slush fund. As you can see from the attached receipts the department realizes considerable revenue from such tactics. In my case alone $11,000 worth of property was sold.
5) The targeting of firearms owners became so severe in Quincy that the head of the Quincy Patrolman's Association Bruce Tate posted on a public blog that it was *"gun grabbing"* and a *"jihad on gun owners."* (I can supply screen prints)
6) Quincy's legal counsel willfully misreads the law to imply that the firearms once sent to the warehouse will be sold after 90 days, without any obligation to notify the property holder. The judge balked at that interpretation, yet Quincy refuses to read the law as written. You might notice they have written the statute at the top of the bill as though that justified their conduct. Janet Petkun has effectively stated such at a recorded court hearing, and that there are multiple people they

have done this to, and I have heard numerous complaints over the years about this. I'm pretty sure I can compose a list of victims. I can also supply the court recordings if you desire. The strategy seems to be that nobody will pay a lawyer $250 an hour to return say $3,000 worth of arms because the cost would soon eclipse their value.

7) My firearms were seized December 3, 2008. I received no notice that there would be storage fees, nor who to pay. My firearms were sold October 16, 2009 as per the attached bill. Through a public records request I have determined the Quincy police are able to show no evidence of trying to notify me of bills. I highly doubt they can show they have notified anyone else.

8) When my case was disposed of in November 2009 we requested the transfer of said arms and the Quincy police would not explain where they were, or what happened to them, just as they refused numerous attempts by attorneys to explain what happened, or to compensate me.

9) I assert that this is an regular and ongoing practice to profit by denying the civil rights of property owners.

I am requesting that you actively investigate this corruption complaint.

Regards,

Lawrence N. Mirsky

CC: FBI Boston Office
CC: United States Attorney Carmen Ortiz
CC: Massachusetts Attorney General Martha Coakley

"MGL ch 140 Section 129D. Upon revocation, suspension or denial of an application for a firearm identification card pursuant to the conditions of section one hundred and twenty-nine B, or of any firearms license if said firearms identification card is not then in force or of any machine gun license, the person whose application was so revoked, suspended or denied shall without delay deliver or surrender, to the licensing authority where he resides, all firearms, rifles, shotguns and machine guns and ammunition which he then possesses unless an appeal is pending. Such person, or his legal representative, shall have the right, **at any time up to one year after said delivery or surrender, to transfer such firearms,** rifles, shotguns and machine guns and ammunition to any licensed dealer or any other person legally permitted to purchase or take possession of such firearms, rifles, shotguns and machine guns and ammunition and upon notification in writing by the purchaser or transferee and the former owner, the licensing authority shall within ten days deliver such firearms, rifles, shotguns and machine guns and ammunition to the transferee or purchaser and due care shall be observed by the licensing authority in the receipt and holding of any such firearm, rifle, shotgun or machine gun and ammunition.

The licensing authority, after taking possession of any firearm, rifle, shotgun, machine gun or ammunition by any means, may transfer possession of such weapon for storage purposes to a federally and state licensed dealer of such weapons and ammunition who operates a bonded warehouse on the licensed premises that is equipped with a safe for the secure storage of firearms and a weapon box or similar container for the secure storage of other weapons and ammunition; provided, however, that the licensing authority shall not transfer to such dealer possession of any weapon that is or may be evidence in any current or pending criminal case concerning a violation of any general or special law, rule or regulation governing the use, possession or ownership of such weapon. Any such dealer that takes possession of a weapon under the provisions of this section shall: (i) inspect such weapon; (ii) issue to the owner a receipt indicating the make, model, caliber, serial number and condition of each weapon so received; and (iii) store and maintain all weapons so received in accordance with such regulations, rules or guidelines as the secretary of the executive office of public safety may establish under this section. The owner shall be liable to such dealer for reasonable storage charges and may dispose of any such weapon as provided under this section by transfer to a person lawfully permitted to purchase or take possession of such weapon.

Firearms, rifles, shotguns or machine guns and ammunition not disposed of after delivery or surrender according to the provisions of this section shall be sold at public auction by the colonel of the state police to the highest bidding person legally permitted to purchase and possess said firearms, rifles, shotguns or machine guns and ammunition and the proceeds shall be remitted to the state treasurer. Any such weapon that is stored and maintained by a licensed dealer as provided under this section may be so auctioned at the direction of: (i) the licensing authority at the expiration of one year following initial surrender or delivery to such licensing authority; or (ii) **the dealer then in possession, if the storage charges for such weapon have been in arrears for 90 days; provided, however, that in either case, title shall pass to the licensed dealer for the purpose of transferring ownership to the auctioneer**; and provided further, that in either case, after deduction and payment for storage charges and all necessary costs associated with such surrender and transfer, all surplus proceeds, if any, shall be immediately returned to the owner of such weapon.

The secretary of the executive office of public safety may make and promulgate such rules and regulations as are necessary to carry out the provisions of this section."

Turned over to Village Vault
Federal Firearms Dealer
MGL 140 S129D

**VILLAGE VAULT**
7 Belmont Street
NORTHBOROUGH, MASSACHUSETTS 01532
(508) 898-9100

| CUSTOMER'S ORDER NO. | PHONE | DATE |
|---|---|---|
| | | OCT. 16, 09 |

NAME: QUINCY P.D.
ADDRESS: ONE SEA STREET
QUINCY MA 02169

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT | MDSE. RETD. | PAID OUT |
|---|---|---|---|---|---|---|

| QTY. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| | CASE # 07015538 | | |
| | SIG P232 SL  525075 ✓ ① | | |
| IMPORT MARKED | RUGER 242 (REBLUE) 827GM ② | | |
| | MAKAROV BGL LT301533 ③ | | |
| | WALTHER P1 353722 ④ | | |
| | RADOM P-35 884122 ⑤ | | |
| | WALTHER FLAIR GUN 217971 ⑥ | | |
| | CREDIT $1050 ᵃ | | |
| | 3650 | | |
| | $4700 ᵒᵒ | | |
| | TOTAL CREDIT  NOV 3, 09 | | |
| | | TAX | |
| RECEIVED BY | | TOTAL | |

Herschel Guns → ("Bosch")

1628  VALUE BASED ON CONDITION      Thank You

**VILLAGE VAULT**
7 Belmont Street
NORTHBOROUGH, MASSACHUSETTS 01532
(508) 898-9100

| CUSTOMER'S ORDER NO. | PHONE 617-745-5777 | DATE 10/16/09 |
|---|---|---|

NAME: QUINCY PD
ADDRESS: ONE SEA STREET
QUINCY MA 02169

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RETD | PAID OUT |
|---|---|---|---|---|---|---|

| QTY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| ✓ 71551/10 | S+W 22A | UAY86510 | |
| ✓ 309 37/?  71551/? | RUGER MK 7059728 11557?  Machine? | 3545882 | |
| ✓ | S+W 637  7087725 | CEH 7893 | |
| X | HIGGINS 29  7029955 / 8026908 | USN | |
| ✓ 0086 7/2 | FEG SKS  803/6300 | SM26961 | |
| ✓→ 70452/1 | MAUSER 44 | 623056 ⊙ | |
| ✓ X | HIGH STD SPORTKING 7838675 | NSN | |

( CREDIT $5,150 oo )

| | | TAX | |
| RECEIVED BY | | TOTAL | |

1375   VALUE BASED ON CONDITION      Thank You



**The Commonwealth of Massachusetts**
**Department of State Police**

*Office of the Chief Legal Counsel*
*470 Worcester Road*
*Framingham, Massachusetts 01702*

DEVAL L. PATRICK
GOVERNOR

TIMOTHY P. MURRAY
LIEUTENANT GOVERNOR

MARY ELIZABETH HEFFERNAN
SECRETARY

COLONEL MARIAN J. McGOVERN
SUPERINTENDENT

December 24, 2010

Mr. Lawrence N. Mirsky
101 Old Stone Way, #306
East Weymouth, MA 02189

RE:  Mirsky v. Barkas v. City of Quincy
     Norfolk Superior Crt C.A. No.: 2010-00624

Dear Mr. Mirsky:

The Department of State Police ("Department") has received your subpoena issued in the above entitled action seeking " (I) any record or records that would show the number of firearms submitted to the Massachusetts State Police by the Quincy Police Department . since 2001 in accordance with [G.L. c. 140, §129D] ... [and] (II) any records in the possession or control of the Massachusetts State Police that would show that same said Quincy Police Department delivered unto the Massachusetts State Police the following firearms at any time since December 2008: 23056, 8276, 353722, b8422, s225079, kt201533."

Please be advised that the Department has conducted a diligent search for records responsive to the subpoena. Based upon the information provided, the Department was unable to locate or otherwise identify any records responsive to the subpoena. Should you have any information which would assist the Department in researching your request, please submit that information in writing to this office for further review.

I also want to confirm your recent conversation with Ms. Pamela Rautenberg that given this response your scheduled deposition will not being going forward.