# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS *ex rel.* MYKEL POWELL, *et al.*,<br><br>              Plaintiffs,<br><br>      -against-<br><br>BRIAN HOLMES, *et al.*,<br><br>              Defendants. | CIVIL ACTION NO.<br>1:18-cv-11336-FDS<br><br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW** |

The decision in *Commonwealth ex rel. Nordberg v. Forbes*, No. 2185CV00846-A (Mass. Sup. Ct. Feb. 17, 2022), which the Attorney General first identified at the hearing held on March 2, 2022, is not available in Westlaw or Lexis, and further, the undersigned counsel could not locate it using a Google search. Counsel for the Attorney General provided a copy of this decision (attached hereto as Exhibit 1) after the hearing took place.

A preliminary matter, since there are now two state court decisions before the Court, is the relative role of these decisions in the Court's state law analysis. It is well settled that "[w]hen, as here, there is no on-point precedent from [a] state's highest court, 'a federal court sitting in diversity should . . . endeavor to predict how that court would likely decide the question.'" *Wilmington Sav. Fund Soc'y v. Collart*, 980 F.3d 210, 215 (1st Cir. 2020) (quoting *Butler v. Balolia*, 736 F.3d 609, 613 (1st Cir. 2013)). This principle applies whenever "the underlying substantive rule involved is based on state law," even if the Court is not sitting in diversity. *See Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967).

In construing Massachusetts law, the Court can consider "analogous decisions from the Massachusetts Supreme Judicial Court, Massachusetts's other courts, and precedents in other

jurisdictions," as well as secondary sources such as the Restatements of the Law. *See Wilmington*, 980 F.3d at 613 & n.3 (citations omitted).[1] The Court should give "proper regard" to a decision from an intermediate state appellate court, and while such a decision is not binding, it "'is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *See Bosch*, 387 U.S. at 465 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)). Indeed, the First Circuit has squarely ruled that "we are bound by intermediate appellate state court decisions construing state law unless we are convinced that the highest court of the state would decide otherwise." *Blevio v. Aetna Cas. & Sur. Co.*, 39 F.3d 1, 3 (1st Cir. 1994) (citations omitted). On the other hand, the Court "d[oes] not have to follow the decision of" a state trial court that is not binding on other courts in the state. *See King v. Order of Comm'l Travelers of Am.*, 333 U.S. 153, 162 (1948); *O'Connor v. Oakhurst Dairy*, 851 F.3d 69, 72 (1st Cir. 2017) (citations omitted); *Fierro v. Reno*, 217 F.3d 1, 5 (1st Cir. 2000) (citation omitted). Still, in the absence of other authority a state trial court decision may still be a good indicator of how a state's high court will resolve an issue. *See E. Mtn. Platform Tennis, Inc. v. Sherwin-Williams Co.*, 40 F.3d 492, 499 (1st Cir. 1994) (citations omitted).

Turning now to the decision, the primary ground the Worcester Superior Court relied upon was that the state agencies named as defendants "are not 'persons' as defined under the statute." *Nordberg*, slip op. at 2 (citing *United States ex rel. Willette v. Univ. of Mass., Worcester*, 80 F. Supp. 2d 296, 299 (D. Mass. 2015), *aff'd* 812 F.3d 35 (1st Cir. 2016)). A secondary ground—which, per the trial court's docket (Exhibit 2), appears to have been raised by means of a notice of supplemental authority—was that "the Commonwealth of Massachusetts at

---

[1] The Court can also certify a question to the Supreme Judicial Court. *See* Supreme Judicial Court Rule 1:03; *see also In re Engage*, 544 F.3d 50, 52-53 (1st Cir. 2008) ("no controlling precedent and where the questions may be determinative").

this time has the legal right to dismissal[.]" *Id.* at 2. Observing that "the standard to be applied to this type of circumstance is not entirely clear," the court then cited *Borzilleri v. Bayer Healthcare Pharms., Inc.*, 24 F.4th 32 (1st Cir. 2022), as "persuasive authority, and the court adopts the standard therein." *Id.* at 3.

Two significant details should be noted. The first is that the court did not address the Appeals Court's decision in *Chawla v. Gonzalez*, No. 15-P-483, 2016 WL 4426379 (Mass. App. Ct. Aug. 22, 2016)—which, per the foregoing discussion, should be the starting point of this Court's analysis. (This may have been because the argument was raised by means of a notice of supplemental authority.) The second significant detail is that in *Nordberg*, the Attorney General did not wait over three years before moving to dismiss. Rather, the Attorney General made this motion on November 29, 2021, which was one week after entry of the order unsealing the case.

Dated:  March 4, 2022

Respectfully submitted,

THE PLAINTIFFS,
By their attorneys,


 /s/ David D. Jensen
David D. Jensen
David Jensen PLLC
33 Henry Street
Beacon, New York 12508
Tel:  212.380.6615
Fax:  917.591.1318
david@djensenpllc.com

Margarita Smirnova, Esq.
BBO No. 680429
7 Greenbriar Drive, Unit 109
North Reading, Massachusetts 01864
Telephone: (617) 875-8663
margarita.smirnova@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on Mar. 4, 2022.

/s/ David D. Jensen
David D. Jensen

# COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, ss.**

**SUPERIOR COURT
CIVIL ACTION
No. 2185CV00846-A**

## COMMONWEALTH OF MASSACHUSETTS
### Plaintiff

### *Ex. Rel.* PAUL C. NORDBERG
#### Plaintiff-Realtor

#### v.

### PETER FORBES, as Commissioner of the
### Department of Youth Services, et al.
#### Defendant

## MEMORANDUM OF DECISION ON COMMONWEALTH'S MOTION TO DISMISS

The plaintiff realtor, Paul Nordberg has brought the present action pro se under the Massachusetts False Claims Act, G. L. c. 12, §§ 5A-5O (MFCA). The named defendants are state agencies of the Commonwealth and individuals who head those state agencies in their official capacities.[1] The general factual subject matter raised by the plaintiff realtor relates to line items in a number of state budgets for salaries to teachers at the Department of Youth Services. The plaintiff realtor has presented factual allegations suggesting that some 25 + million dollars that was allocated for enhanced salaries has not, according to the plaintiff realtor, been accounted for by either documenting that the enhanced salaried were paid to teachers and/or that the monies were returned to the general fund. The Commonwealth of Massachusetts has brought the present

---

[1] Peter Forbes is named as Commissioner of the Department of Youth Services, Bill McNamara as Comptroller of the Commonwealth, and Michael Heffernan as the Secretary of the Executive Office of Administration and Finance.

Exhibit 1

motion to dismiss asserting several legal positions, including a position that the pro se realtor may not represent the Commonwealth in the factual circumstances of this case, the complaint was filed against an improper defendant, and the complaint does not contain sufficient factual and legal specificity to survive the standard applicable to review of pleadings under Rule 12. The involved parties submitted written submissions and this matter was the subject of a court hearing on February 10, 2022.

Based on the written submissions as well as the oral argument presented, the Commonwealth of Massachusetts's motion to dismiss **ALLOWED**.

## DISCUSSION

The plaintiff realtor, Paul Nordberg, has brought the present action on behalf of the Commonwealth of Massachusetts, *qui tam*, pursuant to the Massachusetts False Claims Act. Essentially, for the reasons advanced by the Commonwealth in their memorandum supporting their motion to dismiss, the Commonwealth's motion is allowed. First, the plaintiff realtor in this matter has sued the Commonwealth through its state agencies. State agencies are not appropriate defendants in a *qui tam* suit, as they are not "persons" as defined under the statute. *United States ex rel. Willette* v. *University of Massachusetts, Worcester*, 80 F. Supp 3d 296, 299 (D. Mass. 2015), *aff'd*, 812 F. 3d 35 (1st Cir. 2016). (MFCA suits are not authorized against a state or state agency.) In addition, the present matter has been properly filed by the plaintiff realtor providing notice to the Commonwealth. The Commonwealth has reviewed the matter and determined that the Commonwealth will not proceed forward and has determined that it is not appropriate for this matter to be pursued by the pro se plaintiff as currently pled and constituted. In addition, based on the plaintiff realtor's court filings, as well as the information obtained at the court hearing, the Commonwealth of Massachusetts at this time has the legal right to dismissal of the present

2

Exhibit 1

complaint. While the standard to be applied to this type of circumstance is not entirely clear, the court does take note of the recent authority cited by the Commonwealth in its Notice of Supplemental Authority. The legal analysis and standard as set forth in the January 21, 2022 First Circuit Court of Appeals case entitled *Borzilleri* v. *Bayer Healthcare Pharms., Inc.* No. 20-1066, 2022 WL 190264 (1st Cir. Jan. 21, 2022) is persuasive authority, and the court adopts the standard contained therein.

## CONCLUSION

Based on the above court findings, discussion and analysis, the Commonwealth of Massachusetts's motion to dismiss **ALLOWED**, and the plaintiff realtor's *qui tam* complaint is herewith dismissed.

February 17, 2022

_____
Daniel M. Wrenn
Justice of the Superior Court

3

Entered and Copies Mailed _____

Exhibit 1

# 2185CV00846 Paul C. Nordberg as Relator vs. Peter Forbes Commissioner of The Department of Youth Services et al

- Case Type:
- Actions Involving the State/Municipality
- Case Status:
- Open
- File Date
- 08/03/2021
- DCM Track:
- A - Average
- Initiating Action:
- Equity Action involving the Commonwealth, Municipality, MBTA, etc.
- Status Date:
- 08/03/2021
- Case Judge:
- 
- Next Event:
- 



All Information    Party    Event    Tickler    Docket    Disposition

## Party Information

**Paul C. Nordberg as Relator**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | • Attorney |
| | • Pro Se |
| | • Bar Code |
| | • PROPER |
| | • Address |
| | • Phone Number |
| | • |

**More Party Information**

**Forbes, Peter**
- Defendant

| Alias | Party Attorney |
|---|---|
| | • Attorney |
| | • Douglass, Esq., Matthew Collin |
| | • Bar Code |
| | • 697564 |
| | • Address |
| | • Office of the Attorney General |
| | • One Ashburton Place |
| | • Boston, MA  02108 |
| | • Phone Number |
| | • (617)963-2422 |

**More Party Information**

**Bill McNamara as Comptroller of the Commonwealth**
- Defendant

| Alias | Party Attorney |
|---|---|
| | • Attorney |
| | • Douglass, Esq., Matthew Collin |
| | • Bar Code |
| | • 697564 |
| | • Address |
| | • Office of the Attorney General |
| | • One Ashburton Place |
| | • Boston, MA  02108 |
| | • Phone Number |

Exhibit 2

(617)963-2422

More Party Information

**Michael J. Heffernan as Secretary of the Executive Office of Administration and Finance - Defendant**

| Alias | Party Attorney |
|-------|----------------|
| | Attorney |
| | • Douglass, Esq., Matthew Collin |
| | Bar Code |
| | • 697564 |
| | Address |
| | • Office of the Attorney General |
| | One Ashburton Place |
| | Boston, MA  02108 |
| | Phone Number |
| | • (617)963-2422 |

More Party Information

## Events

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 02/10/2022 02:00 PM | Civil A | WOR-4th FL, CR 20 (SC) | Rule 12 Hearing | Wrenn, Hon. Daniel M | Held - Under advisement |

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Service | 08/03/2021 | 11/01/2021 | 90 | 02/18/2022 |
| Answer | 08/03/2021 | 12/01/2021 | 120 | 02/18/2022 |
| Rule 12/19/20 Served By | 08/03/2021 | 12/01/2021 | 120 | 02/18/2022 |
| Rule 12/19/20 Filed By | 08/03/2021 | 12/31/2021 | 150 | 02/18/2022 |
| Rule 12/19/20 Heard By | 08/03/2021 | 01/31/2022 | 181 | 02/18/2022 |
| Rule 15 Served By | 08/03/2021 | 09/27/2022 | 420 | 02/18/2022 |
| Rule 15 Filed By | 08/03/2021 | 10/27/2022 | 450 | 02/18/2022 |
| Rule 15 Heard By | 08/03/2021 | 10/27/2022 | 450 | 02/18/2022 |
| Discovery | 08/03/2021 | 07/24/2023 | 720 | 02/18/2022 |
| Rule 56 Served By | 08/03/2021 | 08/23/2023 | 750 | 02/18/2022 |
| Rule 56 Filed By | 08/03/2021 | 09/22/2023 | 780 | 02/18/2022 |
| Final Pre-Trial Conference | 08/03/2021 | 01/22/2024 | 902 | 02/18/2022 |
| Judgment | 08/03/2021 | 08/02/2024 | 1095 | 02/18/2022 |
| Status Review | 08/03/2021 | 12/01/2021 | 120 | 01/25/2022 |
| Under Advisement | 02/10/2022 | 03/12/2022 | 30 | 02/18/2022 |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 08/03/2021 | Attorney appearance<br>On this date Pro Se added for Plaintiff Paul C Norberg | | |
| 08/03/2021 | Case assigned to:<br>DCM Track A - Average was added on 08/03/2021 | | |

Exhibit 2

| Date | Description | No. | Image |
|---|---|---|---|
| 08/03/2021 | Original civil complaint filed pursuant to the Massachusetts False Claims Act MGL ch. 12 5-30 | | Image |
| 08/03/2021 | Civil action cover sheet filed. | 2 | Image |
| 08/03/2021 | Demand for jury trial entered. | | |
| 08/03/2021 | Plaintiff Paul C. Nordberg as Relator's Motion to file complaint under seal . | 3 | Image |
| 08/03/2021 | Endorsement on Motion to File Complaint Under Seal (#3.0): ALLOWED Pursuant to Chapter 12 Section 5C(3). The material shall be sealed for 120 days. Notices mailed 8/3/21 <br><br> Judge: Wrenn, Hon. Daniel M | | Image |
| 08/11/2021 | General correspondence regarding Return of Service for Attorney General; Service made via Certified Mail postmarked 08/05/2021 | 4 | Image |
| 11/08/2021 | Plaintiff, Defendants Paul C. Nordberg as Relator, Peter Forbes Commissioner of The Department of Youth Services, Bill McNamara as Comptroller of the Commonwealth, Michael J. Heffernan as Secretary of the Executive Office of Administration and Finance's Assented to Application for Lift of Seal to Be Filed Under Seal, Pursuant to G.L. c. 12, 5C(3) | 5 | Image |
| 11/08/2021 | Plaintiff, Defendants Paul C. Nordberg as Relator, Peter Forbes Commissioner of The Department of Youth Services, Bill McNamara as Comptroller of the Commonwealth, Michael J. Heffernan as Secretary of the Executive Office of Administration and Finance's Memorandum in Support of the Commonwealth's Assented-To Application for Lift of Seal-To Be Filed Under Seal, Pursuant to G.L. c. 12, 5C(3) | 5.1 | Image |
| 11/15/2021 | General correspondence regarding Commonwealth's Notice of Service of Motion to Dismiss | 6 | Image |
| 11/16/2021 | Endorsement on Application for lift of seal to be filed under seal (#5.0): ALLOWED e documents sent 11/22/2021. <br><br> Judge: Kenton-Walker, Hon. Janet | | Image |
| 11/22/2021 | Attorney appearance <br> On this date Cassandra H Arriaza, Esq. added for Defendant Peter Forbes Commissioner of The Department of Youth Services | | |
| 11/22/2021 | Attorney appearance <br> On this date Cassandra H Arriaza, Esq. added for Defendant Bill McNamara as Comptroller of the Commonwealth | | |
| 11/22/2021 | Attorney appearance <br> On this date Cassandra H Arriaza, Esq. added for Defendant Michael J. Heffernan as Secretary of the Executive Office of Administration and Finance | | |
| 11/22/2021 | ORDER: That the Seal in the above-captioned action shall be lifted in full; IT IS FURTHER ORDERED that the Commonwealth of Massachusetts may share this order with realtor. | 7 | Image |
| 11/29/2021 | Rule 9A notice of filing <br><br> and list of documents <br><br> Applies To: Peter Forbes Commissioner of The Department of Youth Services (Defendant); Bill McNamara as Comptroller of the Commonwealth (Defendant); Michael J. Heffernan as Secretary of the Executive Office of Administration and Finance (Defendant) | 8.4 | |
| 12/08/2021 | The following form was generated: <br><br> Notice to Appear <br> Sent On: 12/08/2021 14:21:24 <br> Notice Sent To: Cassandra H Arriaza, Esq. Office of the Attorney General 10 Mechanic St Suite 301, Worcester, MA 01608 <br> Notice Sent To: Paul C. Nordberg as Relator 3 Overhill Drive, Auburn, MA 01501 | | |
| 01/04/2022 | General correspondence regarding Plaintiff's Notice of Newly Discovered Facts | 9 | Image |
| 01/04/2022 | Certificate of service of attorney or Pro Se: <br><br> Pro SePaul C. Nordberg as Relator | 9.1 | Image |
| 01/14/2022 | Attorney appearance <br> On this date Cassandra H Arriaza, Esq. dismissed/withdrawn for Defendant Peter Forbes Commissioner of The Department of Youth Services | | |
| 01/14/2022 | Attorney appearance <br> On this date Matthew Collin Douglass, Esq. added for Defendant Peter Forbes Commissioner of The Department of Youth Services | | |

Exhibit 2

| 01/14/2022 | Attorney appearance<br>On this date Cassandra H Arriaza, Esq. dismissed/withdrawn for Defendant Bill McNamara as Comptroller of the Commonwealth | | |
| 01/14/2022 | Attorney appearance<br>On this date Matthew Collin Douglass, Esq. added for Defendant Bill McNamara as Comptroller of the Commonwealth | | |
| 01/14/2022 | Attorney appearance<br>On this date Cassandra H Arriaza, Esq. dismissed/withdrawn for Defendant Michael J. Heffernan as Secretary of the Executive Office of Administration and Finance | | |
| 01/14/2022 | Attorney appearance<br>On this date Matthew Collin Douglass, Esq. added for Defendant Michael J. Heffernan as Secretary of the Executive Office of Administration and Finance | | |
| 02/03/2022 | Plaintiff Paul C. Nordberg as Relator's Response to<br>The Arguments Contained in the Defendants' Notice of Supplemental Authority Dated February 1, 2021 | 10 | Image |
| 02/03/2022 | Certificate of service of attorney or Pro Se:<br><br>Pro SePaul C. Nordberg as Relator | 10.1 | Image |
| 02/09/2022 | Defendants Peter Forbes Commissioner of The Department of Youth Services, Bill McNamara as Comptroller of the Commonwealth, Michael J. Heffernan as Secretary of the Executive Office of Administration and Finance's Notice of<br>Supplemental Authority | 11 | Image |
| 02/10/2022 | Matter taken under advisement:  Rule 12 Hearing scheduled on:<br>    02/10/2022 02:00 PM<br>Has been: Held - Under advisement<br>Comments: FTR - 2:57 PM<br>Hon. Daniel M Wrenn, Presiding<br>Staff:<br>    Cheryl Riddle, Assistant Clerk Magistrate | | |
| 02/17/2022 | Endorsement on Motion to Dismiss (#8.0): ALLOWED<br>See memorandum of Decision on Commonwealth's Motion to dismiss.<br><br>e-documents sent 02/22/2022.<br><br>Judge: Wrenn, Hon. Daniel M | | Image |
| 02/22/2022 | ORDER: /MEMORANDUM OF DECISION ON COMMONWEALTH'S MOTION TO DISMISS<br>The Commonwealth of Massachusetts' motion to dismiss ALLOWED, and the plaintiff realtor's qui tam complaint is herewith dismissed.<br><br>(see memo of decision)<br><br>Entered and Copies mailed 02/22/2022. | 12 | Image |
| 02/22/2022 | Finding by the Court.<br>It is ORDERED and ADJUDGED::<br>After hearing, the Commonwealth's Motion to Dismiss is ALLOWED and the plaintiff's complaint be and hereby is dismissed.<br><br>Entered and Copies mailed 02/22/2022 | 13 | |

## Case Disposition

| Disposition | Date | Case Judge |
| --- | --- | --- |
| Disposed by Court Finding | 02/18/2022 | |

Exhibit 2