**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MYKEL POWELL, *et al.*, <br><br> Plaintiffs, <br><br> -against- <br><br> BRIAN HOLMES, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 1:18-cv-11336-FDS <br> ) <br> ) <br> ) **JOINT STATUS REPORT** <br> ) <br> ) <br> ) <br> ) |

As requested at the hearing held on July 21, 2022, the parties submit this joint status report, which addresses the issues of settlement and pretrial scheduling.

With regard to settlement, on July 20, 2022 the Plaintiffs conveyed a settlement demand to the Stoughton Defendants (Brian Holmes and James O'Connor). On August 2, 2022, the Plaintiffs  submitted a settlement demand to Defendant Peter Dowd. The Defendants have conveyed the settlement offers to their respective clients, and expect to have a response in the next week.

As to the pretrial schedule, the Defendants seek to take the deposition of Plaintiff Mykel Powell and intend to file motions for summary judgment.

The Plaintiffs have requested that the Defendants stipulate that some of the guns involved in the various transfers from police departments to Village Vault were "one year guns." *See* Third Amended Complaint (Doc. No. 78) ¶¶ 50-112, 143-69 (identifying predicate acts); *see also* M.G.L. c. 140, § 129D. Defendants have requested a proposed stipulation to review, and the Plaintiffs are drafting one and expect to have shared it with the Defendants in advance of the August 8 status hearing. In the absence of such a stipulation, the Plaintiffs will seek to take

-2-

depositions of at least some police officials in order to establish this fact. These depositions would come from the Stoughton Defendants and from officials representing two or three other police departments.

The court requested that the parties propose a schedule for depositions and summary judgment. The parties propose the following schedule:

| | |
|---|---|
| October 8, 2022 | Fact Discovery completed |
| November 8, 2022 | Dispositive motions, such as motions for summary judgment or partial summary judgment must be filed |
| December 7, 2022 | Oppositions to dispositive motions must be filed |

Respectfully submitted,

THE PLAINTIFFS,
By their attorneys,

/s/ Margarita Smirnova
Margarita Smirnova, BBO # 680429
7 Greenbriar Drive, Unit 109
North Reading, MA 01864
617.875.8663
margarita.smirnova@gmail.com

/s/ David Jensen
David Jensen PLLC
33 Henry Street
Beacon, New York 10038
212.380.6615
david@djensenpllc.com

DEFENDANTS HOLMES and O'CONNOR,
By their attorneys,

/s/ Erica L. Brody
Erica L. Brody, BBO # 681572
Thomas R. Donohue, BBO # 643483
Brody, Hardoon, Perkins & Kesten, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
617.880.7100
ebrody@bhpklaw.com

DEFENDANTS VILLAGE GUN
SHOP, INC. d/b/a VILLAGE
VAULT and PETER DOWD,
By their attorney,

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini, BBO # 654690
Reardon, Joyce & Akerson, P.C
4 Lancaster Terrace
Worcester, MA 01609
508.754.7285
agambaccini@rja-law.com

Dated: August 4, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on Aug. 4, 2022.

/s/ David D. Jensen
David D. Jensen